**EXHIBIT INDEX**

**Exhibit 1 – Law Enforcement Confirmation of ATM Deposit**

**Exhibit 2 – Spectrum Mobile Call Logs (11/26/2025)**

**Exhibit 3 – Plaintiff's Declaration re Fraud Department Call (11/26/2025)**

**Exhibit 4 – Plaintiff's Declaration re Website-Scheduled Branch Appointment (11/28/2025)**

**Exhibit 5 – Wells Fargo Business Card With Handwritten Number**

**Exhibit 6 – Plaintiff's Declaration re In-Branch Statements (11/28/2025)**

**Exhibit 7 – Plaintiff's Declaration re Branch-to-Branch Call (11/28/2025)**

**Exhibit 8 – Wells Fargo Claim History and Delayed Regulation E Claim Opening**

**Exhibit 9 – Wells Fargo Determination Letters (No Evidence Provided)**

**Exhibit 10 – Missing ATM Records and Chain-of-Custody Failures**

**Exhibit 11 – Wells Fargo Denials and Failure to Issue Required Written Determinations**

**Exhibit 12 – CFPB Complaint Pattern and Contradictory Wells Fargo Responses**

**Exhibit 13 – Initial Sheriff's Report and FBI IC3 Complaint**

**Exhibit 14 – Account Access Blockages and Failure to Provide Tax-Required Records**

**Exhibit 15 – Unauthorized Disclosure of Mortgage Data**

**Exhibit 16 – Teller-Level Failures and Breach of Fraud-Prevention Protocols**

**Exhibit 17 – Ledger Manipulation and Transaction Description Changes**

**Exhibit 18 – ATM Video Confirmation and Failure to Provide ATM Accounting Records**

**Exhibit 19 – Consolidated Summary of Wells Fargo's Internal Contradictions**

**Exhibit 20 – Regulation E Violations and Failure to Provide Written Determinations**

**Exhibit 21 – Fraud Claim Backdating and Timeline Manipulation**

**Exhibit 22 – Damages Summary**

**Exhibit 23 – Retaliation, Intimidation, and Complaint-Suppression Attempts**

**Exhibit 24 – Search Warrant Denial, Noncompliance, and Contradictions**

**Exhibit 25 – Full Chronological Timeline**

EXHIBIT 1

LAW ENFORCEMENT CONFIRMATION OF ATM DEPOSIT

Description:

Email from Detective Michael Young, Laramie County Sheriff's Office, confirming Plaintiff is visible on ATM surveillance video making the 17,800 cash deposit on November 26, 2025, and confirming Wells Fargo has not provided chain of custody documentation or required ATM records.

Relevance:

This exhibit provides independent law enforcement verification that the deposit occurred and that Plaintiff is visible on ATM video making the deposit. It also confirms Wells Fargo failed to provide chain of custody documentation in response to a judge signed search warrant. This contradicts Wells Fargo's statements that it could not find the deposit and supports Plaintiff's claims under the Electronic Fund Transfer Act and Regulation E.

Summary of Evidence:

Detective Young confirms:

- The ATM surveillance video shows Plaintiff pulling up to the ATM and placing items into the machine.

- The video confirms the deposit occurred.

- Wells Fargo has not provided chain of custody documentation showing what happened to the funds.

- Wells Fargo requested an extension to respond to the search warrant.

- The detective is waiting for Wells Fargo's records to complete his report.

- The detective will notify Plaintiff when the report is finalized.

 **Outlook**

## Re: Clarification Needed for Report

From Michael Young <Michael.Young@laramiecountywy.gov>

Date Thu 3/26/2026 1:48 PM

To    Jiselle Cash <jiselle.cash@csuglobal.edu>

Hi Jiselle,

- The ATM video confirms I made the deposit.
The surveillance video shows you pulling up and putting items into the ATM. It also showed you were talking to someone, but there was no audio.

- Wells Fargo has not provided any chain of custody showing what happened to the funds after that.
I didn't get this information initially. I received a letter asking for an extension while they get me their account information, as per my request on the search warrant. I am waiting for that information before I write my report.

I can let you know once I get my report done and submitted. It will take a couple of weeks for the report to be merged into the system.  I will try to keep an eye on the progress and let you know when you can put in a records request.

**Michael Young, Detective**
Laramie County Sheriff's Office
Criminal Investigations Division
1910 Pioneer Ave.
Cheyenne, WY 82001
Office: 307-633-4737
Work Cell: 307-640-9012
Email: Michael.Young@laramiecountywy.gov

**From:** Jiselle Cash <jiselle.cash@csuglobal.edu>
**Sent:** Thursday, March 26, 2026 1:02 PM
**To:** Michael Young <Michael.Young@laramiecountywy.gov>
**Subject:** Clarification Needed for Report

Attention: This email message is from an external(non-County) email address. Please exercise caution and/or verify authenticity before opening the email/attachments/links from an email you aren't expecting.

Detective Young,

Thank you again for reviewing everything. I just need one clarification reflected in your report:

- The ATM video confirms I made the deposit.

- Wells Fargo has not provided any chain of custody showing what happened to the funds after that.

For context, regulatory law places responsibility on the bank once a deposit is verified and they cannot show chain of custody, and under those rules reimbursement is expected in that situation. I'm not asking you to state liability — only to document the facts you've already identified so the regulatory process can apply the law correctly.

Also, when the report is completed, please let me know when I can pick it up so I can use it in the reimbursement process per regulatory requirements.

Thank you,
Jiselle

Sent from my iPhone

EXHIBIT 2

SPECTRUM MOBILE CALL LOGS NOVEMBER 26, 2025

Description:

Call history records from Plaintiff's Spectrum Mobile account showing all calls made to Wells Fargo on November 26, 2025, including the initial fraud report at approximately 5:10 PM and the later call providing the sheriff's case number.

Relevance:

These logs independently verify that Plaintiff contacted Wells Fargo immediately after realizing she had been coached by a scammer. They show Wells Fargo had actual notice of fraud, law enforcement involvement, and the deposit issue on the same night. Despite this, Wells Fargo failed to open a Regulation E claim, failed to secure the deposit, and failed to initiate any investigation.

Summary of Evidence:

- Outgoing call to Wells Fargo at approximately 5:10 PM.

- Additional calls later that evening, including the call where Plaintiff provided the sheriff's case number.

- No delay between the deposit and Plaintiff's fraud report.

- Plaintiff acted promptly and responsibly.

Case 1:26-cv-00146-SWS    Document 1-1    Filed 05/06/26    Page 6 of 133



**NOVEMBER 26**

↙ **(800) 340-0570**
3:34 PM                                    93 min

↙ **(800) 956-4442**
3:52 PM                                    1 min

↙ **(800) 956-4442**
3:53 PM                                    1 min

↙ **(800) 956-4442**
3:55 PM                                    1 min

↗ **(800) 956-4442**
5:10 PM                                    8 min

↗ **(866) 867-5568**
5:17 PM                                    2 min

↗ **(800) 869-3557**
5:21 PM                                    4 min

↗ **(800) 869-3557**
5:25 PM                                    61 min

9:58

Usage Details

| | | |
|---|---|---|
| ↗ | **(307) 637-6500**<br>CHEYE... WY, 6:27 PM | 2 min |
| ↗ | **(307) 637-6500**<br>CHEYE... WY, 6:28 PM | 9 min |
| ↗ | **(800) 275-2273**<br>6:37 PM | 4 min |
| ↗ | **(800) 340-0570**<br>6:43 PM | 2 min |
| ↗ | **(800) 869-3557**<br>6:45 PM | 93 min |
| ↙ | **(307) 630-5222**<br>CHEYENNE,WY, 7:04 PM | 1 min |
| ↗ | **(307) 637-6500**<br>CHEYE... WY, 8:18 PM | 4 min |
| ↗ | **(800) 340-0570**<br>9:25 PM | 1 min |

**NOVEMBER 27**

Home   Billing   Services   Upgrade   Support   More

spectrum.net

9:58

Usage Details

| | | |
|---|---|---|
| ↗ | **(800) 869-3557**<br>5:25 PM | 61 min |
| ↗ | **(800) 340-0570**<br>5:42 PM | 1 min |
| ↗ | **(307) 637-6500**<br>CHEYE... WY, 6:27 PM | 2 min |
| ↗ | **(307) 637-6500**<br>CHEYE... WY, 6:28 PM | 9 min |
| ↗ | **(800) 275-2273**<br>6:37 PM | 4 min |
| ↗ | **(800) 340-0570**<br>6:43 PM | 2 min |
| ↗ | **(800) 869-3557**<br>6:45 PM | 93 min |
| ↙ | **(307) 630-5222**<br>CHEYENNE,WY, 7:04 PM | 1 min |
| ↗ | **(307) 637-6500**<br>CHEYE... WY, ?:?? PM | 4 min |

Home    **Billing**    Services    Upgrade    Support    More

spectrum.net

EXHIBIT 3

PLAINTIFF DECLARATION FRAUD DEPARTMENT CALL NOVEMBER 26 2025

Description:

A sworn declaration summarizing Plaintiff's call with Wells Fargo's Fraud Department immediately after making the ATM deposit.

Relevance:

This exhibit documents Wells Fargo's statements acknowledging the deposit existed, recognizing the fraud typology, and admitting it could not locate the deposit. It also shows Wells Fargo failed to open a Regulation E claim, failed to secure the deposit, and failed to initiate an investigation.

Summary of Evidence:

- Wells Fargo stated it could not find the deposit.

- Wells Fargo acknowledged the fraud typology and stated it sounds like you were spoofed.

- Wells Fargo told Plaintiff at least you put the cash into the ATM.

- Wells Fargo instructed Plaintiff to go to a closed branch.

- No Regulation E claim was opened.

- No investigation was initiated.

Declaration:

Declaration of Jiselle McKee is included with this exhibit.

**PLAINTIFF DECLARATION REGARDING FRAUD DEPARTMENT CALL NOVEMBER 26 2025**

**Declaration of Jiselle McKee**

I, Jiselle McKee, declare as follows:

1. On November 26, 2025, immediately after depositing cash into a Wells Fargo ATM, I contacted Wells Fargo's fraud department to report that I had been coached by a scammer and feared fraud.

2. During this call, the Wells Fargo fraud representative acknowledged that I had made a cash deposit and stated words to the effect of "at least you put the cash into the ATM."

3. The representative stated that Wells Fargo could not find the deposit.

4. The representative acknowledged that the situation sounded like I had been spoofed or coached by a scammer.

5. Despite this acknowledgment, Wells Fargo did not open a Regulation E fraud claim during this call.

6. Wells Fargo did not secure the deposit or initiate any investigation at that time.

7. I was instructed to go to a Wells Fargo branch, even though the branches were closed due to the holiday schedule.

8. No claim number was provided to me during this call.

9. No written confirmation, investigation notice, or follow-up communication was issued by Wells Fargo after this call.

10. I relied on Wells Fargo's representations that the matter would be addressed.

11. These events occurred on the same evening the deposit was made.

12. All statements in this declaration are true and based on my personal knowledge.

Signature: *Jiselle McKee*

Date: 5/6/2026

EXHIBIT 4

PLAINTIFF DECLARATION WELLS FARGO WEBSITE APPOINTMENT NOVEMBER 28 2025

Description:

A sworn declaration describing the appointment Plaintiff scheduled through Wells Fargo's online system for November 28, 2025 at 9:00 AM.

Relevance:

This exhibit shows Plaintiff acted immediately after reporting fraud and followed Wells Fargo's instructions. Wells Fargo maintains appointment logs and can verify this record. This demonstrates Plaintiff's diligence and Wells Fargo's opportunity to intervene.

Summary of Evidence:

- Plaintiff attempted to go to the branch on November 26, 2025 but it was closed.

- Plaintiff used Wells Fargo's website to schedule the earliest available appointment.

- The appointment was set for 9:00 AM on November 28, 2025.

- Wells Fargo internal logs can confirm this.

Declaration:

Declaration of Jiselle McKee is included with this exhibit.

**Declaration of Jiselle McKee**

I, Jiselle McKee, declare as follows:

1. After reporting fraud to Wells Fargo on November 26, 2025, I attempted to go to a Wells Fargo branch the same day to address the issue, but the branch was closed.

2. Because the branch was closed, I used Wells Fargo's website to schedule the earliest available in-branch appointment.

3. The appointment was scheduled through Wells Fargo's online system for November 28, 2025 at 9:00 a.m.

4. I attended the in-branch appointment as scheduled.

5. Wells Fargo maintains records of appointments scheduled through its online system.

6. This appointment occurred two days after my initial fraud report and on the first available business opportunity following the holiday closure.

7. At the time of this appointment, Wells Fargo had notice of the fraud, the missing deposit, and law enforcement involvement.

8. The appointment provided Wells Fargo an opportunity to secure the funds and initiate an investigation.

9. Wells Fargo did not open a Regulation E claim at this appointment.

10. These statements are true and based on my personal knowledge.

Signature: _Jiselle Mckee_

Date: _5/6/2026_

EXHIBIT 5

BUSINESS CARD WITH HANDWRITTEN NUMBER BRANDON JONES

Description:

Photograph or scan of the business card provided by Wells Fargo personal banker Brandon Jones on November 28, 2025, containing a handwritten number Plaintiff reasonably believed was a fraud claim number.

Relevance:

This exhibit shows Wells Fargo misrepresented the status of Plaintiff's fraud report by providing a handwritten number that was not a Regulation E claim number or any formal case number. This misrepresentation caused Plaintiff to believe a claim existed when it did not.

Summary of Evidence:

- Wells Fargo provided a handwritten number instead of a formal claim number.

- Plaintiff reasonably believed this was a fraud case number.

- Wells Fargo had not opened a Regulation E claim.

- Wells Fargo had in person notice of the fraud and still failed to act.



**Brandon Jones**
Personal Banker
NMLS ID: 2658875

MAC C7800-011
1701 CAPITOL AVE
CHEYENNE, WY 82001
Tel: 307 771 3756
brandon.e.jones@wellsfargo.com

Wells Fargo Bank, N.A.



Case 1:26-cv-00146-SWS    Document 1-1    Filed 05/06/26    Page 15 of 133

case# 3025112800378

<u>Claim</u> ↗

Fast Track finding

deposit    complaint ID
           cMPP-120425-AAF492300
           12/4/25                536E
escalate again

EXHIBIT 6

PLAINTIFF DECLARATION IN BRANCH STATEMENTS NOVEMBER 28 2025

Description:

A sworn declaration summarizing statements made by Wells Fargo personal banker Brandon Jones during the in branch appointment.

Relevance:

This exhibit documents Wells Fargo in person acknowledgment of the fraud, recognition of the fraud typology, and awareness that the deposit existed. Despite this, Wells Fargo discouraged Plaintiff from seeking reimbursement and failed to open a Regulation E claim.

Summary of Evidence:

- Fast track find deposit statement acknowledging deposit existed.

- Statement that this happens a lot.

- Statement that it sounds like a scammer coached you.

- Statement that the feds do a good job acknowledging federal tracing.

- Discouraged Plaintiff from seeking reimbursement.

- No Regulation E claim opened.

Declaration:

Declaration of Jiselle McKee is included with this exhibit.

**Declaration of Jiselle McKee**

I, **Jiselle McKee**, declare as follows:

On November 28, 2025, during my in-branch appointment at Wells Fargo, personal banker **Brandon Jones** made multiple statements acknowledging that my ATM deposit existed and that I had been coached by a scammer. He stated words to the effect of "we can fast-track and find deposits" and acknowledged that situations like mine happen frequently.

Mr. Jones stated that the situation sounded like a scammer had coached me and referenced federal involvement by stating that "the feds do a good job," indicating awareness of federal tracing processes. Despite these acknowledgments, Mr. Jones discouraged me from seeking reimbursement and did not open a Regulation E fraud claim. Wells Fargo did not secure my $17,800 ATM deposit and did not initiate any investigation during this appointment.

These statements are true and based on my personal knowledge.

Signature: _Jiselle Mckee_

Date: _5/6/2026_

EXHIBIT 7

NOTES OF BRANCH TO BRANCH CALL NOVEMBER 28, 2025

Description:

A sworn declaration summarizing the call made by personal banker Brandon Jones to another Wells Fargo branch during Plaintiff's appointment.

Relevance:

This exhibit shows Wells Fargo internally acknowledged Plaintiff was coached by a scammer and that the withdrawal was fraud related. Despite this, Wells Fargo failed to open a Regulation E claim or secure the deposit.

Summary of Evidence:

- Jones informed another branch Plaintiff was coached by a scammer.

- Jones advised the other branch to ask more questions during large withdrawals.

- Wells Fargo recognized the fraud typology internally.

- No claim was opened.

- No investigation was initiated.

Declaration:

Declaration of Jiselle McKee is included with this exhibit.

**PLAINTIFF DECLARATION REGARDING BRANCH TO BRANCH CALL NOVEMBER 28 2025**

**Declaration of Jiselle McKee**

I, Jiselle McKee, declare as follows:

1. On November 28, 2025, during my in-branch appointment at Wells Fargo, personal banker Brandon Jones made a phone call to another Wells Fargo branch while I was present.

2. During this call, Mr. Jones informed the other branch that I had been coached by a scammer.

3. Mr. Jones stated that the withdrawal I made was fraud related.

4. Mr. Jones advised the other branch to ask additional questions when customers make large cash withdrawals.

5. This call demonstrates Wells Fargo's internal acknowledgment that my transaction involved scam coercion and fraud indicators.

6. Despite this acknowledgment, Wells Fargo did not open a Regulation E fraud claim.

7. Wells Fargo did not secure my 17,800 ATM deposit.

8. Wells Fargo did not initiate any investigation at that time.

9. These events occurred during the same in-branch appointment in which Wells Fargo had direct, in-person notice of the fraud.

10. All statements in this declaration are true and based on my personal knowledge.

Signature: _Jiselle McKee_

Date: _5/6/2026_

EXHIBIT 8

WELLS FARGO CLAIM HISTORY AND DELAYED OPENING OF REGULATION E CLAIM

Description:

A sworn declaration summarizing Wells Fargo failure to open a Regulation E claim until December 4, 2025, eight days after Plaintiff initial fraud report and only after CFPB intervention.

Relevance:

This exhibit demonstrates procedural violations of the Electronic Fund Transfer Act and Regulation E, including failure to promptly begin an investigation, failure to open a claim upon notice, and failure to secure the deposit.

Summary of Evidence:

- Fraud reported on November 26, 2025.

- Sheriff case number provided the same night.

- In branch appointment on November 28, 2025.

- No claim opened on November 26 or November 28.

- Claim opened only after CFPB complaint on December 4, 2025.

- Determination letters show no investigation.

Declaration:

Declaration of Jiselle McKee is included with this exhibit.

**DECLARATION OF JISELLE McKEE**
**IN SUPPORT OF EXHIBIT 8**

I, **Jiselle McKee**, declare as follows:

1.  I am the Plaintiff in this action. I have personal knowledge of the facts stated in this declaration and, if called to testify, could and would competently testify thereto.

2.  **Exhibit 8** is a true and correct copy of **Wells Fargo internal claim history and related records** reflecting the handling of my fraud claim, including delays, inconsistencies, and the failure to timely open and process my claim in accordance with **Regulation E** requirements.

3.  These records were generated, maintained, or produced by **Wells Fargo Bank, N.A.**, and were obtained through my direct interactions with Wells Fargo, written correspondence, disclosures, and account records associated with my fraud dispute.

4.  Exhibit 8 accurately reflects the **claim activity timeline**, including the delayed initiation of the Regulation E claim, contradictory internal entries, and omissions that materially impacted the investigation and resolution of my reported unauthorized transaction.

5.  The contents of Exhibit 8 are relevant to demonstrate **procedural failures, regulatory noncompliance, and internal inconsistencies** in Wells Fargo's handling of my claim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ___May 6___ , 2026

at _____.

*Jiselle McKee*

EXHIBIT 9

WELLS FARGO DETERMINATION LETTERS

Description:

Copies of Wells Fargo determination letters denying Plaintiff claim without providing evidence, findings, or explanation.

Relevance:

This exhibit shows Wells Fargo violated Regulation E by failing to conduct a reasonable investigation and failing to provide evidence relied upon in its determination.

Summary of Evidence:

- No ATM records provided.

- No chain of custody documentation.

- No surveillance logs.

- No investigation notes.

- No explanation of findings.

- Generic boilerplate language used.

Declaration:

Declaration of Jiselle McKee is included with this exhibit.



**WELLS FARGO**

Claims Assistance Center
Check Fraud Claims
MAC D1118-02F
12301 Vance Davis Dr. Floor 02
Charlotte, NC 28269-7699

12/05/2025

XNCLMTDTK9  001462 SP 01

AVA BOND
A MINOR BY JISELLE Y CASH
PO BOX 1813
CHEYENNE, WY 82003-1813

Subject: Resolution of your fraud claim
Claim #: 2025120200001

Dear AVA BOND & A MINOR BY JISELLE Y CASH:

We've completed our research of your inquiry about possible fraudulent transactions on your account ending in XXXXXX6510. Based on our review of your account and transaction records, we've found the transactions were authorized. As a result, we've denied and closed your claim.

If you have questions, please call us at 1-877-548-9230, Monday through Friday, 7:00 a.m. to 12:00 a.m. Eastern Time. For your convenience, we accept relay service calls, including 711, and can provide assistance services if preferred.

Thank you.

Claims Assistance Center



[CLMPPE1 I|002642|01|01|0|0|0|0]



**Enterprise Complaints Management Office**
PO Box 5133
Sioux Falls, SD 57117

December 18, 2025

Jiselle Y. McKee
7052 Rilley Rd.
Cheyenne, WY 82009-7934

Subject: We're responding to your concerns
Wells Fargo case number: 06202512057930918 and 06202512097957652
Account number ending in: 6510
Consumer Financial Protection Bureau, case number: 251204-26546342
Office of the Comptroller of the Currency, case number CS410347

Dear Jiselle Y. McKee:

Thank you for contacting us. We have completed our research and are providing details to address your concerns.

We are sorry to learn that this matter continues to be a source of concern. We regret any inconvenience or frustration that this matter might have caused you and appreciate you taking the time to share these most important observations with us. Providing quality customer service and reliable assistance are top priorities of Wells Fargo, and we are sorry if this has not been the case in your situation.

We want to let you know that the Consumer Financial Protection Bureau (CFPB) and the Office of the Comptroller of the Currency recently forwarded complaint comments to Wells Fargo for review and response. We hope the information below will help address your concerns. We appreciate the opportunity to address this matter.

**What you need to know**

We are sorry to learn that you were the apparent victim of a fraud scheme. Due to the growing number of fraud incidents that are reported each year, it's imperative for consumers to be cautious of circumstances that are associated with fraud schemes. Multiple consumer organizations, such as the Federal Trade Commission (FTC), offer tips and guidance on how to avoid becoming a victim of a fraud scheme.

For your reference, there are multiple resources for consumers with tips on how to recognize, avoid, and react to fraud schemes.

- Wells Fargo resources are on our website at wellsfargo.com/privacy-security/fraud/bank-scams/
- FTC offers resources at onguardonline.gov
- Federal Bureau of Investigation (FBI) accepts online Internet crime complaints from victims at ic3.gov/

We may collect personal data as part of the complaint resolution process. For the categories of personal data that Wells Fargo may collect and how we use it, see the Wells Fargo California Consumer Privacy Act Notice at Collection at https://www.wellsfargo.com/privacy-security/notice-of-data-collection/. See additional Wells Fargo privacy notices at https://www.wellsfargo.com/privacy-security/.

ECMO–BT129_Res_M_E_10072025

**Online claim 308541338**

We have completed our research into your inquiry regarding a transaction for $18,000. The claim was closed on November 26, 2025, because we did not locate any errors. A letter was mailed on November 26, 2025, advising action needed important information to keep your account secure. Based on the information gathered it was determined that you were a victim of a fraud scheme. Our investigation of your concerns has concluded that based on this information, it has been determined that you or someone with your permission authorized the withdrawals, no error has occurred, and the claim was denied for reimbursement. Please consider this claim closed.

We recommend that you continue to work with law enforcement to determine what options are available to you to pursue the recovery of the funds. Wells Fargo cooperates with law enforcement agencies in the investigation and prosecution of criminal activity

Unfortunately, many times the requested resolution does not match the relief we are able to provide. As an advocate for our customers, we strive to remedy each request to the best of our ability; however, we are restricted by items beyond our control, such as federal regulations, third party service agreements, and legal or regulatory implications. Please understand, the resolution we are providing is within the resources and compliance guidelines we are held to.

**Case status**

We have closed the case as of the date of this letter. If we receive additional information, we will open a new case to address any remaining or new concerns.

**How to contact us**

We appreciate the time and effort you took to contact us. If you have questions, you may reach me at 1-980-345-8533, Monday through Friday from 8:00 a.m. to 5:00 p.m. Branch Time. We accept telecommunications relay service calls.

Sincerely,

LaShawn F.
Escalations Representative
Enterprise Complaints Management Office
PO Box 5133, Sioux Falls, SD 57117
Fax: 1-877-243-3589


cc: Consumer Financial Protection Bureau



**Enterprise Complaints Management Office**
PO Box 5133
Sioux Falls, SD 57117

December 23, 2025

Jiselle Y. McKee
7052 Rilley Rd.
Cheyenne, WY 82009-7934

Subject: We're responding to your concerns
Wells Fargo case number: 06202512228033072 and 06202512228032491
Account number ending in: 6510 and 8713
Consumer Financial Protection Bureau, case number: 251204-26546342
Office of the Comptroller of the Currency, case number CS410347

Dear Jiselle Y. McKee:

Thank you for contacting us. We have completed our research and are providing details to address your concerns.

We are sorry to learn that this matter continues to be a source of concern. We regret any inconvenience or frustration that this matter might have caused you and appreciate you taking the time to share these most important observations with us. Providing quality customer service and reliable assistance are top priorities of Wells Fargo, and we are sorry if this has not been the case in your situation.

We want to let you know that the Consumer Financial Protection Bureau (CFPB) and the Office of the Comptroller of the Currency recently forwarded complaint comments to Wells Fargo for review and response. We hope the information below will help address your concerns. We appreciate the opportunity to address this matter.

**What you need to know**

We are sorry to learn that you were the apparent victim of a fraud scheme. Due to the growing number of fraud incidents that are reported each year, it's imperative for consumers to be cautious of circumstances that are associated with fraud schemes. Multiple consumer organizations, such as the Federal Trade Commission (FTC), offer tips and guidance on how to avoid becoming a victim of a fraud scheme.

For your reference, there are multiple resources for consumers with tips on how to recognize, avoid, and react to fraud schemes.

- Wells Fargo resources are on our website at wellsfargo.com/privacy-security/fraud/bank-scams/
- FTC offers resources at onguardonline.gov
- Federal Bureau of Investigation (FBI) accepts online Internet crime complaints from victims at ic3.gov/

We may collect personal data as part of the complaint resolution process. For the categories of personal data that Wells Fargo may collect and how we use it, see the Wells Fargo California Consumer Privacy Act Notice at Collection at https://www.wellsfargo.com/privacy-security/notice-of-data-collection/. See additional Wells Fargo privacy notices at https://www.wellsfargo.com/privacy-security/.

ECMO–BT129_Res_M_E_10072025

**Online claim 308541338**

We have completed our research into your inquiry regarding a transaction for $18,000. The claim was closed on November 26, 2025, because we did not locate any errors. A letter was mailed on November 26, 2025, advising action needed important information to keep your account secure. Based on the information gathered it was determined that you were a victim of a fraud scheme. Our investigation of your concerns has concluded that based on this information, it has been determined that you or someone with your permission authorized the withdrawals, no error has occurred, and the claim was denied for reimbursement. Please consider this claim closed.

We recommend that you continue to work with law enforcement to determine what options are available to you to pursue the recovery of the funds. Wells Fargo cooperates with law enforcement agencies in the investigation and prosecution of criminal activity

**What you need to know for Visa ending in 8713**

On November 24, 2025, we sent alerts to your email and phone number on file regarding a suspicious transaction in the amount of $453.45 with the merchant Shein.com. You responded that you did not recognize the transaction. Additionally, another transaction in the amount of $0.24 was reported as fraud at this time. We confirm this transaction did not post to the account. We have enclosed a copy of the letter sent to you by our Claims Department on December 2, 2025, which confirms these transactions did not post to the account.

Well Fargo has security measures in place to help detect and prevent fraud. When we suspect a transaction may be fraudulent, we notify the customer either by text or email and ask them to confirm if they made the transaction or not. To protect our customers, we do not share specific information on our security protocols. To learn more about safeguarding your information and protecting yourself from fraud and identity theft, visit us online at wellsfargo.com/privacy-security/fraud/protect/fraud-tips/.

Unfortunately, many times the requested resolution does not match the relief we are able to provide. As an advocate for our customers, we strive to remedy each request to the best of our ability; however, we are restricted by items beyond our control, such as federal regulations, third party service agreements, and legal or regulatory implications. Please understand, the resolution we are providing is within the resources and compliance guidelines we are held to.

**Case status**

We have closed the case as of the date of this letter. If we receive additional information, we will open a new case to address any remaining or new concerns.

**How to contact us**

We appreciate the time and effort you took to contact us. If you have questions, you may reach me at 1-980-345-8533, Monday through Friday from 8:00 a.m. to 5:00 p.m. Branch Time. We accept telecommunications relay service calls.

Sincerely,

LaShawn F.
Escalations Representative
Enterprise Complaints Management Office
PO Box 5133, Sioux Falls, SD 57117



**Enterprise Complaints Management Office**
PO Box 5133
Sioux Falls, SD 57117

February 3, 2026

Jiselle Y McKee
7052 Rilley Rd
Cheyenne, WY 82009-7934

Subject: We're responding to your concerns
Wells Fargo case number: 06202601198199019 and 06202601098143331
Account number ending in: 6510 and 8713
Consumer Financial Protection Bureau, case number: 260117-27892377
Office of the Comptroller of the Currency, case number: CS0410347

Dear Jiselle Y McKee:

Thank you for contacting us. We have completed our research and are providing details to address your concerns.

We want to let you know that the Consumer Financial Protection Bureau (CFPB) Office of the Comptroller of the Currency (OCC) and the recently forwarded complaint comments to Wells Fargo for review and response. We hope the information below will help address your concerns. We appreciate the opportunity to address this matter.

We are sorry to learn that this matter continues to be a source of concern. We regret any inconvenience or frustration that this matter might have caused you and appreciate you taking the time to share these most important observations with us. Providing quality customer service and reliable assistance are the top priorities of Wells Fargo, and we are sorry if this has not been the case in your situation.

**What you need to know**

Our records indicate that your concerns have been thoroughly addressed in our response letter dated December 23, 2025. Enclosed is a copy of the bank response to your concerns.

While we realize the information provided is not the response you were seeking, we hope this letter serves to clarify Wells Fargo's position regarding this matter.

**Case status**

We have closed the case as of the date of this letter. If we receive additional information, we will open a new case to address any remaining or new concerns.

We may collect personal data as part of the complaint resolution process. For the categories of personal data that Wells Fargo may collect and how we use it, see the Wells Fargo California Consumer Privacy Act Notice at Collection at https://www.wellsfargo.com/privacy-security/notice-of-data-collection/. See additional Wells Fargo privacy notices at https://www.wellsfargo.com/privacy-security/.

ECMO–BT129_Res_M_E_01142026

**How to contact us**

We appreciate the time and effort you took to contact us. If you have questions, you may reach me at 980-326-6780, Monday through Friday from 7:00 a.m. to 3:30 p.m. Eastern Time. We accept telecommunications relay service calls from individuals with hearing or speech disabilities. This includes calls facilitated by a trusted third party, such as a family member, so long as the customer is present and actively participating in the entire communication.

Sincerely,

Melissa G.
Escalations Representative
Enterprise Complaints Management Office
PO Box 5133, Sioux Falls, SD 57117
Fax: 1-877-243-3589

Enclosure
cc: Consumer Financial Protection Bureau
cc: Office of the Comptroller of the Currency



**Enterprise Complaints Management Office**
PO Box 5133
Sioux Falls, SD 57117

February 26, 2026

Jiselle Y. Mckee
7052 Rilley Road
Cheyenne, WY 82009-7934

Subject: We're responding to your concerns
Wells Fargo case number: 06202602098345562 and 06202602048312381
Account number ending in: 6510
Consumer Financial Protection Bureau, case number: 260208-28652604 and 260204-28496297

Dear Jiselle Y. Mckee:

Thank you for contacting us. We completed our research and are providing details to address your concerns.

**What you need to know**

We received your concerns from the Consumer Financial Protection Bureau regarding the outcome of your claim.

We apologize that this matter has been a continued issue for you. We strive to resolve complaints within ten (10) business days; however, some cases require additional time to ensure a thorough and accurate review. We appreciate your patience while we carefully examined your concerns.

Please note that each new complaint submitted results in the creation of a new case, and each new case generates its own review timeline. Opening additional complaints does not expedite the resolution of prior cases or more existing cases forward more quickly. When extensions ae requested, the timeframe provided is established through the applicable agency's guidelines and processes. We understand this may be frustrating; however, we thank you for your understanding and continued patience as we work to ensure your concerns ae addressed appropriately and thoroughly.

Below are our findings related to your concerns.

**Claim 308541338**

Our records indicate that claim 308541338 was opened to investigate the withdrawal in the amount of $18,000. After a thorough review, we determined that the transaction was initiated and authorized by you. Based on these findings, the claim has been denied.

We may collect personal data as part of the complaint resolution process. For the categories of personal data that Wells Fargo may collect and how we use it, see the Wells Fargo California Consumer Privacy Act Notice at Collection at https://www.wellsfargo.com/privacy-security/notice-of-data-collection/. See additional Wells Fargo privacy notices at https://www.wellsfargo.com/privacy-security/.

ECMO–BT129_Res_M_E_01142026

Upon receipt of your concern, the Enterprise Complaints Management Office conducted our own investigation. In doing so, we found compelling evidence supporting the decision that has been previously communicated to you. We stand by the decision made by our Claims Department to decline your request for reimbursement of the disputed transaction(s).

We understand you unknowingly participated in a fraud scheme. While you may have acted in good faith, we can't assume liability for financial transactions a customer negotiates or otherwise authorizes with unknown individuals.

**Spoofing**

We are sorry to learn that you were a victim of a scam. A fraudster can contact you any time of the year by text message, phone, or email, and they may even impersonate a representative from Wells Fargo. They may ask for your personal financial information, access to your computer, or for a passcode. They may tell you that they've noticed suspicious activity, such as money being sent from your account to another account and ask you to send money to yourself using a form of online money transfer to "reverse" the payment.

Caller ID spoofing is when fraudsters falsify information transmitted to a caller ID to display fake contact information. Spoofing can use an email or pop-up message appearing to come from a legitimate source when in fact, it is from an impostor. Spoofing is used to get sensitive customer information.

We believe that the event you described is that of a potential phishing scam. If you receive a suspicious phone call requesting your information or access to your account, hang up and contact us using a legitimate source such as a phone number on the back of your card or one from wellsfargo.com.

If you receive a suspicious email or text message that claims to be from Wells Fargo, do not respond, click any links, or open attachments. Do not sign on to your account from a link in a suspicious message. Instead, forward the suspicious email or send an email with a copy of the text message to reportphish@wellsfargo.com, then delete it. You will receive an automated response from us confirming the receipt of your email.

To safely sign on to your accounts any time, go to the Wells Fargo homepage by typing wellsfargo.com into your browser or using the Wells Fargo Mobile® app.

You can also report suspicious emails or websites that claim to be from Wells Fargo by calling us at 1-866-867-5568, Monday through Friday from 8:00 a.m. to 11:00 p.m. and Saturday from 9:00 a.m. to 9:00 p.m. Central Time.

**Call review**

For clarification, the bank did not contact you regarding this matter. Our records do not reflect any outbound phone call, text message, or other communication from the bank's fraud department related to this transaction. It appears that you were contacted by an unaffiliated third party who falsely represented themselves as the bank.

We also note that you contacted us on November 26, 2026, to inquire whether the $18,00 deposit was pending on your account after the transaction had been made. While we understand this was a distressing situation, the call does not influence or determine the outcome of the fraud investigation.

Prior communication with our previous representative within Enterprise Complaints Management Office was reviewed. While we understand your concerns, the representative would not have authority or visibility to determine whether a subpoena had been served. Representatives are not notified of, nor do they have access to, subpoena information unless there is a specific business need to know and authorization provided through the

Legal Summons & Subpoena Department. If a valid subpoena is served, it is handled directly through that department in accordance with established legal protocols.

**Branch transaction**

Our review of the branch transaction reflects that the teller followed applicable policies and procedures when processing your withdrawal. The transaction was properly verified in accordance with identity authentication requirements, and you were authenticated as the authorized account holder prior to the funds being released.

During the interaction, you advised the teller that the purpose of the withdrawal was to pay a contractor for solar panels, as you were moving in with your boyfriend. Based on the information provided at the time, and after completing required verification steps, the transaction was processed in accordance with established policy and procedures.

We understand this situation has been frustrating, and we apologize for any inconvenience experienced while attempting to resolve your concerns. Our review indicates that appropriate steps and established procedures were followed in handling this matter.

**Automated Teller Machine (ATM) transaction**

Please note that if any portion of the $18,000 you previously withdrew was used to complete an ATM transaction or deposit into another account, including the account you were instructed to use by the individual later identified as a scammer, we are unable to provide information regarding that receiving account.

In order for Wells Fargo to investigate the deposit at the ATM we would need more detailed information from you including but not limited the account holder's full name and/or the full account number. For privacy and security reasons, we cannot disclose details pertaining to an account for which you are not an authorized signer or account holder.

Typically, ATM transaction initiated and completed by you under the circumstances described, we are unable to reverse the transaction. Cash deposits made at an ATM are typically made available immediately upon acceptance and posting. Once funds are deposited and credited, they cannot be recalled or reversed through the dispute process. A full review may be able to be completed once the information referenced above is provided.

With respect to ATM surveillance footage, cash cassette totals, ATM cash handling logs, Electronic Journals, Access logs, documentation, error codes or sensor data, reconciliation reports, you mentioned, and other such materials are not released without a valid Subpoena or appropriate legal request. You indicated that you have obtained a subpoena. We work directly with law enforcement agencies, and any properly submitted request will be processed and responded to directly to the requesting agency in accordance with applicable laws and procedures.

**Missing deposit**

Regarding your concerns about missing direct deposits, please provide the specific amount(s) and date(s) of each deposit you believe to be missing so we may conduct a detailed review. At this time, our records show that your direct deposits have been processed correctly each month since the filing of your claim. Specifically, we can confirm that a direct deposit in the amount of $1,579.80 from the State of Wyoming was applied on November 24, 2025, to your account ending in 8197. Additionally, a direct deposit from the State of Wyoming was applied to your new account ending in 6488 on December 1, 2025. Each month thereafter, direct deposits from the State of Wyoming and SSI have been applied in accordance with the information received from the originating agencies.

Please note that once an account is closed, online banking access is revoked. Tax filing documents are typically accessible through online banking; however, following account closure, annual tax documents are mailed directly to you during the subsequent tax season.

We apologize for any inconvenience or financial harm you believed you experienced while attempting to resolve your concerns, our review indicates that appropriate steps and established procedures were followed in handling this matter.

**Actions we have taken**

In order to assist, we have requested your Right to Documentation on February 18, 2026. Our Fraud & Claims Management team will respond to you via telephone or letter within 30 calendar days of the submission of the request. If the request can't be fulfilled, that information will also be communicated to you by the Fraud & Claims Management team within 30 calendar days.

**Subpoena**

Please be advised that all legal request served on the bank are processed through our Legal Summons & Subpoena Department. We respond directly to the requesting agency in accordance with applicable law and within required timeframes. Due to confidentiality and legal restrictions, we are generally unable to discuss the status or details of our responses to law enforcement with third parties.

We encourage you to continue working directly with law enforcement to be updated on information pertaining to their case.

**Additional information**

You also asserted that during a prior visit to the same branch, you were shorted several hundred dollars when depositing a large insurance check from Progressive related to a totaled vehicle, and that you had to return to the branch with the check stub to have the deposit corrected. We apologize for that experience. To further review this concern, we would need additional details, including the original amount of the check, the amount that was initially credited, the corrected amount, and the date of deposit. If you would like us to review this matter, please provide this information in writing so we may conduct a thorough investigation

We have security measures in place to help detect and prevent fraud. Despite these measures, situations such as yours can still occur. We are unable to share specific information on our security protocols. To learn more about safeguarding your information and protecting yourself from fraud and identity theft, visit us online at wellsfargo.com/privacy-security/fraud/protect/fraud-tips/.

While we realize the information provided may not alleviate your frustrations, we hope this correspondence helps to clarify our actions about this matter. We strive to provide exceptional service and we're sorry we didn't meet that expectation in this instance.

**Case status**

We have closed the case as of the date of this letter. If we receive additional information, we will open a new case to address any remaining or new concerns.

**How to contact us**

We appreciate the time and effort you took to contact us. If you have questions, you may reach me at 980-345-8507, Monday through Friday from 8:00 a.m. to 3:30 p.m. Eastern Time. We accept telecommunications relay service calls from individuals with hearing or speech disabilities. This includes calls facilitated by a trusted third party, such as a family member, so long as the customer is present and actively participating in the entire communication.

Sincerely,

Brie M.
Escalations Representative
Enterprise Complaints Management Office
PO Box 5133, Sioux Falls, SD 57117
Fax: 1-877-243-3589


cc: Consumer Financial Protection Bureau



**Enterprise Complaints Management Office**
PO Box 5133
Sioux Falls, SD 57117

March 2, 2026

Jiselle Y. Mckee
7052 Rilley Road
Cheyenne, WY 82009-7934

Subject: We're responding to your concerns
Wells Fargo case number: 06202602250002155
Account number ending in: 6510
Consumer Financial Protection Bureau, case number: 260225-29271369

Dear Jiselle Y. Mckee:

Thank you for contacting us. We completed our research and are providing details to address your concerns.

**What you need to know**

We received your continued correspondence regarding your claim and subsequent regulatory complaints.

Our research confirms that Claim reference number 308541338 was opened with our Claims Assistance Center on November 26, 2025. The claim was fully reviewed and resolved within the 10 business days provided to customer up claim initiation. While certain fraud and non-fraud investigation may require the full extended timeframe of 90-120 days for completion, your claim did not require that extended review period and was resolved within the standard 10-business -day timeframe.

We recognize that the resolution provided may not be the outcome you were seeking. However, our investigation determined that the transaction in question was initiated and completed by you without bank error. Our review confirmed that the transaction was authorized and processed accurately according to the information provided at the time.

We also acknowledge the circumstances you described and understand that you may have unknowingly participated in a fraudulent scheme. While we appreciate that you may have acted in good faith; the bank cannot assume liability for financial transactions that a customer authorizes or negotiates with unknown third parties. Additionally, our records confirm that the bank did not contact you regarding this matter. You were contacted by an unaffiliated third party who falsely represented themselves as the bank.

With respect to your filling with regulatory agencies, including the request for escalation, please note that complaint review processes are separate from fraud or non-fraud claim investigations. Agency complaints do not share the same timeframe as a fraud or non-fraud claim investigation. They are not intended to remain open while

We may collect personal data as part of the complaint resolution process. For the categories of personal data that Wells Fargo may collect and how we use it, see the Wells Fargo California Consumer Privacy Act Notice at Collection at https://www.wellsfargo.com/privacy-security/notice-of-data-collection/. See additional Wells Fargo privacy notices at https://www.wellsfargo.com/privacy-security/.

ECMO–BT129_Res_M_E_01142026

a fraud or non-fraud claim is active or being disputed. These are two separate filings with different review standards and timelines. The filing of a regulatory complaint does not guarantee that a claim will be reopened. Regulatory complaints are reviewed to ensure that proper handling occurred and that internal policies and procedures were followed. In this case, our research confirms that all applicable polices and procedures were followed in the handling of claim reference number 308541338.

Regarding response timeframes, when extensions are requested in connection with agency complaints, the timeframe provided is established pursuant to the applicable agency's guidelines and processes. This does not necessarily mean the full extension period will be utilized, but it ensures sufficient time for thorough review and response in accordance with regulatory standards.

Additionally, on February 18, 2026, we have requested your Right to Documentation. Our Fraud & Claims Management team will respond to you via telephone or letter within 30 calendar days of the submission of the request. If the request can't be fulfilled, that information will also be communicated to you by the Fraud & Claims Management team within 30 calendar days.

We have enclosed copies of our previous written responses for your reference. After careful consideration and review of all available information, we respectfully decline your request for reimbursement of $17, 800.00

We understand the situation is frustrating and regret that we are unable to provide the outcome you are seeking. We encourage you to continue working with your local law enforcement regarding this matter.  The bank cooperates fully with law enforcement investigations and responds directly to law enforcement agencies when information is formally requested. For any questions regarding subpoenas or the status of law enforcement requests, you will need to contact your law enforcement agency directly, as we provide responsive information to them rather than to customers.

While we realize the information provided may not alleviate your frustrations, we hope this correspondence helps to clarify our actions about this matter. We strive to provide exceptional service and we're sorry we didn't meet that expectation in this instance.

**Case status**

We have closed the case as of the date of this letter. If we receive additional information, we will open a new case to address any remaining or new concerns.

**How to contact us**

We appreciate the time and effort you took to contact us. If you have questions, you may reach me at 980-345-8507, Monday through Friday from 8:00 a.m. to 3:30 p.m. Eastern Time. We accept telecommunications relay service calls from individuals with hearing or speech disabilities. This includes calls facilitated by a trusted third party, such as a family member, so long as the customer is present and actively participating in the entire communication.

Sincerely,

Brie M
Escalations Representative
Enterprise Complaints Management Office
PO Box 5133, Sioux Falls, SD 57117
Fax: 1-877-243-3589

Enclosure

cc: Consumer Financial Protection Bureau



**Enterprise Complaints Management Office**
PO Box 5133
Sioux Falls, SD 57117

April 1, 2026

Jiselle Y McKee
7052 Rilley Rd
Cheyenne, WY 82009

Subject: We're responding to your concerns
Wells Fargo case number: 06202603020007711, 06202603030001019, 06202603020008358, 06202603030001250, 06202603090001719, 06202603090002028, 06202603090009912, 06202603090008250, 06202603090007945, 06202603090008463, 06202603100001376, 06202603100001574, 06202603100002164, 06202603100002622, 06202603090002448, 06202603090008103, 06202603100001097, 06202603090002657, 06202603100001834, 06202603100006097, 06202603100006242, 06202603100003351, 06202603100003684, 06202603100003040, 06202603100009294, 06202603100003108, 06202603100009203, 06202603100003510, 06202603100007227, 06202603100002912, 06202603160005336, 06202603160005515, 06202603160003840, 06202603160003115, 06202603160002467, 06202603160002305, 06202603160002654, 06202603160001800, 06202603160004075, 06202603160003300, 06202603160003499, 06202603160002166, and 06202603160003656
Account number ending in: 8713, 6510, 0543, 6488, and 8197
Consumer Financial Protection Bureau, case number: 260302-29450149, 260302-29480044, 260302-29451345, 260302-29480044, 260307-29703421, 260307-29703927, 260309-29758249, 260309-29747180, 260309-29745267, 260309-29749318, 260309-29764295, 260309-29764870, 260309-29766078, 260309-29766436, 260309-29732365, 260309-29746521, 260309-29762884, 260309-29732528, 260309-29765205, 260310-29796398, 260310-29798947, 260310-29783735, 260310-29785677, 260310-29782518, 260310-29811132, 260310-29783156, 260310-29808829, 260310-29784772, 260310-29802249, 260310-29781676, 260315-30017674, 260315-30017643, 260315-30018639, 260315-30018118, 260315-30017833, 260315-30017800, 260315-30017938, 260315-30017598, 260315-30018679, 260315-30018237, 260315-30018392, 260315-30017712, and 260315-30018560

Dear Jiselle Y McKee:

We have completed our research into the concerns referenced within the subject cases submitted to the Consumer Financial Protection Bureau (CFPB). Please note, due to the mass number of cases that have been submitted to the CFPB regarding these matters, you will receive separate responses that will reference several case numbers per letter. We appreciate your patience throughout this process, as we thoroughly review each and every case.

Our research confirms that most of your concerns raised to the CFPB have been addressed by our office previously on several occasions. We sent these responses via letter on December 18, 2025, December 23, 2025,

We may collect personal data as part of the complaint resolution process. For the categories of personal data that Wells Fargo may collect and how we use it, see the Wells Fargo California Consumer Privacy Act Notice at Collection at https://www.wellsfargo.com/privacy-security/notice-of-data-collection/. See additional Wells Fargo privacy notices at https://www.wellsfargo.com/privacy-security/.

ECMO–BT129_Res_M_E_01142026

February 3, 2026, February 26, 2026, and March 2, 2026, and you have confirmed receipt of each. Within this letter, you will find that some of the information has been provided to you already; however, we encourage you to thoroughly review this letter, as it may contain additional details that address your concerns. We can assure you that, regarding the concerns raised within the subject cases, our research is accurate and our response is appropriate and final.

First, to provide clarity on the verbiage used in our response(s), please refer to these descriptions.

- Case: A situation requiring investigation into a consumer's complaint, concern, or request.
- Claim: A situation requiring investigation into a fraud or non-fraud transaction dispute.

Secondly, the cases referenced on the first page of this letter refer to the investigation being conducted into your complaints. They are not an indication of whether or not any claims have been reopened. To offer transparency, your claims have not been reopened as a result of any of the cases you have filed with the CFPB, and they will not be reopened based on the information available.

Furthermore, the information provided within our responses is the information you are privileged to as a consumer. This means that not all of your requests will be fulfilled, as we are restricted by items beyond our control, such as federal regulations, third party service agreements, and legal or regulatory implications. You, as a consumer, are also not privileged to the details of internal processes, policies, or actions taken/not taken regarding Wells Fargo employees.

**What you need to know about the claims relating to this incident:**

On November 26, 2025, you unfortunately fell victim to a phishing scam from Wells Fargo impersonator, who you confirmed instructed you to withdrawal $18,000 from your account ending in 0543, and then deposit it into a different account via Automated Teller Machine (ATM) the same day to a third party's account. Soon after the incident occurred, you contacted us by phone to report your account had been compromised, and to attempt to retrieve the funds you had lost to the scam, in the amount of $17,800. As a result, several actions were taken to secure your accounts and information, and to begin the investigation into the transactions. Your online banking access was disabled, your account ending in 0543 was closed and transferred to a new account ending in 6510, and claims were opened to investigate the transactions.

Claim number 308541338 was opened immediately on November 26, 2025, per your request, to investigate the withdrawal of the $18,000 that you conducted in the branch. You confirmed, and our research concluded, that you authorized this withdrawal. The transaction was validated in accordance with established procedures. We acknowledge that you may have been the victim of a phishing scam; however, this type of transaction is appropriately identified as "authorized" and therefore does not qualify for reimbursement from the bank. Wells Fargo is not liable for authorized transactions.

Claim number 2025120200001 was opened. On November 28, 2025, per the branch banker you met with on this date, we investigated the incident again, and the outcome remained the same, as our fraud investigators determined, and you confirmed, the transactions were authorized by you.

You also referenced "claim" number 3025112800378 in your correspondence to us regarding this incident. You were advised that is a reference number to one of the complaint cases that was opened on your behalf. It is not a claim number.

Under Regulation E, provisional credit is issued on claims, not complaint cases, within 10 business days of receiving the notice of the suspected fraud. If the bank is unable to complete the investigation within 10 business days, then

provisional credit is provided to the consumer. The investigations were completed on the forementioned claims within 10 business days; therefore, provisional credit was not issued.

We acknowledge your requests to take advantage of the Right to Documentation pertaining to the forementioned claims. As previously communicated, a Right to Documentation request was submitted on February 18, 2026, per your request. Please note, under Regulation E, not all transaction or claim types are eligible for the Right to Documentation. Unfortunately, neither claim number 308541338 nor 2025120200001 are eligible for the Right to Documentation; therefore, we are unable to fulfill your request. Persistent requests for such will result in the same response.

The Stakeholder, Agency, Government, Executive team has conducted a thorough review of the investigation completed by our Claims Assistance Center on the forementioned claims, as well as the research completed by our Executive Office, and we can confirm that there were no errors made in the processing, handling, or decisioning of your claims or your complaint cases, including no indication that there has been a violation of the Electronic Fund Transfer Act (Regulation E). We stand by the responses previously provided to you and respectfully decline your request for any monetary reimbursement relating to this incident. Persistent requests for such, without any new information, will result in the same response.

**What you need to know about phishing/spoofing:**

We believe that the incident you described was a potential phishing/spoofing scam, which is a form of fraud. Please understand that although you are a victim of fraud, you also authorized the transactions that were conducted.

Caller identification (ID) spoofing is when fraudsters falsify information transmitted to a caller ID to display fake contact information. Spoofing can use an email or pop-up message appearing to come from a legitimate source when in fact, it is from an impostor. Spoofing is used to obtain sensitive customer information, and to convince the customer that they are legitimate. If you receive a suspicious phone call requesting your information or access to your account, hang up and contact us using a legitimate source such as a phone number on the back of your card or one from wellsfargo.com.

If you receive a suspicious email or text message that claims to be from Wells Fargo, do not respond, click any links, or open attachments. Do not sign on to your account from a link in a suspicious message. Instead, forward the suspicious email or send an email with a copy of the text message to reportphish@wellsfargo.com, then delete it. You will receive an automated response from us confirming the receipt of your email. You can also report suspicious emails or websites that claim to be from Wells Fargo by calling us at 1-866-867-5568, Monday through Friday from 8:00 a.m. to 11:00 p.m. and Saturday from 9:00 a.m. to 9:00 p.m. Central Time.

**What you need to know about our customer service expectations:**

You have expressed dissatisfaction with the service you have received from several Wells Fargo employees, both in our banking location(s) and over the phone, including phone calls received after you specifically asked for written communication. You have also expressed dissatisfaction with lengthy hold times and multiple transfers when attempting to resolve your concerns. Our goal is to provide helpful, friendly service, and we're sorry your experience didn't reflect our standards. We appreciate any feedback that contributes to the improvement of our customer service experience.

We apologize for any confusion or frustration you have experienced as a result of the interactions referenced in your correspondence. As previously communicated to you, the interactions, hold times, and call transfers, did not influence or determine the outcome of the fraud investigation, and as stated above, we'll research and review the concerns in detail and take action, as necessary. Due to privacy concerns, the outcome of personnel matters is

internal only. You expressed concerns for the amount of correspondence you have received; we send an acknowledgement letter and applicable extension letters for all complaint cases received.

**What you need to know about security measures:**

We're committed to detecting and preventing fraud on our customers' accounts. Wells Fargo regularly reviews consumer activity to identify irregular purchases and ATM transaction patterns. If we detect potentially fraudulent activity, we take immediate steps to protect our customers. In this case, we determined that the teller you consulted when withdrawing the $18,000 in the branch followed the steps necessary to verify the transaction. Since the banker did not detect any potentially fraudulent activity being conducted, the transaction was processed appropriately.

Our Deposit Account Agreement explains that customers are responsible for maintaining the confidentiality of their banking information. While we have several security measures in place to mitigate threats, situations such as yours can still occur; therefore, we encourage our customers to seek tips and guidance from consumer organizations such as the Federal Trade Commission (FTC). For more information about financial fraud and fraud schemes, you can visit us online at wellsfargo.com/privacy-security/fraud/bank-scams/.

Please refer to the Deposit Account Agreement for more information. You can access a full copy of the agreement at your local Wells Fargo branch, or by visiting us online:

1.  Access wellsfargo.com.
2.  Select the magnifying glass to access the search function.
3.  Type "Account Disclosures" and hit Enter.
4.  Select **Consumer Account Disclosures – Wells Fargo** from the options in the search results.
5.  Enter your zip code, if prompted.
6.  Select the link for the document you would like to review.

To locate a branch near you and schedule an appointment online, access wellsfargo.com/locator.

**What you need to know about your closed savings account:**

When you reported your account ending in 0543 as compromised on November 26, 2025, your account was immediately closed to secure your account information. At that time, you had already withdrawn the $18,000 in cash from the branch, and deposited $17,800 of it into an ATM. As previously explained, cash deposits made at ATM's are immediately made available to the recipient. The $17,800 deposit into the ATM could not be stopped, as it was done in cash, and would not show in your transaction history. The only transaction involved that would show on your account history would be the $18,000 cash withdrawal that you conducted in the branch, which also could not be stopped because you obtained physical cash from that transaction. We took the necessary and available steps to secure your accounts and information; however, these transactions were immediate.

Even though a transaction may be processed immediately, it can still post to your account later, such as the case with the $18,000 cash withdrawal. Due to November 27, 2025, being a federal holiday, the transaction posted to your transaction history on November 28, 2025. Regarding the description of the transaction, we're sorry for any confusion you may have experienced as our system identified and sorted your online transaction history, and we can assure you the transactions description and posting date do not affect the outcome of your dispute.

In regard to the access to the closed account's documents, we have explained that you are only able to view statements and documents online for 90 days following the date the account was closed. The account was closed

on November 26, 2025; therefore, the account documents are no longer available to view online. We will not be reenabling online access to the closed account, as it was closed for your security.

If your accounts meet the criteria for reporting, you will receive the appropriate tax documents from us. The IRS requires us to report certain information regarding the amount of interest, dividend or miscellaneous income, or gross proceeds from sales our customers receive from us, as well as certain mortgage interest our customers pay to us. We use specific forms, such as IRS Forms 1099 and 1098, to annually report income and interest paid. You may have the option to set your delivery preferences for receiving your tax documents depending on the types of accounts you have. To update delivery preferences for your tax documents, sign on to Wells Fargo Online®.

**What you need to know about your checking account deposits:**

You referenced returned deposits on your replacement checking account ending in 6488, after the closure of the account ending in 8197, which we closed per your request alongside the compromised savings account ending in 0543. After your account ending in 8197 was closed on November 26, 2025, you received your regular deposits into the replacement account ending in 6488 on December 1, 2025, from the State of Wyoming, and from the Social Security Administration (SSA) on December 17, 2025. As previously communicated to you, we found no errors or disruptions with these deposits. If there are missing deposits that should have been credited towards your account, please provide proof of return or rejected deposit so that we can research the matter.

Our research confirms that no changes to your employment status have been recorded in our system of record within the last 12 months. Additionally, we can assure you that your employment and income was not considered in the investigation or decisioning of your dispute.

**What you need to know about search warrants, subpoenas and legal orders:**

As disclosed at the beginning of this letter, there are items within your request that you, as a consumer, are not privileged to receive from the bank. Any requests we receive from a search warrant, subpoena or legal order, would be handled by our Legal Summons & Subpoena department, and any fulfilled requests would not be provided directly to you from Wells Fargo; rather, they would be provided directly to the requesting agency in accordance with applicable laws and procedures. Therefore, we encourage you to continue working with your local law enforcement agency directly, as Wells Fargo will not be releasing any information to you that may have been requested through the forementioned channels. Persistent requests for such will result in the same response.

**What you need to know about future cases:**

We understand you have suffered financial loss from the scam that occurred, and we acknowledge your dissatisfaction with the outcome of your claims, and with our responses to your cases.

Based on the information available at this time, we will not be reopening the claims involved in this incident. Persistent requests may result in the creation of additional cases, but they will not result in the reinvestigation of the claims. The concerns addressed within this response have been researched and responded to accurately and appropriately and will not receive a different response without any new claim information being provided.

**Concerns for Credit Card ending in 8713**

**Previous response**

We have reviewed the previous response mailed to you dated December 23, 2025. We have determined that the information provided in the previous response was correct. However, we are providing additional information to support our findings.

We confirmed with our Credit Card claims department that a fraud claim on your card ending in 4684 was closed on December 2, 2025, as no fraud posted to the account. Our records show that transaction verification was sent to the email and phone number on file to verify a transaction of $453.45 to the merchant "SHEIN" on November 24, 2025. Our records show that you reported fraud on the declined transaction with the merchant "SHEIN" for $453.45 on this same day. As the transaction was declined, it did not post to the account. We confirmed an alert was also sent to your online banking from Fraud Detection on November 24, 2025, advising you of the unusual activity detected on your card ending in 4684.

Additionally, you reported another transaction of $0.24 for the merchant "INTRODEPOT". This charge also did not post to your account. Furthermore, we have reviewed the statements for the life of the account and were unable to locate any posted transactions with the merchant "SHEIN" on card ending in 8713, 4684,3339, or 9474. We have enclosed your historical statements and the letter from our fraud department dated December 2, 2025, to further support that the transactions were not posted to your account.

Our Credit Card Claims department confirmed that their records show a past fraud claim on the card ending in 3339 that was closed in your favor in the amount of $213.82, for the merchant "WALMART.COM", which was resolved on October 2, 2024.

**Right to documentation**

Because the claim was closed with no monetary loss to you, it does not qualify for Regulation Z Right to Documentation. However, to assist you, we have enclosed the statements confirming that the transaction was not posted to your account.

**Search warrant**

The fraud team has not received a copy of a search warrant or any documentation from you regarding any of the credit card numbers mentioned in this letter to date.

**Complaint investigation process**

You expressed dissatisfaction with our Executive Office process and response. Our Executive Office is the highest level of escalation for Wells Fargo servicing concerns, and we are governed by the Consumer Financial Protection Bureau (CFPB). We are required to initiate and complete research of concerns we receive from our customers, and we are committed to providing an accurate and unbiased response. We are required to confirm the accuracy of any allegation of wrongdoing or expression of dissatisfaction and provide a response; although, our customer might not be in agreeance with our resolution.

**Case status**

We have closed the subject cases as of the date of this letter. If we receive additional information, we will open a new case to address any remaining or new concerns.

**How to contact us**

We appreciate the time and effort you took to contact us. If you have questions, you may reach us at

1-888-261-2807, Monday through Friday from 8:00 a.m. to 5:00 p.m. Central Time. We accept telecommunications relay service calls from individuals with hearing or speech disabilities. This includes calls facilitated by a trusted third party, such as a family member, so long as the customer is present and actively participating in the entire communication.

Sincerely,

Amanda R.
Escalations Representative
Enterprise Complaints Management Office
PO Box 5133, Sioux Falls, SD 57117
Fax: 1-877-243-3589

Enclosure
cc: Consumer Financial Protection Bureau



**WELLS FARGO**

**Enterprise Complaints Management Office**
PO Box 5133
Sioux Falls, SD 57117

April 22, 2026

Jiselle Y McKee
7052 Rilley Rd
Cheyenne, WY 82009

Subject: We're responding to your concerns
Wells Fargo case number: 06202603160004470, 06202603190004890, 06202603200001102, 06202603200001012, 06202603170008311, 06202603200001534, 06202603190006454, 06202603250008335, 06202603260001441, 06202603200003279, 06202603260001680, 06202603260001893, 06202603260001955, 06202603260003256, 06202603260003401, 06202603260004133, 06202603260001287, 06202603200001439, 06202603300001885, 06202603300010107, 06202603310001050, 06202603310001174, 06202603310001333, 06202603170001223, 06202603190007127, 06202603260000643, 06202603270004953, 06202603200002858, and 06202603200003398
Account numbers ending in: 6510, 0543, 6488, and 8197
Consumer Financial Protection Bureau, case number: 260316-30035858, 260319-30213442, 260320-30243573, 260320-30243393, 260317-30117109, 260320-30256142, 260319-30225658, 260325-30485014, 260326-30508902, 260320-30257014, 260326-30509495, 260326-30509623, 260326-30509907, 260326-30515535, 260326-30516047, 260326-30516465, 260326-30499254, 260320-30244268, 260329-30646488, 260330-30684627, 260330-30687041, 260331-30704884, 260331-30705305, 260317-30090773, 260319-30219887, 260325-30487106, 260327-30580937, 260320-30256773, and 260320-30257995

Dear Jiselle Y McKee:

The 29 subject cases mentioned above are the remaining of the 110 Consumer Financial Protection Bureau (CFPB) complaint cases that we have recently received, related to the subject accounts. We have completed our review of the concerns referenced within the subject cases and determined that several of the concerns raised within these correspondences were previously addressed by our office, while others have yet to receive a response, and therefore will be addressed within this letter. Be assured, our research is accurate and our response to each concern is appropriate and final, based on the information available at this time.

Please note, the information provided within our responses is the information you are privileged to as a consumer. This means that not all of your requests will be fulfilled, as we are restricted by items beyond our control, such as federal regulations, third party service agreements, and legal or regulatory implications. You, as a consumer, are also not privileged to the details of internal processes, policies, or actions taken/not taken regarding Wells Fargo employees.

We may collect personal data as part of the complaint resolution process. For the categories of personal data that Wells Fargo may collect and how we use it, see the Wells Fargo California Consumer Privacy Act Notice at Collection at https://www.wellsfargo.com/privacy-security/notice-of-data-collection/. See additional Wells Fargo privacy notices at https://www.wellsfargo.com/privacy-security/.

ECMO–BT129_Res_M_E_04152026

As communicated to you within our response dated April 9, 2026, the following concerns were fully addressed within our response dated April 1, 2026, which you have confirmed receipt of. Since the subject cases contain no new information, our response to the following concerns remains the same.

**We have responded to your concerns regarding:**

- The claims related to this matter filed before April 1, 2026.
- Phishing/spoofing.
- The service you received.
- The negative experience you have had.
- Security measures.
- Account document requests.
- Provisional credit.
- Income/employment status.
- Missing deposits.
- Mobile/online banking issues and requests.
- Search warrants, subpoenas, and legal orders.

**What you need to know about your request for monetary compensation:**

The Stakeholder, Agency, Government, Executive team has conducted a thorough review of the investigation completed by our Claims Assistance Center on the claims detailed below, and we can confirm that there were no errors made in the processing, handling, or decisioning of your claims, including no indication that there has been a violation of the Electronic Fund Transfer Act (Regulation E). We stand by the responses previously provided to you regarding the dispute of the $18,000 cash withdrawal and the $17,800 cash deposit, and again we decline your request for any monetary reimbursement relating to this incident. Persistent requests for such, without any new information, will result in the same response.

**What you need to know about the claims filed on/after April 1, 2026:**

You reported to our Claims Assistance Center on April 1, 2026, of the $18,000 cash withdrawal and the $17,800 cash deposit, as unauthorized. As a result, claim numbers 2604010049978 and 2604010046118 were opened on this date. Please note, since the claims did not exceed 10 business days, they did not require provisional credit to be provided.

Claim number 2604010049978 was opened for the $18,000 cash withdrawal that you made in the branch. The dispute was rerouted to the appropriate claim, number 2025120200001, which was previously denied and closed. Since you did not provide any new information, claim number 2025120200001 was not reopened and, therefore, it remains denied. Our research confirms these details were provided to you over the phone when you called in and spoke with our Claims Assistance Center on April 6, 2026.

Claim number 2604010046118 was opened for the $17,800 cash deposit that you made at the Automated Teller Machine (ATM). Since you did not provide any new information, we were still unable to trace where you sent the cash. A letter was sent to you by the Claims Assistance Center on April 2, 2026, communicating that, without any new information, the dispute remains closed.

Additional information was received on April 13, 2026, which led to the opening of claim number 7041526T086 to complete further investigation into the $17,800 cash deposit. Unfortunately, there is still not enough information to determine where the cash was sent; therefore, this claim as well, was denied and closed on April 17, 2026. Since this claim was closed within 10 business days it did not require provisional credit. Additionally, a Right to Documentation request was submitted on April 22, 2026. If we are able to fulfill the request, the information will be provided to you by mail within 30 calendar days.

You expressed in a recent correspondence to us that there were date discrepancies related to the forementioned claims, such as when they were filed, when they were received, and when they were closed. We apologize for any confusion you may have experienced when receiving updates from us regarding these claims. We can confirm that the dates provided above are accurate and align with our systems of record.

**What you need to know about arbitration:**

We encourage you to review pages 35 and 36 of the Deposit Account Agreement, for the information you requested on arbitration. You can access a full copy of the agreement at your local Wells Fargo branch, or by visiting us online:

1. Access wellsfargo.com.
2. Select the magnifying glass to access the search function.
3. Type "Account Disclosures" and hit Enter.
4. Select *Consumer Account Disclosures – Wells Fargo* from the options in the search results.
5. Enter your zip code, if prompted.
6. Select the link for the document you would like to review.

To locate a branch near you and schedule an appointment online, access wellsfargo.com/locator.

**What you need to know about account statement requests:**

You have requested statement copies for your Everyday Checking account ending in 8197, which was opened in December 2008, and your Way2Save Savings account ending in 0543, which was opened in July 2014. As previously communicated, we will not be reenabling online access to your closed accounts. Therefore, to obtain the requested statements, you may contact Customer Service at 1-800-869-3557. Representatives are available 24/7, or book an appointment at your local Wells Fargo Bank branch. To locate a branch near you and schedule an appointment online, access wellsfargo.com/locator.

Please note, to manage risk through record and information management, we only retain documentation on inactive or closed accounts for a set period of time before the records are purged from our system. Therefore, records may not be available for items processed beyond seven years.

**What you need to know about our complaint-handling process and timeframes:**

We take all assertions of employee misconduct seriously. We reviewed the information you provided and found that the employee(s) followed our policies or procedures to communicate our complaint-handling process to you. Based on this research, there was no evidence to support your claim. If you're able to provide additional details, we'll review the matter again.

Just as we take the security of our customers' information seriously, we also take the security and privacy of our employees seriously. Therefore, they are not required to disclose their last name when communicating with our customers.

You asserted that Wells Fargo is in violation of the "45-day investigation window". This assertion is not accurate nor supported. Relevant to both Wells Fargo and regulatory agency complaints, an initial response is due within a specified timeframe and can be extended if needed. It is our responsibility to communicate the extension to the consumer after corresponding with the regulatory agency, which we completed in your case(s) via letter as well as our internal channels. We can confirm there were no deadlines that were not met without following both internal compliance policy and regulatory guidelines.

Per guidelines, Agency cases (such as these CFPB cases) received that match an existing open case with the same concerns, will be opened as "duplicate," and we will align their closures. This means that, although your complaints may not have been identical, the core matter, concern, or request was "duplicate" to open cases that had been received from the same Agency; and so, like-cases that contained the same items were worked and closed together.

You expressed dissatisfaction with the lack of email communication and the mass number of physical letters you have received from our office. Per guidelines, we are to provide correspondence to our regulators (such as the CFPB), and therefore to the consumer, by letter. You did not request email-only communication, so we used one consistent communication method to communicate with both the CFPB and you, when required. Required communication includes acknowledgment of the complaint case, notification of the extension of the complaint case, and final response to the complaint case. As a courtesy, emails were sent to you to bring awareness to the situation we faced internally due to the mass number of complaint cases you filed, and to explain how that may affect the timeliness of our response(s); however, regular email communication was not initiated because the research was in progress and we were not prepared to share a response with you.

You also expressed dissatisfaction with the extended offer to speak with us over the phone if you wished. This option continues to be available to you even if you request that we do not make outbound calls to you, because we are here to help.

**What you need to know about tracing ATM deposits:**

A deposit made in cash at an ATM is immediately credited to the account number to which it is sent. ATM cash deposits cannot be redirected or reversed systematically, meaning the bank must review the transaction to determine what recovery options, if any, are available. This highly depends on whether the receiving account can be identified.

The cash you deposited into the ATM is not traceable. You confirmed the method used to initiate the transaction was your digital card on your mobile device; however, there is no trace in our system of record that your digital card is associated with any cash deposits at that ATM on November 26, 2025. Without this evidence, and with only the information available to us at this time, we cannot trace the deposit you made.

You also expressed concern about the nickname linked to the receiving account reading "Jiselle Premier Checking" on the screen of the ATM at the time you made the deposit. Since we cannot identify the receiving account, we cannot complete an investigation into this concern. We can confirm, however, that none of your accounts with us are Premier Checking accounts, and none of your accounts with us are currently nicknamed "Jiselle Premier Checking".

We can confirm that there are no reports of an error with the ATM you told us you used to make the cash deposit during the end of November 2025, as well as no error made by the teller for the cash provided to you relating to the cash withdrawal in the branch.

**What's next?**

We have closed the subject cases as of the date of this letter. We encourage you to continue working with your local law enforcement and any other parties you may have involved in attempting to rectify this matter. As of the date of this letter, Wells Fargo considers our role in this matter complete until we receive any new information from you that could aid in tracing the transaction. Future correspondence received from you regarding the forementioned concerns, without any new information, will receive a response similar to this.

**How to contact us**

We appreciate the time and effort you took to contact us. If you have questions, you may reach us at 1-866-385-5008, ext. 221890, Monday through Friday from 7:00 a.m. to 3:00 p.m. Central Time. We accept telecommunications relay service calls from individuals with hearing or speech disabilities. This includes calls facilitated by a trusted third party, such as a family member, so long as the customer is present and actively participating in the entire communication.

Sincerely,

Amanda R.
Escalations Representative
Enterprise Complaints Management Office
PO Box 5133, Sioux Falls, SD 57117

cc: Consumer Financial Protection Bureau

**WELLS FARGO DETERMINATION LETTERS**

**Declaration of Jiselle McKee**

I, Jiselle McKee, declare as follows:

1. Wells Fargo issued determination letters denying my fraud claims without providing any evidence, findings, or explanation.

2. The determination letters did not include ATM records, electronic journal entries, chain of custody documentation, surveillance logs, or investigation notes.

3. The determination letters did not explain what investigation was conducted, what evidence was reviewed, or how conclusions were reached.

4. The letters relied on generic boilerplate language and did not address the specific facts of my missing 17,800 ATM deposit.

5. Wells Fargo did not provide copies of any documents it relied upon in making its determinations.

6. Wells Fargo did not provide any written explanation addressing the ATM video confirmation provided to law enforcement.

7. Wells Fargo did not address its failure to produce ATM accounting records or chain of custody documentation.

8. Wells Fargo did not provide any documentation showing that a reasonable investigation was conducted.

9. These failures prevented me from understanding the basis of Wells Fargo's decisions and from meaningfully disputing the determinations.

10. These actions violate Regulation E requirements to provide written explanations and copies of documents relied upon.

11. All statements in this declaration are true and based on my personal knowledge and the documents I received from Wells Fargo.

Signature: _Jiselle McKee_

Date: _5/6/2026_

EXHIBIT 10

MISSING ATM RECORDS AND CHAIN OF CUSTODY FAILURES

Description:

This exhibit documents Wells Fargo failure to produce required ATM records, chain of custody documentation, and internal audit materials related to Plaintiff 17,800 cash deposit made on November 26, 2025. Despite a judge signed search warrant and multiple requests from Plaintiff and law enforcement, Wells Fargo did not provide the mandatory ATM evidence needed to trace the deposit.

Relevance:

This exhibit demonstrates that Wells Fargo failed to maintain or produce the records necessary to verify the handling, processing, and custody of Plaintiff ATM deposit. These failures constitute procedural violations under the Electronic Fund Transfer Act and Regulation E, breaches of contractual duties, breaches of the implied covenant of good faith and fair dealing, negligence in ATM operations and recordkeeping, and obstruction of law enforcement investigation. The absence of required ATM records contradicts Wells Fargo statements that it could not find the deposit and supports Plaintiff claims that the bank failed to conduct a reasonable investigation.

Summary of Evidence:

Wells Fargo failed to provide required ATM records including:

- Electronic Journal logs for November 26, 2025

- ATM cassette totals showing cash intake and reconciliation

- ATM access logs documenting who opened the ATM and when

- ATM maintenance logs for the relevant date range

- ATM error codes and exception reports

- ATM balancing and reconciliation reports

- Internal chain of custody documentation for cash removed from the ATM

- Internal audit trail for the deposit transaction

- Surveillance logs associated with the ATM

- Internal notes or investigation records

11:25                     .ıll 5G<sub>w</sub> 73

< ① ❶            **2 Messages**            ∧  ∨

Detective Young, I wanted to che...

**1 New Message**                     Summarize

**DY**  **detective Young**              11:20 AM
     To: Jiselle McKee >

# Re: Follow-up on March 12 Warrant Compliance

Hi Jiselle,

I will give you a call this afternoon and explain what I have so far.

**Michael Young, Detective**
Laramie County Sheriff's Office
Criminal Investigations Division
1910 Pioneer Ave.
Cheyenne, WY 82001
Office: 307-633-4737
Work Cell: 307-640-9012
Email: Michael.Young@laramiecountywy.gov

See More

                          

1:58 ✈

◄ Mail

▼                                                    Delete | Forward

Last Sign In: Mar 17, 2026 10:42 AM

| | |
|---|---|
| **Sent:** | Mar 17, 2026 1:58 PM |
| **Expires:** | Apr 16, 2026 1:58 PM |
| **From:** | jiselle.cash@csuglobal.edu |
| **To:** | wellsfargoecmo@wellsfargo.com |
| **Cc:** | |
| **Subject:** | RE: Detective Young |

Amanda,

I am writing to document the status of my deposit dispute based on the information confirmed today.

Detective Young reviewed the ATM video and confirmed that it clearly shows me making the cash deposit. He also informed me that Wells Fargo told him the bank does not know where my deposit went after the ATM accepted it.

Once the ATM accepts the cash, the bank becomes responsible for maintaining custody, tracking the funds, and reconciling the ATM. If the bank cannot trace the deposit after accepting it, the responsibility for correcting the error shifts to the bank. This is consistent with federal error-resolution standards that require the bank to resolve deposit-related errors when the customer has provided evidence and the bank cannot produce evidence to the contrary.

Because the video confirms the deposit and Wells Fargo has stated it cannot account for the cash after acceptance, I am requesting immediate reimbursement of the full $17,800.

Please provide written confirmation of the reimbursement and the steps being taken to correct the error.

Thank you,

Jiselle

--- Originally sent by wellsfargoecmo@wellsfargo.com on Mar 17, 2026 8:27 AM ---

This message was sent securely using Zix ®

securemail.wf.com

Declaration of Jiselle McKee

I, Jiselle McKee, declare as follows:

1. On November 26, 2025, I deposited 17,800 in cash into a Wells Fargo ATM located at the Capitol Avenue branch in Cheyenne, Wyoming.

2. After reporting fraud to Wells Fargo, I requested the ATM records associated with my deposit, including the electronic journal logs, cassette totals, access logs, error codes, reconciliation reports, and chain of custody documentation.

3. Wells Fargo did not provide any of these records to me.

4. On January 9, 2026, a judge signed search warrant was issued to Wells Fargo requesting ATM records, chain of custody documentation, and account information.

5. The detective assigned to my case informed me that Wells Fargo did not provide the required ATM records or chain of custody documentation in response to the warrant.

6. The detective also informed me that Wells Fargo requested an extension to respond to the warrant but still did not provide the required records.

7. Without these records, neither I nor law enforcement could determine what happened to the 17,800 cash deposit after it entered Wells Fargo custody.

8. These statements are true and based on my personal knowledge.

Signature: _Jiselle McKee_

Date: _5/6/2026_

EXHIBIT 11

WELLS FARGO DENIALS CONTRADICTORY STATEMENTS AND FAILURE TO ISSUE WRITTEN DETERMINATIONS

Description:

This exhibit documents Wells Fargo denial letters and the absence of required written determinations for fraud claims, including the only mailed denial letter Plaintiff received dated December 5, 2023, addressed to Ava Bond and a Minor by Jiselle Y Cash, and the lack of written determinations for fraud claims filed on April 1, 2026. This exhibit also documents contradictory statements by Wells Fargo personnel regarding the existence of a judge signed search warrant and an internal reference number provided by law enforcement.

Relevance:

This exhibit demonstrates Wells Fargo failure to provide required written explanations and documents relied upon, reliance on verbal denials, contradictory statements by employees, denial of a valid warrant and internal reference number, and failure to comply with Regulation E written determination requirements. These failures support Plaintiff claims for statutory violations, negligence, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith conduct.

Summary of Evidence:

- Only mailed denial letter received dated December 5, 2023 addressed to Ava Bond and a Minor by Jiselle Y Cash, with no evidence or explanation.

- No written determinations issued for April 1, 2026 fraud claims.

- Written statement by Wells Fargo employee Brie stating representatives do not know if a subpoena or search warrant exists.

- Verbal statement by Wells Fargo employee Melissa stating no warrant exists.

- Call back to Melissa number in which Wells Fargo denied the internal reference number provided by Detective Young.

**WELLS FARGO**

Claims Assistance Center
Check Fraud Claims
MAC D1118-02F
12301 Vance Davis Dr. Floor 02
Charlotte, NC 28269-7699

12/05/2025

XNCLMTDTK9  001462 SP 01



AVA BOND
A MINOR BY JISELLE Y CASH
PO BOX 1813
CHEYENNE, WY 82003-1813

Subject: Resolution of your fraud claim
Claim #: 2025120200001

Dear AVA BOND & A MINOR BY JISELLE Y CASH:

We've completed our research of your inquiry about possible fraudulent transactions on your account ending in XXXXXX6510. Based on our review of your account and transaction records, we've found the transactions were authorized. As a result, we've denied and closed your claim.

If you have questions, please call us at 1-877-548-9230, Monday through Friday, 7:00 a.m. to 12:00 a.m. Eastern Time. For your convenience, we accept relay service calls, including 711, and can provide assistance services if preferred.

Thank you.

Claims Assistance Center

XNCLMTDTK9 001462  NNNNNNNNN NNN NYN 001 001    003007    20853318.1

[CLMPPEI I|002642|01|01|0|0|0|0]

Declaration of Jiselle McKee

I, Jiselle McKee, declare as follows:

1. The only mailed denial letter I have ever received from Wells Fargo regarding any fraud claim is the letter dated December 5, 2023, addressed to Ava Bond and a Minor by Jiselle Y Cash.

2. This letter did not include any evidence, findings, or explanation supporting the denial.

3. On April 1, 2026, I filed two separate fraud claims with Wells Fargo, one for the 18,000 withdrawal made under duress and one for the missing 17,800 ATM deposit.

4. Wells Fargo did not send any mailed or electronic denial letters for either of the April 1, 2026 fraud claims.

5. Wells Fargo did not provide any written determinations, claim numbers, or evidence for these claims.

6. In a final determination, Wells Fargo employee Brie stated that representatives do not know if a subpoena or search warrant exists.

7. This statement is false. A judge signed search warrant was issued on January 9, 2026, and Detective Young provided me with the internal Wells Fargo reference number associated with the warrant.

8. On February 26, during a phone call delivering a final determination, Wells Fargo employee Melissa stated that no search warrant exists.

9. After this call, I called back the number Melissa used and provided the internal reference number Detective Young gave me. The Wells Fargo representative told me that the reference number did not exist.

10. These statements contradict law enforcement records and Wells Fargo internal actions, including its request for an extension to respond to the warrant.

11. Wells Fargo failure to acknowledge the warrant, denial of its own reference number, and failure to issue written determinations violate Regulation E and demonstrate procedural failures and misrepresentation.

12. These statements are true and based on my personal knowledge.

Signature: *Jiselle McKee*

Date: 5/6/2026

EXHIBIT 12

CFPB COMPLAINT PATTERN AND CONTRADICTORY WELLS FARGO RESPONSES

Description:

This exhibit documents the pattern of Consumer Financial Protection Bureau complaints filed by Plaintiff and the contradictory, incomplete, or inaccurate responses provided by Wells Fargo. It includes evidence that Wells Fargo repeatedly closed complaints without reviewing evidence, issued boilerplate responses, contradicted its own prior statements, and failed to correct factual inaccuracies even when notified.

Relevance:

This exhibit shows repeated failures to investigate, contradictory statements about deposit existence, claim status, and the existence of a search warrant and internal reference number, failure to provide documentation required under Regulation E, and continued use of boilerplate responses inconsistent with the facts. These patterns support Plaintiff claims under the Electronic Fund Transfer Act and Regulation E and related claims.

Summary of Evidence:

- Multiple CFPB complaints filed due to Wells Fargo inaction.

- Complaints closed without reviewing evidence or contacting Plaintiff.

- Contradictory statements across CFPB responses about the deposit, warrant, and claim status.

- Boilerplate language issued without evidence or investigation.

- Failure to correct false statements after notification.

5/3/26, 4:20 PM                                                    Complaint Detail

 An official website of the United States Government

 Consumer Financial
Protection Bureau                                    Start a new complaint
                    (https://www.consumerfinance.gov/)

 ❮  All complaints (.)

# 251204-26546342

**CLOSED**

## ✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 12/4/2025 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

On 11/26/2025 at approximately 4:50 PM MST I deposited $17,800.00 into the Wells Fargo ATM located at 1701 Capitol Ave Cheyenne, WY 82001. I had withdrawn $18,000.00 from the location at 3600 E Pershing Blvd Cheyenne, WY 82001 but the ATM did not accept two of the $100 bills. Since Wells Fargo Bank opened an account that is being used for fraudulent purposes, they are responsible for the bank imposter scam that occurred.

I believed 1-800-340-0570 to be Wells Fargo Bank Fraud Department when they called me at 3:34pm on 11/26/2025. I was notified by Wells Fargo Bank on 11/24/2025 of fraudulent charges on my Wells Fargo Visa Credit Card (not related to my bank account). They set up a new Premier Bank account for me and had me deposit into it. Since Wells Fargo opened up this bank account for whoever this person is, they are responsible. My money is at Wells Fargo Bank and they were notified of my deposit within a couple of minutes as I called them immediately when

the ATM did not print a receipt for my deposit and was unable to open the
mobile banking app to check on my deposit with the information
provided.

View full complaint

 Sent to
company

**STATUS**

Sent to
company on
12/4/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response
is in progress and provide a final response in 60 days.

 Company
still working

**STATUS**

Company
response is in
progress as of
12/17/2025

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60
days from the date we sent your complaint to the company.

**COMPANY'S INTERIM RESPONSE**

The bank will need additional time to ensure we fully address all of the
concerns brought to our attention and provide a thorough response.

Complaint Detail

 # Company responded

| STATUS | RESPONSE TYPE |
|---|---|
| Company responded on 12/23/2025 | Closed with explanation |

## Company's Response

Provided a resolution apologizing for their experience and being a victim of a fraud scheme. Provided tips on how to avoid becoming a victim of a fraud scheme. Advised on 11-26-2025 a letter was sent advising action needed important information to keep their account secure. Based on the information gathered, they were a victim of a fraud scheme. Advised based on our investigation, it was determined that they or someone with their permission authorized the withdrawal and no error occurred; therefore, their claim was denied for reimbursement. Recommended to continue to work with their local Police department. Approved cross LOB support case verbiage-On November 24, 2025, we sent alerts to your email and phone number on file regarding a suspicious transaction in the amount of $453.45 with the merchant Shein.com. You responded that you did not recognize the transaction. Additionally, another transaction in the amount of $0.24 was reported as fraud at this time. We confirm this transaction did not post to the account. We have enclosed a copy of the letter sent to you by our Claims Department on December 2, 2025, which confirms these transactions did not post to the account. Well Fargo has security measures in place to help detect and prevent fraud. When we suspect a transaction may be fraudulent, we notify the customer either by text or email and ask them to confirm if they made the transaction or not. To protect our customers, we do not share specific information on our security protocols. To learn more about safeguarding your information and protecting yourself from fraud and identity theft, visit us online at wellsfargo.com/privacy-security/fraud/protect/fraud-tips/. Provided my contact information for any additional concerns.

**ATTACHMENTS**

RL.pdf (61.9 KB)

CCSEnclosure.pdf (182.2 KB)

 # Feedback provided

**STATUS**

Feedback provided on 12/24/2025

### Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**

No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**

Yes

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**

No

**ADDITIONAL COMMENTS**

Contributory negligence, Wells Fargo is responsible for $17,800 loss to scam however are denying any wrongdoing.

---

## What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).

- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on the company's response. Both are important to us and consumers who may have similar issues and concerns.

 **Closed**

The CFPB has closed your complaint.

Complaint Detail

Privacy Act Statement

OMB #3170-0011

Note on user experience

> Have a question?
>
> (855) 411-2372
>
> TTY/TTD: (855) 729-2372
>
> 9 a.m. to 6 p.m. ET, Monday through Friday
> (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

---

An official website of the United States Government

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

‹ All complaints (.)

# 260117-27892377

**CLOSED**

 Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 1/17/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

On Monday 11/24/2025 there was fraud on my Wells Fargo Visa Credit Card. So, when I received a phone call from Wells Fargo Fraud Department at 1-800-340-0570 (phone number is Wells Fargo Mortgage Dept per Laramie County Sheriff's report) on 11/26/2025 at 3:34 pm, I thought it was Wells Fargo calling me with more fraud as they stated. They instructed me to withdraw 18,000 cash from Wells Fargo Bank (or another fraudulent transaction might post to my account in that amount at 3600 E Pershing Blvd Cheyenne, WY 82001 and deposit the cash into the new premier checking account they opened tor me using downloaded Wells Fargo card to my iPhone. I reported this scam to the bank almost immediately as the ATM did not print a receipt so I used Wells Fargo mobile app on my iPhone to log into my new account using the new username and password they set up for me and was unable to log in and realized I must have been deceived. Wells Fargo Fraud department stated they could not locate the deposit which was 17,800 as the ATM rejected two 100 bills. They told me to go to the branch that I made the deposit at, but that branch was closed until the day after Thanksgiving which was

11/28/2025. I made an appointment for when the bank opened at 9am on 11/28/2025 and they were unable to locate the deposit stating they can't look up information without account number or debit card number. Brandon Jones said he can only look at my accounts but not where I deposited cash into what must be someone else's account. Since the amount is over 10,000, I feel they should have located the deposit immediately and put a freeze on it so that they could return my scammed money. I filed a complaint with IC3.gov on 11/26/2025 at 11:17:09 PM EST Submission ID 4da826aeaa848bcab45a018d1282115. I contacted the Laramie County Sheriff's department on 11/26/2025 at 6:28 PM MST (after contacting Wells Fargo Fraud Dept) that case # is 25-39665.

I have never made a large cash withdrawal before and Wells Fargo did not recognize I was stressed out and scared that the Wells Fargo Bank on Pershing Blvd was under FBI investigation. I believed that it was possible the branch was under investigation as this location made an error on a deposit in the past (over 10 years ago) shorting me a few hundred dollars when I deposited check from insurance for a totaled vehicle.

In previous correspondence with Wells Fargo they say that I made the withdrawal voluntarily but do not address the fact that I deposited cash into Wells Fargo ATM shortly after withdrawing it and that an account at Wells Fargo was used for fraud for this scam to occur. Therefore, they are responsible. Also a Wells Fargo phone number was used to contact me.

Wells Fargo closed my checking and savings account and opened new accounts with account numbers. They assured me my automatic deposits would automatically be deposited into my new account however that did not occur and I did not receive my pay until well after Christmas leaving me no money for Christmas.

**ATTACHMENTS**

Adobe Scan Jan 17, 2026.pdf (1.3 MB)

View full complaint ⊕

 **Sent to company**

**STATUS**

Sent to company on 1/17/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 # Company still working

**STATUS**

Company response is in progress as of 1/28/2026

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

**COMPANY'S INTERIM RESPONSE**

We'll need additional time to ensure we fully address all of the concerns brought to our attention and provide a thorough response.

 # Company responded

| **STATUS** | **RESPONSE TYPE** |
| --- | --- |
| Company responded on 2/3/2026 | Closed with explanation |

## Company's Response

In a letter to the customer, I advised we received their complaint from the Consumer Financial Protection Bureau (CFPB) Office of the Comptroller of the Currency (OCC). We are sorry to learn that this matter continues to be a source of concern. We regret any inconvenience or frustration that this matter might have caused you and appreciate you taking the time to share these most important observations with us. Providing quality customer service and reliable assistance are the top priorities of Wells Fargo, and we are sorry if this has not been the case in your situation. Our records indicate that your concerns have been thoroughly addressed in our response letter dated December 23, 2025. Enclosed is a copy of the bank response to your concerns. While we realize the information provided is not the response you were seeking, we hope this letter serves to clarify Wells Fargo's position regarding this matter.

**ATTACHMENTS**

Final_Response_McKee.pdf
(37.8 KB)

Enclosure_previous_RL.pdf
(55.9 KB)

 # Feedback
provided

**STATUS**
Feedback
provided on
2/3/2026

## Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**
No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**
Yes

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**
No

**ADDITIONAL COMMENTS**
Wells Fargo was served a search warrant from Laramie County Sheriff Dept on January 7 and they have yet to provide the Detective any of the investigative materials requested. Wells Fargo has still has not addressed the fact I deposited 17800 into Wells Fargo ATM and they had custody of this cash and have not disclosed how they list it.

## What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).

- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your
feedback on the company's response. Both are important to us and
consumers who may have similar issues and concerns.

 # Closed

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-
holidays/#url=Overview)

  An official website of the United States Government

 An official website of the United States Government


Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260204-28496297

**CLOSED**

 **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 2/3/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Summary of the Issue:
Wells Fargo has failed to properly investigate a missing $17,800 cash deposit I made at their ATM on 11/26/2025 at approximately 5pm. The bank denied my claim before reviewing critical evidence, including ATM footage that is currently under a law-enforcement warrant issued by the Laramie County Sheriff's Department and served on January 7,2026. Wells Fargo closed my case without completing a reasonable investigation, without reviewing custody-of-cash records, and without responding to law enforcement.

---

Full Complaint Narrative:

I am filing this complaint because Wells Fargo failed to properly investigate a missing $17,800 cash deposit I made at one of their ATMs. After I deposited the cash, the ATM accepted the bills, closed the deposit,

and did not return the money. The funds never posted to my account.

Immediately after discovering the issue, I reported it to Wells Fargo. Instead of conducting a full investigation, Wells Fargo prematurely denied my claim, stating "no bank error found," even though they had not reviewed the ATM footage, the electronic journal logs, the cash cassette balances, or any of the required custody-of-cash documentation.

The Laramie County Sheriff's Department has issued a warrant/subpoena to Wells Fargo for the ATM footage and related case materials. As of today, Wells Fargo has not responded to law enforcement's request. Despite this, the bank still closed my claim and reported to the CFPB that the matter was resolved, even though the investigation is incomplete and critical evidence has not been reviewed.

This is a serious procedural failure. Once cash enters a bank-owned ATM, the customer no longer has custody or control of the funds. Wells Fargo becomes the custodian of the cash and is responsible for tracking it through:

• ATM electronic journal (EJ) logs
• Cash cassette totals before and after the deposit
• ATM sensor data
• Error codes
• Vault reconciliation reports
• Armored carrier pickup/drop logs
• ATM footage

Wells Fargo denied my claim without producing any of these required records and without waiting for the sheriff's department's evidence request to be fulfilled. This indicates that no reasonable investigation was conducted.

Additionally, I have a documented history of deposit discrepancies at this same Wells Fargo branch, which further supports that this is a bank-side operational issue, not consumer error.

I am requesting that the CFPB require Wells Fargo to:

1. Reopen the investigation.
2. Provide all custody-of-cash documentation for the ATM during the time of my deposit.
3. Provide the ATM electronic journal logs for the transaction window.
4. Provide the cash cassette totals before and after my deposit.
5. Provide the ATM balancing and vault reconciliation reports.
6. Provide any error codes or sensor alerts recorded at the time.
7. Provide the ATM footage to law enforcement as required by the warrant.
8. Conduct a complete and reasonable investigation as required under federal regulations.

Wells Fargo closed my claim without reviewing evidence, without responding to law enforcement, and without fulfilling their obligations as

the custodian of the cash. I am requesting the CFPB's assistance to ensure a proper investigation is completed and that I am reimbursed for the 17,800.

Wells Fargo informed me that they had no record of my initial call to the fraud department, even though I contacted them from the parking lot immediately after making my ATM deposit at 5:10 PM on 11/26/2025. That call lasted eight minutes. To document this, I've included my Spectrum wireless bill, which shows the incoming call at 3:34 PM from the Wells Fargo Mortgage Department, as well as my outgoing calls to Wells Fargo. Melissa from the Wells Fargo executive offices called me today and stated that she had not been served a search warrant; however, Wells Fargo was in fact served on January 9 by Detective Young, and they provided him with the Wells Fargo reference number 31797669

**ATTACHMENTS**

IMG_4335.png
(906.4 KB)

Adobe Scan Jan 17, 2026.pdf (1.3 MB)

View full complaint ⊕



## Sent to company

**STATUS**

Sent to company on 2/3/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## Company still working

**STATUS**

Company response is in progress as of 2/13/2026

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

---

### COMPANY'S INTERIM RESPONSE

We'll need additional time to ensure we fully address all of the concerns brought to our attention and provide a thorough response.

## ✔ Company responded

| STATUS | RESPONSE TYPE |
|---|---|
| Company responded on 2/26/2026 | Closed with explanation |

### Company's Response

Please see the attached Bank response.

**ATTACHMENTS**

Final_Response__McKee_2381.pdf (57.5 KB)

Enclosure_previous_RL_12 (1).pdf (55.9 KB)

## ✔ Feedback provided

**STATUS**

Feedback provided on 2/26/2026

### Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**

No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**

Yes

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**

No

**ADDITIONAL COMMENTS**

Wells Fargo closed Complaints #3 and #4 on February 26, 2026, despite the fact that both complaints were still under active review and had approved extensions. Wells Fargo representative LaShawn requested two extensions for the investigation, and the second extension was approved through March 12. Wells Fargo representative Brie closed both complaints today before the extension period expired on April 2 and without producing the required evidence. This premature closure occurred while: • A judge-signed warrant remains outstanding. • Wells Fargo has produced only one item to law enforcement. • ATM video, electronic journals, cash totals, access logs, reconciliation reports, and Apple Wallet metadata have not been provided. • Wells Fargo continues to assert the transaction was "authorized" without reviewing the evidence. • Wells Fargo continues to misstate Regulation E by claiming they cannot issue provisional credit because the claim is closed. Wells Fargo's February 26 letter also contains factual inaccuracies and internal contradictions, including: • Claiming a "thorough review" while admitting representatives do not have access to subpoena information. • Claiming they cannot investigate the ATM deposit without a "receiving account," even though I deposited cash into my own account. • Claiming teller verification overrides fraud, despite the sheriff's report stating "This is in reference to a fraud." • Claiming they cannot issue provisional credit due to claim closure, which is not permitted under Regulation E. Closing CFPB-supervised complaints before the extension period expired, before evidence was produced, and while a warrant is still active is a procedural failure that prevents proper review. I request that CFPB reopen Complaints #3 and #4 and require Wells Fargo to complete the investigation, comply with the warrant, and provide the required documentation.

# What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).

- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your
feedback on the company's response. Both are important to us and
consumers who may have similar issues and concerns.

 **Closed**

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-
holidays/#url=Overview)

  An official website of the United States Government

 An official website of the United States Government

 Consumer Financial
Protection Bureau

(https://www.consumerfinance.gov/)

Start a new complaint

 **❮** All complaints (.)

# 260208-28652604

**CLOSED**

## ✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 2/8/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

1. Incoming Call Appearing as Wells Fargo

Date: November 26, 2025
Incoming number: 1-800-340-0570
Call start time: 3:34 PM
Call duration: 93 minutes (ended at 5:07 PM)

• At 3:34 PM, I received a call from 1-800-340-0570, a number that appeared to belong to Wells Fargo Mortgage.
• The call lasted 93 minutes, ending at 5:07 PM.
• During the call, I was coached on what to say and instructed to tell the bank the withdrawal was for "paying a contractor."
• I was under pressure and being directed throughout the call.
• I later reported this call as suspected fraud to Wells Fargo, the Laramie County Sheriff's Office, and IC3.

---

2. $18,000 Cash Withdrawal While Under Duress

Date: November 26, 2025
Withdrawal time: 4:25 PM
Amount: $18,000
Location: Wells Fargo branch on Pershing Boulevard, Cheyenne, WY
Teller: Sarah

• While still on the call from 1-800-340-0570, I went to the Pershing Boulevard Wells Fargo branch.
• Teller Sarah processed a cash withdrawal of $18,000 at 4:25 PM.
• I was actively being coached during the withdrawal.
• I was instructed to give a scripted explanation ("contractor").
• Because the transaction was made under deception and pressure, it is not considered authorized under Regulation E, even though I physically made the withdrawal.

---

2A. Prior Pershing Branch Deposit Error (Context for Why the Scam Felt Plausible)

Date: Over 10 years prior
Location: Same Pershing Boulevard Wells Fargo branch
Transaction: Insurance settlement deposit from Progressive
Issue: Branch shorted the deposit by several hundred dollars

• More than a decade earlier, the same Pershing Boulevard branch shorted me several hundred dollars when I deposited a large insurance check from Progressive for a totaled vehicle.
• I had to return to the branch with the check stub to get the deposit corrected.
• Because of this real, documented past error at the same branch, the scammer's claim that the Pershing branch was under FBI investigation felt plausible to me.
• This prior experience directly influenced why the scammer's narrative landed in a way that felt believable.

---

3. Immediate Fraud Reporting to Wells Fargo

Date: November 26, 2025
Time: 5:10 PM
Call duration: 8 minutes
Number dialed: 1-800-956-4442

• At 5:10 PM, three minutes after the call ended, I called 1-800-956-4442.
• I reported the fraud immediately.

Additional Wells Fargo Fraud Reporting Calls (Same Night)

Later that evening, I also contacted:

• 1-866-867-5568 (Wells Fargo Fraud Department)
• 1-800-869-3557 (Wells Fargo Customer Service)


I reported the fraud to multiple Wells Fargo departments on the night it occurred.

---

4. Report Filed With the Laramie County Sheriff's Office

Date: November 26, 2025
Time: 6:28 PM MST
Agency: Laramie County Sheriff's Office
Case number: 25-39665

• After contacting Wells Fargo's fraud department, I contacted the
Laramie County Sheriff's Office at 6:28 PM MST.
• I filed an official report.
• I provided Wells Fargo with the case number 25-39665 that same night.


---

5. IC3.gov Federal Complaint Filed

Date: November 26, 2025
Time submitted: 11:17:09 PM EST
Submission ID: 4da826aeaa848bcab45a018d1282115

• At 11:17:09 PM EST, I filed a federal cybercrime complaint with
IC3.gov.
• This filing documented:• The suspicious call from 1-800-340-0570
• The coaching and pressure
• The fraudulent $18,000 withdrawal
• The timeline of events

• I informed Wells Fargo that an IC3 complaint had been filed.


---

6. Large Cash Deposit at Approximately 5 PM on 11/26

Date: November 26, 2025
Approximate time: 5:00 PM
Amount: $17,800
Location: Wells Fargo ATM on Capitol Avenue, Cheyenne, WY
Teller: None — ATM deposit

• At approximately 5 PM, I made a $17,800 cash deposit at the Wells

Fargo ATM on Capitol Avenue.
• The ATM did not accept two old $100 bills, which I attempted to deposit.
• The remaining $17,800 was accepted by the ATM and recorded by Wells Fargo's systems.
• This same-day ATM deposit followed by a same-day in-person withdrawal at a different branch is a known fraud pattern that banks are required to detect.

---

7. In-Branch Visit on November 28 With Personal Banker Brandon E. Jones

Date: November 28, 2025
Time: 9:00 AM
Location: Wells Fargo branch (first business day after Thanksgiving closure)
Staff: Brandon E. Jones, Personal Banker

• Because the branch was closed on November 27 for Thanksgiving, the earliest possible in-person visit was November 28 at 9 AM, when the branch reopened.
• I arrived at 9 AM, the moment the branch opened, and met with Personal Banker Brandon E. Jones.
• This appointment was the first available opportunity to address the fraud in person after the holiday closure.
• I informed him of the fraudulent withdrawal, the suspicious call, and the events of November 26.
• This demonstrates that I acted immediately and responsibly once the branch reopened.

---

8. Wells Fargo's Failure to Provide Required ATM Evidence

Date Range: December 2025 – February 2026

Wells Fargo failed to produce multiple forms of required ATM evidence, including:

• ATM video footage
• Cash cassette totals
• ATM cash-handling logs
• Electronic journals (EJ logs)
• Access logs
• Chain-of-custody documentation
• Error codes or sensor data
• Reconciliation reports

These records are standard, required, and routinely produced in ATM-related investigations.

Wells Fargo's inability or refusal to provide them is a major procedural failure.

---

9. Wells Fargo's Initial Investigation Failure

Date: Late November – Early December 2025

• Wells Fargo closed the investigation without contacting me.
• I was not asked for evidence, clarification, or a rebuttal.
• Required Regulation E dispute-handling procedures were not followed.

---

10. First CFPB Complaint Filed

Date: December 4, 2025

• I filed my first CFPB complaint due to Wells Fargo's failure to investigate properly.

---

11. First CFPB Complaint Closed

Date: December 24, 2025

• The CFPB marked the first complaint closed.
• I was not given an opportunity to provide consumer feedback or rebut Wells Fargo's response.

---

12. Search Warrant Issued and Served on Wells Fargo

Date: January 9, 2026
Agency: Laramie County Sheriff's Office
Detective: Detective Young
Wells Fargo internal reference number: 31797669

• On January 9, 2026, Detective Young from the Laramie County Sheriff's Office served a search warrant on Wells Fargo.
• Wells Fargo confirmed receipt of the warrant.
• Wells Fargo provided Detective Young with their internal reference number: 31797669.
• This proves Wells Fargo was fully aware of the investigation and obligated to preserve and produce all relevant evidence.
• Despite this, Wells Fargo did not incorporate the warrant or its evidence requirements into their investigation.

5/3/26, 4:24 PM                                    Complaint Detail

---

13. Second CFPB Complaint Filed

Date: January 17, 2026

• I filed a second CFPB complaint due to continued procedural failures
and Wells Fargo's failure to consider involvement by the Laramie County
Sheriff's Office.

---

14. Second CFPB Complaint Closed

Date: February 3, 2026

• The CFPB marked the second complaint closed.
• Again, I was not given an opportunity to rebut Wells Fargo's response.
• Wells Fargo still did not address:• The call from 1-800-340-0570
• The duress
• The coaching
• The same-day deposit + withdrawal
• The January 9 warrant
• The missing ATM evidence
• Regulation E requirements

---

15. Third CFPB Complaint Filed (Current Active Case)

Date: February 3, 2026

• I filed a third CFPB complaint due to:• Two premature closures
• Contradictory statements
• Failure to request evidence
• Failure to consider involvement by the Laramie County Sheriff's Office
• Failure to follow risk-mitigation procedures
• Failure to follow Regulation E requirements
• Failure to provide required ATM evidence

• Wells Fargo's ECMO and Executive Office contacted me, indicating
elevated review.
• I am currently awaiting their 10-day response.

---

16. Ongoing Harm

Date Range: November 26, 2025 – Present**

• Financial loss totaling $17,800 remains unresolved.

• My automatically deposited paychecks did not reach my new Wells Fargo account, despite being told they would transfer correctly.

• As a result, I had no access to my paycheck during the Christmas holiday, causing significant financial hardship.

• Wells Fargo's premature account closures created an additional risk: if my closed accounts do not remain open and accessible, I will not be able to retrieve the transaction records I need for tax filing, despite informing Wells Fargo that I require access for this purpose.

• Continued financial instability due to Wells Fargo's failure to correct the error.

• Significant time spent documenting the issue and filing multiple CFPB complaints.

**ATTACHMENTS**

Adobe Scan Jan 17, 2026.pdf (1.3 MB)

IMG_4334.png (910.7 KB)

IMG_4335.png (906.4 KB)

IMG_4333.png (890.2 KB)

View full complaint ⊕

 **Sent to company**

**STATUS**

Sent to company on 2/8/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 **Company still working**

**STATUS**

Company response is in progress as of 2/20/2026

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

---

### COMPANY'S INTERIM RESPONSE

We'll need additional time to ensure we fully address all of the concerns brought to our attention and provide a thorough response.

## ✓ Company responded

**STATUS**

Company responded on 2/26/2026

**RESPONSE TYPE**

Closed with explanation

## Company's Response

Please see the attached Bank response.

**ATTACHMENTS**

Enclosure_previous_RL_12.pdf (55.9 KB)

Final_Response__McKee_5562.pdf (57.5 KB)

## ✓ Feedback provided

**STATUS**

Feedback provided on 2/26/2026

## Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**

No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**

Yes

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**

No

**ADDITIONAL COMMENTS**

Wells Fargo closed Complaints #3 and #4 on February 26, 2026, despite the fact that both complaints were still under active review and had approved extensions. Wells Fargo representative LaShawn requested two extensions for the investigation, and the second extension was approved through March 12. Wells Fargo representative Brie closed both complaints today before the extension period expired and without producing the required evidence. This premature closure occurred while: • A judge-signed warrant remains outstanding. • Wells Fargo has produced only one item to law enforcement. • ATM video, electronic journals, cash totals, access logs, reconciliation reports, and Apple Wallet metadata have not been provided. • Wells Fargo continues to assert the transaction was "authorized" without reviewing the evidence. • Wells Fargo continues to misstate Regulation E by claiming they cannot issue provisional credit because the claim is closed. Wells Fargo's February 26 letter also contains factual inaccuracies and internal contradictions, including: • Claiming a "thorough review" while admitting representatives do not have access to subpoena information. • Claiming they cannot investigate the ATM deposit without a "receiving account," even though I deposited cash into my own account. • Claiming teller verification overrides fraud, despite the sheriff's report stating "This is in reference to a fraud." • Claiming they cannot issue provisional credit due to claim closure, which is not permitted under Regulation E. Closing CFPB-supervised complaints before the extension period expired, before evidence was produced, and while a warrant is still active is a procedural failure that prevents proper review. I request that CFPB reopen Complaints #3 and #4 and require Wells Fargo to complete the investigation, comply with the warrant, and provide the required documentation.

---

# What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).

- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your
feedback on the company's response. Both are important to us and
consumers who may have similar issues and concerns.

 # Closed

The CFPB has closed your complaint.

---

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-
holidays/#url=Overview)



 An official website of the United States Government

 An official website of the United States Government

---

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

---

❮ All complaints (.)

# 260225-29271369

**CLOSED**

 **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 2/25/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

Subject: Request for CFPB Escalation Due to Unreasonable Delay

Message:
This delay is unacceptable. My issue has been unresolved since November 26, 2025, and my first CFPB complaint was filed on December 5, 2025. Wells Fargo has had more than sufficient time to investigate and respond.

Despite multiple CFPB submissions and repeated extensions, Wells Fargo is now requesting additional time until April 2, 2026, which is far outside the CFPB's expected 15-day and 60-day response windows. This pattern of delay appears to violate the spirit of timely investigation under Regulation E and undermines the purpose of the CFPB complaint process.

I am requesting CFPB supervisory review or manual escalation of this complaint due to the excessive and unreasonable delays. Wells Fargo has

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

**‹** All complaints (.)

# 260302-29450149

**CLOSED**

 **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/2/2026 | Checking or savings account | Closing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

Issue: Wells Fargo closed access to my closed accounts despite multiple documented requests to keep them open for tax purposes.

Statement:

Wells Fargo has closed online access to my closed accounts even though I explicitly requested that access remain open for tax-related reasons. I am an independent contractor for the State of Wyoming and rely on prior-year transaction histories, deposits, and expense records to complete my taxes and to substantiate income and expenses in the event of an audit.

On February 7–8, 2026, I submitted written requests to Wells Fargo's Executive Office and to the Wells Fargo branch on Capitol Avenue in Cheyenne, Wyoming, informing them that I needed continued access to my closed accounts for tax preparation. I also explained that I am paid weekly by the State of Wyoming and that my contractor income and business expenses were processed through these accounts.

Despite these clear and timely requests, Wells Fargo closed my online access. This prevents me from retrieving essential tax documentation, including transaction histories, deposit records, and expense proof. As an independent contractor, these records are required not only for annual filing but also for future audits, which can occur years later. I requested that access remain available indefinitely for this reason.

Wells Fargo's actions have created unnecessary barriers to my tax compliance and ignored my documented requests. I am asking the CFPB to require Wells Fargo to restore and maintain online access to my closed accounts so I can retrieve the tax documentation I am legally required to keep.

**ATTACHMENTS**

IMG_4549.png
(674.1 KB)

View full complaint ⊕

 **Sent to company**

**STATUS**

Sent to company on 3/2/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 **Company still working**

**STATUS**

Company response is in progress as of 3/13/2026

### The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60

days from the date we sent your complaint to the company.

---

### COMPANY'S INTERIM RESPONSE

We'll need additional time to ensure we fully address all of the concerns brought to our attention and provide a thorough response.

## ✓ Company responded

| STATUS | RESPONSE TYPE |
|---|---|
| Company responded on 4/1/2026 | Closed with explanation |

## Company's Response

Provided response to customer for the information they are privy to. Explained the volume of complaints, written acknowledgements/extension and how some cases will be responded to separately. Confirmed our previous responses addressed these concerns, but we will address it in this letter as well. Provided definition of case v. claim since customer seems to believe submitting the CFPB complaint case is opening her claims. It is not. Unless new claim information is provided for the withdrawal claims, they will not be reopened. Explained that some of her requests and asserted entitlements, she is not privileged to and internal processes or conduct will not be shared. Summarized the scam they were victim to and the narrative of what occurred with the withdrawal and subsequent lost stolen transfer on the accounts. Two claims were opened for the withdrawal the customer conducted and both claims are not providing reimbursement as it confirmed that the customer performed the transactions and no error occurred. Cash is an immediate form of payment. The fast track deposit claim the customer referenced was a in branch referral number for a complaint case. The customer's claims were conducted with no error and within the required timeframe. They are not reg e protected and the right to documentation requests are not accepted. Any requests for info about the ATM "claim" or documentation is info the customer is not privy to as they deposited funds to a 3rd party's account that they are not authorized on. Provided phishing info for the customer to be aware of for the future. Apologized for service concerns experienced. Went over our security measures and how ultimately the customer is responsible for the transactions they authorized on their account and referenced the deposit account agreement. Confirmed why the savings was closed for lost and stolen transfer and went over how the pending description vs. the posting description and pending/posting dates of the transaction may have been confusing but did

Complaint Detail

not impact their transaction already performed nor did it impact the claim. Per our agreements, the closed account is not accessible through online banking after 90 days. The customer's applicable tax forms will be sent timely if meeting the interest thresholds when applicable. Confirmed the customer's pay appears to have continued posting to the checking account. They may submit documentation supporting an error if they have it available. They customer's recorded employment status has not changed in the last 12 months and had no impact on the claims outcome. We cannot and will not confirm to the customer about whether we do or do not have a warrant, and reaffirmed, we work with law enforcement and her as the consumer is not privy to what this entails. Credit card case addressed the previous response in December was correct. It goes over the transactions on the account, declined and not posting. It confirms under reg z the customer does not have right to documentation, but their statements are enclosed for their reference and review. It confirms no search warrant is present for the customer for the credit card fraud team. The customer may continue to express dissatisfaction, but this will not change our response.

**ATTACHMENTS**

McKee Final Response Batch 1.pdf (108 KB)

McKee Credit Card Enclosure Part2.pdf (7.2 MB)

McKee Credit Card Enclosure Part1.pdf (9.9 MB)

McKee Credit Card Enclosure 2.pdf (9.3 KB)

 # Feedback provided

**STATUS**

Feedback provided on 4/1/2026

# Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**

No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**

Yes

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**

No

**ADDITIONAL COMMENTS**

This complaint is in regards to closed account access for tax purposes and I cannot import data for tax filing purposes without access to closed accounts. The paper copy cretes burden to manually add expenses as an

independent contractor. This rebuttal is in response to Wells Fargo's most recent statement. Their response contains factual inaccuracies, procedural errors, and contradictions that do not address the core issue: I was the victim of a scam, and the bank has still not provided the required evidence showing what happened to the $17,800 cash ATM deposit. 1. Wells Fargo continues to classify this as "customer authorized," which contradicts law enforcement. I deposited the funds because I was being actively coached by a scammer. Law enforcement has classified this incident as fraud, not an authorized transaction. The detective also confirmed that the packet Wells Fargo sent to law enforcement was incomplete and missing documents. Wells Fargo's classification directly contradicts the findings of law enforcement. 2. Wells Fargo refuses to provide ATM evidence or accounting, even though I was the depositor. Although the deposit was made into a third-party account, I was the depositor, and I am entitled to documentation showing what happened to the cash I physically placed into the ATM. Wells Fargo has refused to provide: • the ATM logs, • the timestamp of the deposit, • the accounting trail, • the ATM balancing records, • or any documentation showing where the cash went. They cannot deny a claim while withholding the evidence used to deny it. 3. Wells Fargo's statement that I am "not privy" to ATM documentation is incorrect. The depositor is always entitled to evidence of the deposit. Wells Fargo's refusal to provide documentation is a procedural failure and prevents any meaningful review of their decision. 4. Wells Fargo's narrative of the event is inaccurate and incomplete. Their response attempts to summarize the scam but omits critical facts, including: • I was coached by a scammer impersonating law enforcement, • I was instructed to deposit cash into a third-party account under duress, • the scammer remained on the phone during the entire transaction, • and the detective confirmed this was a fraud event, not an authorized transaction. 5. Wells Fargo's claim that "no error occurred" is unsupported because they have not provided evidence. They continue to assert that the transaction was "customer authorized" and that "no error occurred," yet they have not produced any documentation showing what happened to the cash after it entered the ATM. Without evidence, their conclusion is unsupported. 6. Wells Fargo's response does not address the missing ATM deposit at all. Their letter focuses on unrelated issues, internal policies, and definitions of "case vs. claim," but does not address: • the missing $17,800, • the missing ATM evidence, • the missing accounting, • the incomplete packet sent to law enforcement, • or the contradiction between their classification and the detective's fraud determination. 7. Wells Fargo's refusal to provide documentation prevents me from verifying their decision. They state that I am "not privileged" to see the evidence used to deny my claim. This makes it impossible to confirm whether their investigation was accurate or complete. 8. I am requesting CFPB intervention. I am asking the CFPB to require Wells Fargo to: • provide the ATM evidence and accounting showing what happened to the $17,800 cash deposit, • explain why they are classifying a fraud event as "customer authorized," • address the contradiction with law enforcement's findings, • provide the missing documentation that should have been included in the law enforcement packet, • and conduct a meaningful investigation rather than issuing repeated template denials. Wells Fargo's response does not address the facts, does not provide evidence, and does not resolve the underlying issue. Wells Fargo has issued another "final determination" on my dispute while still refusing to provide the evidence required to support their decision. They are also closing my complaints in batches without addressing the issues raised. The bank

continues to classify the transaction as "customer authorized," which directly contradicts law enforcement's classification of the incident as fraud. 1. Wells Fargo issued another "final determination" with no evidence. On 4/1/2026, Wells Fargo sent me a new "final determination" letter from Escalations Representative Amanda R. This letter contains no new evidence, no ATM records, no accounting, and no explanation of what happened to my deposit. It simply repeats the same statements from prior letters. The bank continues to deny my claim without providing any documentation to justify the denial. 2. Wells Fargo is closing complaints in batches without addressing the issues. On the same day, Wells Fargo closed more than 50 of my CFPB complaints using identical boilerplate language. None of the complaints were addressed individually. None of the issues raised were acknowledged. The bank is mass-closing complaints without conducting a meaningful investigation. 3. Wells Fargo still refuses to provide ATM evidence or accounting. The bank continues to classify the loss as "customer authorized," yet they have never disclosed: • what time the ATM deposit was lost, • where in the process the funds were lost, • any ATM logs, • any internal accounting records, • any documentation showing the deposit was accepted and then misdirected. They cannot classify the loss as "authorized" while withholding the evidence that would show what actually happened to the deposit. 4. The bank's "customer authorized" classification contradicts law enforcement. The sheriff's office has classified the incident as fraud, not an authorized transaction. The detective informed me that the packet Wells Fargo provided to law enforcement was incomplete and missing documents. Wells Fargo's internal classification of "customer authorized" directly contradicts the law enforcement fraud determination and is not supported by evidence. 5. Wells Fargo's statements about my income are inaccurate. The bank claims there were "no issues" with my deposits, but this is false. I am a weekly-paid independent contractor for the State of Wyoming. Wells Fargo rejected my second week of contractor pay after they closed my account. I had to physically go into the branch to obtain a letter so the State of Wyoming could update my banking information. Their statement that my income was unaffected is factually incorrect. 6. Wells Fargo created an undue burden by removing access to my closed account. Wells Fargo closed my account on 11/26/2025 and removed online access after 90 days. They now provide only an "account summary," which does not allow me to import tax data. As an independent contractor, I rely on accurate electronic records. I am now forced to manually reconstruct all transactions, which is time-consuming and unnecessary. This is an undue burden created entirely by the bank's actions. 7. The bank's responses do not address the issues raised in my complaints. The 4/1/2026 letter does not address: • the missing ATM evidence, • the missing accounting, • the inaccurate statements about my income, • the rejected contractor pay, • the burden created by removing access to my closed account, • the contradiction between "customer authorized" and law enforcement's fraud determination. Instead, Wells Fargo continues to issue template responses and close complaints without meaningful review. 8. I am requesting CFPB intervention. I am asking the CFPB to require Wells Fargo to: • provide the ATM evidence and accounting showing what happened to my deposit, • explain why they are classifying the loss as "customer authorized" when law enforcement has classified it as fraud, • correct the inaccurate statements about my income and rejected deposits, • explain why they are closing complaints without addressing the issues, • restore access to my closed account or provide an alternative that allows proper tax import, • and conduct a meaningful

investigation rather than issuing repeated template "final determinations." Wells Fargo has not provided evidence, has not addressed the issues raised, and continues to close complaints without resolving the underlying problem.

## What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).

- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on the company's response. Both are important to us and consumers who may have similar issues and concerns.

 **Closed**

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

An official website of the United States Government

5/3/26, 4:32 PM                                    Complaint Detail

 An official website of the United States Government

 **Consumer Financial Protection Bureau**
(https://www.consumerfinance.gov/)

Start a new complaint

 ❮ All complaints (.)

# 260302-29480044

**CLOSED**

✓ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/2/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Summary:
At 12:02 PM today, I received an unauthorized phone call from Britney [last name unknown] at Wells Fargo, despite my explicit written demand for no phone contact due to an active criminal investigation. During this call, she closed two open CFPB complaints that she acknowledged were still active. I did not authorize closure. Wells Fargo has still produced zero evidence regarding my missing $17,800 ATM deposit, despite an active search warrant and direct contact from law enforcement.

---

Core Issues

1. Unauthorized phone contact during an active criminal investigation

I have repeatedly instructed Wells Fargo to communicate in writing only. There is an open search warrant issued January 9, and all communication

Complaint Detail

must be documented.
Despite this, Britney called me at 12:02 PM today.

2. Premature and improper closure of two active CFPB complaints

During the unauthorized call, Britney acknowledged the two open
complaints and then closed both immediately afterward.
I was not given:

• an opportunity to rebut,
• an opportunity to submit evidence,
• or any explanation for closure.
This is a pattern Wells Fargo has used to avoid written accountability.

3. Failure to comply with a valid search warrant

Wells Fargo has failed to produce any of the evidence required by the
warrant, including:

• ATM footage,
• electronic journals,
• cash logs,
• reconciliation reports,
• machine ID trace data,
• or any documentation showing what happened to my $17,800 deposit.

4. Contradictory and implausible statements about ATM traceability

Wells Fargo representatives have repeatedly claimed they "cannot find"
my ATM deposit unless I provide a full name or account number.
ATM deposits are electronically traceable by:

• timestamp,
• machine ID,
• sequence number,
• cash intake logs,
• and internal balancing reports.
Wells Fargo has produced none of this.

5. Law enforcement involvement ignored

Detective Young contacted Wells Fargo today regarding:

• the premature closures,
• the false claim that the ATM deposit cannot be located,
• and the bank's continued failure to produce evidence.
Wells Fargo has still provided nothing.

View full complaint ⊕

 ## Sent to company

**STATUS**

Sent to company on 3/2/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 ## Company still working

**STATUS**

Company response is in progress as of 3/13/2026

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

**COMPANY'S INTERIM RESPONSE**

We'll need additional time to ensure we fully address all of the concerns brought to our attention and provide a thorough response.

 # Company responded

**STATUS**

Company
responded
on
4/1/2026

**RESPONSE
TYPE**

Closed with
explanation

## Company's Response

Provided response to customer for the information they are privy to.
Explained the volume of complaints, written
acknowledgements/extension and how some cases will be responded to
separately. Confirmed our previous responses addressed these concerns,
but we will address it in this letter as well. Provided definition of case v.
claim since customer seems to believe submitting the CFPB complaint
case is opening her claims. It is not. Unless new claim information is
provided for the withdrawal claims, they will not be reopened. Explained
that some of her requests and asserted entitlements, she is not privileged
to and internal processes or conduct will not be shared. Summarized the
scam they were victim to and the narrative of what occurred with the
withdrawal and subsequent lost stolen transfer on the accounts. Two
claims were opened for the withdrawal the customer conducted and both
claims are not providing reimbursement as it confirmed that the customer
performed the transactions and no error occurred. Cash is an immediate
form of payment. The fast track deposit claim the customer referenced
was a in branch referral number for a complaint case. The customer's
claims were conducted with no error and within the required timeframe.
They are not reg e protected and the right to documentation requests are
not accepted. Any requests for info about the ATM "claim" or
documentation is info the customer is not privy to as they deposited funds
to a 3rd party's account that they are not authorized on. Provided phishing
info for the customer to be aware of for the future. Apologized for service
concerns experienced. Went over our security measures and how
ultimately the customer is responsible for the transactions they authorized
on their account and referenced the deposit account agreement.
Confirmed why the savings was closed for lost and stolen transfer and
went over how the pending description vs. the posting description and
pending/posting dates of the transaction may have been confusing but did
not impact their transaction already performed nor did it impact the claim.
Per our agreements, the closed account is not accessible through online
banking after 90 days. The customer's applicable tax forms will be sent
timely if meeting the interest thresholds when applicable. Confirmed the
customer's pay appears to have continued posting to the checking
account. They may submit documentation supporting an error if they have
it available. They customer's recorded employment status has not changed
in the last 12 months and had no impact on the claims outcome. We
cannot and will not confirm to the customer about whether we do or do
not have a warrant, and reaffirmed, we work with law enforcement and
her as the consumer is not privy to what this entails. Credit card case
addressed the previous response in December was correct. It goes over

the transactions on the account, declined and not posting. It confirms under reg z the customer does not have right to documentation, but their statements are enclosed for their reference and review. It confirms no search warrant is present for the customer for the credit card fraud team. The customer may continue to express dissatisfaction, but this will not change our response.

**ATTACHMENTS**

McKee Credit Card Enclosure Part1.pdf (9.9 MB)

McKee Credit Card Enclosure Part2.pdf (7.2 MB)

McKee Credit Card Enclosure 2.pdf (9.3 KB)

McKee Final Response Batch 1.pdf (108 KB)

 # Feedback provided

**STATUS**

Feedback provided on 4/1/2026

# Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**

No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**

Yes

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**

No

**ADDITIONAL COMMENTS**

This complaint referenced violation of my written only communication request, and Brie changing her name to Brittany. This was not addressed in Amanda's final determination. This rebuttal is in response to Wells Fargo's most recent statement. Their response contains factual inaccuracies, procedural errors, and contradictions that do not address the core issue: I was the victim of a scam, and the bank has still not provided the required evidence showing what happened to the $18,000 withdrawal or the $17,800 ATM cash deposit. --- 1. Claim #2604010049978 — Fraudulent $18,000 Withdrawal Claim number 2604010049978 was opened for the fraudulent $18,000 withdrawal processed at the Pershing branch on November 26, 2025. This withdrawal occurred while I was being actively coached by a scammer impersonating law enforcement. Key issues Wells Fargo has not addressed: • The teller Sarah's inappropriate comment about "contractors giving discounts for cash," which normalized suspicious activity. • The transaction ledger originally showed "cashier's check," which I never

received. • The ledger was later changed to "cash withdrawal." • When I reported this, the fraud department argued with me about whether a ledger change is even possible, despite the fact that the ledger clearly changed. Wells Fargo continues to classify this as "customer authorized," which directly contradicts the sheriff's office, who classified the event as fraud. --- 2. Claim #2604010046118 — Missing $17,800 ATM Deposit Claim number 2604010046118 was filed at approximately 6:50 PM on April 1, 2026, for the missing $17,800 cash ATM deposit made at the Wells Fargo ATM located at 1701 Capitol Blvd. on November 26, 2025, at approximately 5:00 PM. Wells Fargo has repeatedly claimed I "never filed a claim" for this deposit, despite the following: • I called the fraud department five times on November 26. • I went to the branch on November 28. • Banker Brandon called fraud and obtained a fast-track number specifically to locate my deposit. • I wrote that number down at the branch. This new claim corrects Wells Fargo's misclassification and establishes a clear record that the ATM deposit was formally reported as fraud and remains unresolved. --- 3. Wells Fargo refuses to provide ATM evidence or accounting Even though the deposit was made into a third-party account, I was the depositor, and I am entitled to documentation showing what happened to the cash I physically placed into the ATM. Wells Fargo has refused to provide: • ATM logs • timestamps • internal accounting • the deposit trail • ATM balancing records • any documentation showing where the cash went They cannot deny a claim while withholding the evidence used to deny it. --- 4. Wells Fargo's classification contradicts law enforcement Wells Fargo continues to classify both events as "customer authorized." Law enforcement has classified them as fraud. The detective also confirmed: • the packet Wells Fargo sent was incomplete, • documents were missing, • and the bank's narrative does not match the fraud report. --- 5. Wells Fargo representative Amanda made statements contradicting law enforcement and Wells Fargo's own internal records During communications with Wells Fargo, representative Amanda made statements minimizing or denying the existence of the January 9, 2026 search warrant, including implying that no warrant existed or that Wells Fargo had no record of it. These statements directly contradict: • the detective's confirmation that the warrant was served, • the judge-signed warrant itself, • the fact that Wells Fargo assigned an internal reference number to the warrant, • and the fact that Wells Fargo sent a (partial and incomplete) packet to law enforcement. Amanda's statements also contradict Wells Fargo's later admission that "representatives do not know about search warrants," which confirms she denied or dismissed something she did not understand. This is a procedural failure, a misrepresentation, and a contradiction of law enforcement. --- 6. Amanda also failed to address the boundary violation involving Brie calling under a different name ("Brittany") after I invoked written-only communication Wells Fargo has not addressed the fact that Brie called me using the name "Brittany" at 12:02 PM, after I had already invoked written-only communication and explicitly stated that I do not consent to telephone calls. This call was witnessed, and the witness confirms the caller sounded identical to Brie. Key issues Wells Fargo has not addressed: • Brie used a different name ("Brittany") when calling me. • She called after I had invoked written-only communication. • She called after law enforcement had already contacted Wells Fargo that morning. • She delivered a verbal "resolution" that contradicted later written statements. • Amanda did not acknowledge or explain this violation, despite being informed of it. This is a boundary violation, a misrepresentation of identity, and a procedural breach, and it

undermines the credibility of Wells Fargo's internal handling of this case. --- 7. Wells Fargo's response does not address the issues raised Their letter focuses on internal policies, definitions of "case vs. claim," and unrelated account issues, but does not address: • the missing $17,800 • the fraudulent $18,000 withdrawal • the ledger alteration • the teller's inappropriate comments • the missing ATM evidence • the missing accounting • the incomplete law enforcement packet • the contradiction with the sheriff's fraud determination • the contradictory statements made by representative Amanda • the boundary violation and identity issue involving Brie calling as "Brittany" These issues remain unresolved. --- 8. Request for CFPB Intervention I am requesting that the CFPB require Wells Fargo to: • Provide the ATM evidence and accounting for the $17,800 deposit (Claim #2604010046118) • Provide evidence supporting their denial of the $18,000 withdrawal claim (Claim #2604010049978) • Explain why they are classifying a fraud event as "customer authorized" • Address the contradiction with law enforcement's findings • Address the contradictory statements made by representative Amanda • Address the boundary violation involving Brie calling under a different name • Correct the misclassification of prior claims • Conduct a meaningful investigation rather than issuing repeated template denials Wells Fargo's response does not address the facts, does not provide evidence, and does not resolve the underlying fraud losses.

## What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).

- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on the company's response. Both are important to us and consumers who may have similar issues and concerns.

 Closed

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372                          '

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

An official website of the United States Government

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

 ❮ All complaints (.)

# 260303-29495813

**CLOSED**

## ✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/3/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

On 11/26/2025, I deposited $17,800 in cash into a Wells Fargo ATM located at 1701 Capitol Avenue, Cheyenne, WY. Immediately after the deposit, I realized I had been targeted by a bank-impostor scam and contacted Wells Fargo's Fraud Department at 5:10 PM to report the incident and request assistance locating my deposit. Despite notifying the bank in real time, Wells Fargo failed to take any action to secure the funds, locate the deposit, or freeze the receiving account. The loss was preventable.

---

1. Immediate Fraud Report and Failure to Act

At 5:10 PM on 11/26/2025, I called Wells Fargo's Fraud Department and told them:

- I had just deposited $17,800 cash into a Wells Fargo ATM.

• The ATM was located at 1701 Capitol Avenue, Cheyenne, WY.
• I believed I had been scammed and needed the bank to locate the deposit immediately.

The Fraud Department acknowledged my report and stated, "At least you put the money in the ATM instead of handing it to the scammer." Despite this acknowledgment, they:

• did not attempt to locate the deposit,
• did not freeze the receiving account,
• did not escalate the case,
• did not initiate an ATM investigation, and
• did not provide any immediate assistance.

Instead, they told me I would need to go to the branch where I made the deposit, even after I informed them the branch was closed for Thanksgiving.

---

2. Multiple Calls for Help With No Assistance

After the Fraud Department refused to help, I called multiple Wells Fargo numbers on the night of 11/26/2025 seeking urgent assistance locating my deposit.

Instead of helping me locate the $17,800 deposit, Wells Fargo:

• closed my existing accounts,
• opened new accounts,
• and still provided no information about the deposit I had just reported as fraud-related.

No one attempted to locate the deposit, freeze the receiving account, or secure the funds despite my immediate report.

---

3. Evidence of the Deposit

I have provided Wells Fargo with all available evidence, including:

• ATM location: 1701 Capitol Avenue, Cheyenne, WY
• Date and time of deposit
• ATM screen confirmation
• Apple Wallet / Apple Pay device authentication (my iPhone was used)
• Timeline of events
• Deputy sheriff report from 11/26/2025
• In-person branch visit on 11/28/2025

Wells Fargo has never provided:

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

 **❮ All complaints (.)**

# 260307-29703421

**CLOSED**

✓ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/7/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

CFPB Complaint – New Issue: Contradictory Statements to Law Enforcement Regarding ATM Ownership

Summary of Issue:
Wells Fargo provided a statement to a law enforcement officer that directly contradicts the information in their written denial letter and raises concerns about whether a reasonable investigation was conducted.

Description of the Issue:
On March 3, 2026, a Wells Fargo representative informed the investigating detective that they "did not know whether the ATM I deposited into was a Wells Fargo owned ATM". This statement was made during an active law enforcement investigation.

This statement directly contradicts Wells Fargo's written denial letter, which claims the bank did a thorough review.

A bank cannot review footage or logs from an ATM they cannot identify as their own. Wells Fargo has known since 11/26/2025 that I deposited at Wells Fargo ATM at the Capitol Ave branch in Cheyenne, WY. I was instructed to go to the branch where I made the deposit when I made the fraud report with Wells Fargo. I have included this fact multiple times in correspondence, CFPB complaints, and in person at the branch.

Why This Is a Regulatory Concern:
Wells Fargo's conflicting statements indicate that:

1. The bank may not have conducted a reasonable investigation, as required under Regulation E.
2. The denial letter may contain inaccurate or misleading information about the steps taken during the investigation.
3. The bank provided materially inconsistent information to law enforcement, which raises concerns about recordkeeping, accuracy, and cooperation.
4. The investigation may not have included verification of ATM ownership, which is a basic and necessary step.


Impact:
These contradictions undermine the credibility of the bank's investigation and call into question the validity of their denial. The bank's inability to confirm whether the ATM was even theirs suggests the investigation was incomplete and not performed in accordance with regulatory standards.

Requested Action:
I am requesting that the CFPB review:

• Whether Wells Fargo's investigation meets the "reasonable investigation" standard under Regulation E
• Whether the bank's statements to law enforcement and to me are consistent and accurate
• Whether the denial letter misrepresents the steps taken in the investigation
• Whether the bank's failure to confirm ATM ownership constitutes a procedural failure


I am requesting a full, compliant reinvestigation.


View full complaint ⊕

 # Sent to company

**STATUS**

Sent to company on 3/7/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

# Company still working

**STATUS**

Company response is in progress as of 3/19/2026

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

### COMPANY'S INTERIM RESPONSE

We'll need additional time to ensure we fully address all of the concerns brought to our attention and provide a thorough response.

# Company responded

| STATUS | RESPONSE TYPE |
| --- | --- |
| Company responded on 4/1/2026 | Closed with explanation |

## Company's Response

Provided response to customer for the information they are privy to. Explained the volume of complaints, written acknowledgements/extension and how some cases will be responded to separately. Confirmed our previous responses addressed these concerns, but we will address it in this letter as well. Provided definition of case v. claim since customer seems to believe submitting the CFPB complaint case is opening her claims. It is not. Unless new claim information is provided for the withdrawal claims, they will not be reopened. Explained that some of her requests and asserted entitlements, she is not privileged to and internal processes or conduct will not be shared. Summarized the scam they were victim to and the narrative of what occurred with the withdrawal and subsequent lost stolen transfer on the accounts. Two claims were opened for the withdrawal the customer conducted and both claims are not providing reimbursement as it confirmed that the customer performed the transactions and no error occurred. Cash is an immediate form of payment. The fast track deposit claim the customer referenced was a in branch referral number for a complaint case. The customer's claims were conducted with no error and within the required timeframe. They are not reg e protected and the right to documentation requests are not accepted. Any requests for info about the ATM "claim" or documentation is info the customer is not privy to as they deposited funds to a 3rd party's account that they are not authorized on. Provided phishing info for the customer to be aware of for the future. Apologized for service concerns experienced. Went over our security measures and how ultimately the customer is responsible for the transactions they authorized on their account and referenced the deposit account agreement. Confirmed why the savings was closed for lost and stolen transfer and went over how the pending description vs. the posting description and pending/posting dates of the transaction may have been confusing but did not impact their transaction already performed nor did it impact the claim. Per our agreements, the closed account is not accessible through online banking after 90 days. The customer's applicable tax forms will be sent timely if meeting the interest thresholds when applicable. Confirmed the customer's pay appears to have continued posting to the checking account. They may submit documentation supporting an error if they have it available. They customer's recorded employment status has not changed in the last 12 months and had no impact on the claims outcome. We cannot and will not confirm to the customer about whether we do or do not have a warrant, and reaffirmed, we work with law enforcement and her as the consumer is not privy to what this entails. Credit card case addressed the previous response in December was correct. It goes over the transactions on the account, declined and not posting. It confirms under reg z the customer does not have right to documentation, but their statements are enclosed for their reference and review. It confirms no search warrant is present for the customer for the credit card fraud team. The customer may continue to express dissatisfaction, but this will not change our response.

5/3/26, 4:37 PM                                         Complaint Detail

**ATTACHMENTS**

McKee Credit
Card Enclosure
2.pdf (9.3 KB)

McKee
Credit
Card
Enclosure
Part1.pdf
(9.9 MB)

McKee
Credit
Card
Enclosure
Part2.pdf
(7.2 MB)

McKee
Final
Response
Batch
1.pdf
(108 KB)

 # Feedback provided

**STATUS**

Feedback
provided on
4/2/2026

## Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**

No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**

No

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**

No

**ADDITIONAL COMMENTS**

Rebuttal – Contradictory Statements to Law Enforcement Regarding ATM Ownership Wells Fargo did not address this issue in their boilerplate closure. I am submitting this rebuttal to document a material contradiction between Wells Fargo's written denial letter and the information the bank provided to law enforcement. Issue Summary On March 3, 2026, a Wells Fargo representative told the investigating detective that they "did not know whether the ATM I deposited into was a Wells Fargo owned ATM." This statement was made during an active law enforcement investigation. This directly contradicts Wells Fargo's written denial letter, which claims the bank conducted a thorough review. A bank cannot review ATM footage, logs, or electronic journal records from an ATM they cannot identify as their own. Documented Facts • Wells Fargo has known since 11/26/2025 that I deposited the funds at the Wells Fargo ATM at the Capitol Ave branch in Cheyenne, WY. • I was instructed by Wells Fargo on 11/26 to go to the branch where I made the deposit. • I have repeatedly documented the correct ATM location in:• prior CFPB complaints • written correspondence • in-person communication at the branch • Despite this, a Wells Fargo representative told the detective they did not know whether the ATM was owned by Wells Fargo. Why This Is Concerning These conflicting statements indicate that: 1. Wells Fargo may not have conducted a reasonable investigation. 2. The denial letter may contain inaccurate or

misleading information about what was reviewed. 3. The bank provided inconsistent information to law enforcement during an active investigation. 4. The investigation may not have included verification of ATM ownership, which is a basic and necessary step. Impact These contradictions undermine the credibility of the bank's investigation and call into question the validity of their denial. If Wells Fargo could not confirm whether the ATM was theirs, then they could not have reviewed ATM footage, logs, or any other evidence related to the deposit. Requested Action I am requesting that the CFPB review: • Whether Wells Fargo's investigation meets the "reasonable investigation" standard • Whether the bank's statements to law enforcement and to me are consistent • Whether the denial letter misrepresents the steps taken • Whether the failure to confirm ATM ownership constitutes a procedural failure I am requesting a full, compliant reinvestigation.

## What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).

- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on the company's response. Both are important to us and consumers who may have similar issues and concerns.

 **Closed**

The CFPB has closed your complaint.

## Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-
holidays/#url=Overview)

 An official website of the United States Government

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮  All complaints (.)

# 260309-29749318

**CLOSED**

 ## Submitted

| STATUS | PRODUCT | ISSUE |
| --- | --- | --- |
| Submitted to the CFPB on 3/9/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

📎 CFPB COMPLAINT ADD-ON — Wells Fargo Ignored ATM Location Provided on 11/26 at 5:10 PM

In addition, Wells Fargo representatives asked Detective Young whether they knew if I deposited into a Wells Fargo-owned ATM and whether I received a receipt. This is misleading because Wells Fargo already had this information. On the night of November 26 at 5:10 PM, immediately after the deposit, I provided the fraud department with the exact location of the ATM where the deposit occurred. The fraud representative confirmed the ATM location and instructed me to go to the branch associated with that ATM, which I did as soon as it opened. This proves Wells Fargo had full knowledge of the ATM location from the very beginning.

Furthermore, in CFPB Complaint #2, I already addressed the receipt issue and the ATM location, and I attached the initial sheriff's report, which also contained this information. Despite having all of this documentation,

Wells Fargo told Detective Young they were "not sure" whether the ATM was theirs and asked him whether I had a receipt. These statements contradict their own records and demonstrate that Wells Fargo either failed to review the evidence I submitted or failed to communicate internally. These contradictions undermine the credibility of all prior determinations and show that no meaningful investigation was conducted.

I have attached the email that Detective Young sent me after this occurred on Monday, March 2.

**ATTACHMENTS**

IMG_4594.png
(1.4 MB)

View full complaint ⊕



## Sent to company

**STATUS**

Sent to company on 3/9/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.



## Company still working

**STATUS**

Company response is in progress as of 3/19/2026

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

**COMPANY'S INTERIM RESPONSE**

 An official website of the United States Government

 Consumer Financial
Protection Bureau                                        Start a new complaint
          (https://www.consumerfinance.gov/)

❮ All complaints (.)

# 260309-29746521

**CLOSED**

 ## Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/9/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Subject: Procedural deficiencies, unsupported conclusions, and omissions in Wells Fargo's Final Determination letter dated December 23, 2025.

Wells Fargo's December 23, 2025 Final Determination letter contains multiple procedural errors, unsupported assertions, and omissions that prevent me from understanding the basis of the denial. The letter does not meet regulatory standards for accuracy, completeness, or transparency.

1. The letter fails to address the ATM deposit entirely
The ATM deposit was the central issue in my complaint. This Final Determination letter does not mention the ATM deposit at all. A determination that omits the primary disputed transaction is procedurally defective and prevents me from understanding the basis of the denial.

2. Unsupported claim that I "authorized the withdrawals"
The letter states:

"It has been determined that you or someone with your permission authorized the withdrawals."

No evidence is described or provided to support this conclusion. No teller notes, authentication logs, ATM records, or surveillance footage were included. The letter simply repeats the denial without demonstrating that an investigation occurred.

3. The letter contradicts itself regarding the fraud scheme
The letter states:

"It has been determined that you were a victim of a fraud scheme,"
yet simultaneously claims I authorized the withdrawals.
These two statements cannot both be true. The letter does not reconcile this contradiction.

4. The letter references a November 26, 2025 letter but does not provide it
The letter claims:

"A letter was mailed on November 26, 2025 advising action needed…"
This letter was not included, and no explanation is provided for why it was omitted. A determination cannot rely on documents the consumer has not received.

5. No documentation was provided despite referencing an investigation
The letter claims:

"We have completed our research…"
but provides no evidence, no documentation, and no explanation of what was reviewed. A determination that references an investigation but provides no supporting documentation is procedurally insufficient.

6. The letter closes the case despite unresolved issues
The letter states:

"Please consider this claim closed."
This is inappropriate because:
– the ATM deposit was not addressed
– no evidence was provided
– no teller notes were provided
– no authentication logs were provided
– no explanation was given for the contradictory statements
Closing the case without addressing the core issue is a procedural failure.

7. The letter improperly shifts responsibility to law enforcement
The letter instructs me to "continue to work with law enforcement," but Wells Fargo has not confirmed whether it responded to the detective's search warrant or provided the required ATM records. The bank cannot shift responsibility while withholding information.

Requested Resolution:

1. A corrected Final Determination that addresses the ATM deposit, provides the evidence referenced in the letter, and explains the contradictory statements.

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮  All complaints (.)

# 260309-29747180

**CLOSED**

 **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/9/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Subject: Procedural deficiencies and failure to conduct a new investigation in Wells Fargo's February 3, 2026 Final Determination letter.

Wells Fargo's February 3, 2026 Final Determination letter is procedurally defective. It does not contain any new investigation, does not address the issues raised in my CFPB complaint, and improperly closes my case by recycling an older determination letter from December 23, 2025.

1. No investigation was conducted for this complaint
The letter states:

"Your concerns have been thoroughly addressed in our response letter dated December 23, 2025."

This is not a valid investigation.
A new CFPB complaint requires a new review, not a copy-and-paste of a

Complaint Detail

prior letter.
The February 3 letter contains no findings, no analysis, no evidence, and no response to the issues raised in the January 2026 CFPB complaint.

2. The letter fails to address the ATM deposit entirely
The ATM deposit was the central issue in my complaint.
This letter does not mention the ATM deposit at all.
A determination that omits the primary disputed transaction is procedurally defective and prevents me from understanding the basis of the denial.

3. The letter improperly relies on a prior determination that was itself incomplete
The December 23, 2025 letter (which was enclosed) also failed to address the ATM deposit, provided no evidence, and contained contradictions.
The February 3 letter simply re-attaches that flawed letter and closes my case without review.

4. The letter closes the case without addressing any of the issues raised
The letter states:

"We have closed the case as of the date of this letter."

This is inappropriate because:
– no investigation was conducted
– no evidence was provided
– the ATM deposit was not addressed
– the January 2026 CFPB complaint issues were ignored
– the bank did not respond to the detective's search warrant
Closing a case without reviewing the complaint is a procedural failure.

5. The letter contains no explanation of what was reviewed
The letter claims:

"We have completed our research…"

However, the letter contains no findings, no documentation, and no explanation of what was reviewed.
A determination that references an investigation but provides no supporting information is procedurally insufficient.

6. The letter fails to meet CFPB requirements for a substantive response
A CFPB response must address:
– the issues raised
– the evidence reviewed
– the bank's findings
– the basis for the determination
This letter does none of these things.

---

View full complaint ⊕

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

 **All complaints (.)**

# 260309-29745267

**CLOSED**

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/9/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

Subject: Procedural deficiencies, unsupported assertions, and contradictions in Wells Fargo's Final Determination letter dated February 26, 2026.

Wells Fargo's Final Determination letter contains multiple procedural errors and unsupported conclusions that prevent me from understanding the basis of the denial. The letter does not meet regulatory standards for accuracy, completeness, or transparency.

1. Unsupported claim of "compelling evidence"
The letter states Wells Fargo "found compelling evidence" that I authorized the $18,000 withdrawal, yet no evidence is described or provided. No teller notes, authentication logs, ATM records, or surveillance were included. This violates my Right to Documentation, which the letter acknowledges was requested on February 18, 2026.

2. Misrepresentation of teller interaction

Complaint Detail

I did mention solar panels when I walked in, but the teller never asked the purpose of the withdrawal, never documented it, and Wells Fargo has not provided teller notes. The letter presents my off-hand comment as if it were a documented, risk-assessed justification. This is procedurally improper and misleading.

3. Contradictions regarding outbound calls
The letter states the bank "did not contact you" and has no record of outbound calls. This contradicts prior statements made to me and to law enforcement. The letter does not reconcile these inconsistencies.

4. ATM investigation section contains false statements
The letter claims Wells Fargo cannot investigate the ATM deposit without the receiving account holder's full name or account number. This is incorrect. Wells Fargo can investigate using ATM ID, date/time, electronic journal, cash cassette totals, and surveillance footage. A detective served a judge-signed search warrant, which requested these items, yet the letter avoids confirming whether the search warrant was received or processed.

5. Acknowledged legal requests but refuses to confirm receipt of the search warrant
The letter states legal requests are handled by the Legal Summons & Subpoena Department but refuses to confirm whether the search warrant was received or processed. This contradicts statements made to the detective and prevents me from understanding whether the investigation was complete.

6. Factual errors and internal inconsistencies
The letter contains multiple errors ("$18,00 deposit," "ae," nonsensical phrasing). These errors indicate the letter was not reviewed for accuracy and raise concerns about whether the underlying investigation was conducted properly.

7. Case closed despite unresolved issues
The letter closes the case even though:
– my Right to Documentation request is still pending
– the detective's search warrant is still active
– no evidence was provided
– teller notes were not provided
– ATM investigation materials were not provided
Closing the case under these conditions is premature and procedurally improper.

**ATTACHMENTS**
CFPB-WF.pdf
(57.5 KB)
View full complaint ⊕

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260309-29762884

**CLOSED**

 ## Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/9/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Subject: Incorrect statements by Wells Fargo representative (Brie) regarding my employment, income, and SSI; rejection of weekly contractor pay; and continued denial of access to closed-account records needed for taxes.

Details:
A Wells Fargo representative named Brie made several incorrect statements about my employment and income that directly affected the bank's handling of my account and their denial decisions.

Brie stated that I was unemployed, that the State of Wyoming paid me once a month, and that SSI paid me once a month. All of these statements are factually incorrect.

I am an independent contractor for the State of Wyoming, and I am paid weekly, not monthly. Wells Fargo rejected my weekly contractor pay after they closed my accounts in early December, and they have not corrected

this error despite multiple notices.

The SSI Brie referenced is not my income. It is my daughter's survivor benefit, which is unrelated to my contractor payments and should not have been used to classify my financial profile or justify any denial.

Wells Fargo's misclassification of my employment and income resulted in incorrect conclusions, improper account handling, and denial decisions based on false information.

Ongoing Harm:
My accounts remain closed, and Wells Fargo is still denying me access to my closed-account records. I need these records for tax purposes, income verification, and documentation of deposits that were rejected after the account closure. Their refusal to provide access is causing ongoing harm and preventing me from completing required tax filings.

View full complaint ⊕

 **Sent to company**

**STATUS**
Sent to company on 3/9/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 **Company still working**

**STATUS**
Company response is in progress as of 3/19/2026

 An official website of the United States Government

 Consumer Financial
Protection Bureau

(https://www.consumerfinance.gov/)

Start a new complaint

**❮ All complaints (.)**

# 260309-29764295

**CLOSED**

 # Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/9/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Subject: Unusually long hold times and restricted call routing after November 26, preventing timely resolution of my fraud dispute.

Details:
Beginning immediately after the fraud incident on November 26, every call I made to Wells Fargo resulted in extremely long hold times. This was not normal customer service wait time. The delays were consistent, prolonged, and occurred on every call, regardless of the time of day.

Before November 26, I did not experience these delays. After the fraud event, my calls were routed into extended holds before any representative would speak with me. Representatives frequently placed me on additional holds during the call, stating they needed to "check something" or "review the notes," which significantly delayed my ability to obtain information or resolve the issue.

These long hold times appear to be related to internal restrictions placed

on my account after the fraud event. The delays prevented me from receiving timely updates, asking questions, or correcting inaccurate information that Wells Fargo later relied on in their denial letters.

Impact:
The extended hold times created barriers to communication and contributed to ongoing delays in resolving my dispute. They also prevented me from clarifying incorrect statements made by representatives and from obtaining access to my closed-account records, which I need for tax purposes.

Requested Resolution:
I am requesting that Wells Fargo explain why my calls were routed into prolonged hold times after November 26, confirm whether my account was placed into a restricted handling queue, and provide timely access to my closed-account records and accurate information regarding my dispute.

---

**ATTACHMENTS**

IMG_4597.jpeg
(282.8 KB)

IMG_4598.png
(738.5 KB)

IMG_4596.png
(658.1 KB)

View full complaint ⊕

 **Sent to company**

**STATUS**
Sent to company on 3/9/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮  All complaints (.)

# 260309-29764870

**CLOSED**

 # Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/9/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

### YOUR COMPLAINT

Subject: Inappropriate victim-blaming statements by Wells Fargo representatives and refusal to investigate the ATM deposit and Wells Fargo-opened account used in the fraud.

Details:
Multiple Wells Fargo representatives made inappropriate and unprofessional statements that placed blame on me as the fraud victim instead of addressing the facts of the case.

A Wells Fargo representative named Brandon Jones told me "don't beat yourself up too much" when I reported the fraud. This implied that I was responsible for the incident, which is inappropriate and unprofessional during a fraud investigation.

Additionally, a representative from the Fraud Department told me "at least you put your cash in the ATM instead of handing it to a scammer." This comment minimized the seriousness of the fraud and again placed

responsibility on me rather than on the bank's obligation to investigate.

Despite these statements, Wells Fargo refused to investigate the ATM deposit I made on November 26, even though the deposit was made into a Wells Fargo-owned ATM and the funds were transferred into an account that Wells Fargo opened and that was used to commit fraud. Wells Fargo did not review the ATM video, did not pull the ATM logs, and did not investigate the receiving account, despite repeated requests and a judge-signed warrant from law enforcement.

Impact:
The victim-blaming comments and refusal to investigate the ATM deposit created delays, confusion, and emotional distress. Wells Fargo's failure to investigate the ATM deposit and the Wells Fargo-opened account used in the fraud prevented proper resolution of my case and contributed to repeated inaccurate determinations.

View full complaint ⊕

 **Sent to company**

**STATUS**

Sent to company on 3/9/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 **Company still working**

**STATUS**

Company response is in progress as of 3/19/2026

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260309-29766436

**CLOSED**

 ## Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/9/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Failure to Investigate the Receiving Account

Subject: Wells Fargo failed to investigate the receiving account that received the stolen funds, despite being the bank that opened and controlled that account.

Details:
During my fraud dispute, Wells Fargo never investigated the receiving account that received the funds from my November 26 ATM deposit. This account was opened at Wells Fargo, was used to commit fraud, and was the destination of the stolen funds. Despite this, Wells Fargo:

• did not review the receiving account's activity
• did not freeze the account
• did not contact the account holder
• did not examine whether the account was part of a fraud pattern
• did not provide any information about the account to me or to law

enforcement
• did not include the receiving account in their determination letters

When I asked representatives whether the receiving account had been reviewed, I was given inconsistent and contradictory answers. Some representatives stated they did not have access to that information, while others implied it had been reviewed without providing any evidence. No one could explain what steps, if any, were taken regarding the account that actually received the stolen funds.

The detective assigned to my case confirmed that the deposit did not go into my account, which means Wells Fargo had access to the receiving account information. However, Wells Fargo never investigated it or included it in their fraud determination.

Impact:
Failing to investigate the receiving account prevented Wells Fargo from identifying the fraud, recovering the funds, or making an accurate determination. This omission directly contributed to repeated inaccurate denials and delayed resolution of my case. It also prevented law enforcement from receiving the information they needed, despite a judge-signed warrant.

View full complaint ⊕

 Sent to company

**STATUS**

Sent to
company on
3/9/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮  All complaints (.)

# 260310-29781676

**CLOSED**

 ## Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/10/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

CFPB Complaint — Evidence, Investigation Failure, and Apple Wallet Device Data

Summary:
Wells Fargo issued multiple Final Determinations without conducting a complete investigation, without obtaining or reviewing required evidence, and while providing information that contradicts law enforcement records, device-level Apple Wallet data, and their own internal timelines.

---

1. No Evidence Was Reviewed or Produced

Wells Fargo has not produced:

• ATM footage
• Transaction analysis

- Device/IP logs
- Fraud pattern comparison
- Internal notes supporting their conclusions
- Any evidence showing the transactions were authorized

The bank issued conclusions without a single piece of supporting evidence.

---

2. Required Investigative Steps Were Not Performed

The bank did not:

- Retrieve or review ATM video
- Contact law enforcement despite an active investigation
- Reconcile their timeline with my phone records
- Review the sheriff's report or warrant
- Compare the disputed transactions to my historical account behavior
- Review the Apple Wallet device-level authorization data

A Regulation E investigation requires actual investigative steps, not assumptions.

---

3. Apple Wallet Device-Level Evidence Was Ignored

The disputed ATM transaction was performed using a Wells Fargo debit card stored in Apple Wallet, not a physical card.
This means the transaction generated device-specific cryptographic evidence, including:

- Device Account Number (DAN) — the tokenized card number unique to my iPhone
- Transaction Cryptogram — a one-time cryptographic signature proving which device initiated the ATM session
- Token Reference ID — linking the card token to my specific device
- Wallet Authentication Record — showing the exact time my device authenticated the transaction
- Authentication Method — Face ID, Touch ID, or passcode used
- Device Metadata — confirming the specific iPhone model and device identifier

This data is created automatically by Apple Wallet and is available to the bank during investigation.

Wells Fargo did not request, review, or reference any of this evidence.

This is a critical investigative failure because the cryptogram and DAN alone can confirm:

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

 **All complaints (.)**

# 260310-29782518

**CLOSED**

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/10/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

CFPB Complaint — Improper Handling of $18,000 Withdrawal & Reg E Investigation Failure

Summary:
Wells Fargo failed to properly investigate the circumstances surrounding my $18,000 cash withdrawal on November 26, 2025. The teller made inappropriate comments normalizing cash-based contractor discounts, did not offer safer alternatives such as a cashier's check or money order, and did not document the purpose of the withdrawal. These failures contributed to the fraud that occurred and reflect a breakdown in required Reg E procedures.

---

1. Teller Failed to Follow Standard Procedures for a High-Risk Withdrawal

On November 26, 2025, I walked into the branch and requested an $18,000 cash withdrawal.
I stated the purpose: to pay for solar panels at my boyfriend's house.

The teller did not:

• ask clarifying questions
• verify the legitimacy of the contractor
• offer safer alternatives (cashier's check, money order, direct payment)
• warn me about fraud risks
• document the stated purpose of the withdrawal

These steps are standard for large cash withdrawals and were not followed.

---

2. Teller Made an Inappropriate Comment Normalizing Cash-Based Contractor Discounts

The teller, Sarah, responded to my explanation by saying:

"I know contractors — they give discounts for cash."

This comment:

• normalized under-the-table cash transactions
• discouraged safer payment methods
• implied that large cash withdrawals for contractors are routine
• created a false sense of legitimacy
• influenced my decision to proceed with cash instead of a safer option

This is not appropriate guidance from a bank employee handling a high-risk transaction.

---

3. Another Teller Left the Area During the Withdrawal, Creating Additional Concern

During the transaction, another teller walked over and said she was "going downstairs to the bathroom."
This was unusual given the timing and the amount of cash being handled.

While I am not alleging misconduct, the behavior contributed to the overall sense that the branch was not following standard procedures for large cash withdrawals.

---

4. Wells Fargo Did Not Document the Purpose of the Withdrawal

Despite me stating the purpose (solar panels), Wells Fargo:

• did not record it
• did not include it in any investigation
• did not reference it in any Final Determination
• has not produced any teller notes

This is a procedural failure.
The purpose of a large withdrawal is a required part of a Reg E investigation when fraud is later reported.

---

5. The Bank's Reg E Investigation Ignored the Withdrawal Context Entirely

When I later reported fraud, Wells Fargo:

• did not review teller notes
• did not interview the teller
• did not address the inappropriate comment
• did not consider whether the withdrawal was influenced by employee statements
• did not evaluate whether safer alternatives were offered
• did not include the withdrawal context in any determination

A Reg E investigation must consider all circumstances surrounding the disputed transaction.
Wells Fargo did not.

---

6. Requested Resolution

I am requesting:

1. A complete review of the teller's handling of the $18,000 withdrawal.
2. Documentation of the purpose I stated at the time of withdrawal.
3. An explanation for why safer alternatives were not offered.
4. A review of the teller's comment normalizing cash-based contractor discounts.
5. A corrected Reg E investigation that includes the withdrawal context.
6. Reimbursement of the disputed funds if the bank cannot support its conclusions with evidence.

Attachment: receipt

**ATTACHMENTS**

IMG_4153.jpeg
(2 MB)

View full complaint ⊕