# EXHIBIT 26

## TIMELINE UPDATES

### Supplemental Chronology

**April 30, 2026 — Wyoming Attorney General Complaint Filed**

Plaintiff submitted a consumer-protection complaint to the Wyoming Attorney General regarding Wells Fargo's handling of the $17,800 cash deposit, non-compliance with law enforcement, and unfair business practices. This initiated state-level review prior to any federal action.

**May 1, 2026 — OCC Letter Dated 5/1 (Complaint Reopened)**

The Office of the Comptroller of the Currency (OCC) issued a letter confirming that Plaintiff's prior complaint was reopened for further federal review. This demonstrates active federal regulatory oversight five days before the lawsuit was filed. The letter was delayed in mail delivery to Cheyenne.

**May 4, 2026 — Wells Fargo ECMO Letter Dated 5/4 (Acknowledging OCC Reopening)**

Wells Fargo's Enterprise Complaints Management Office (ECMO) issued a letter acknowledging the OCC's reopening of the complaint and created internal case number 202605010006824. This confirms Wells Fargo was under federal review two days before service of process. The letter was correctly delivered to Plaintiff's residential address.

**May 6, 2026 — Federal Lawsuit Filed and Wells Fargo Served**

- 9:17 AM: Wells Fargo was served by Jill Hooker.
- Wells Fargo was placed on formal notice of litigation and required to preserve all relevant records.
- Regulatory and litigation obligations became active simultaneously.

**May 6, 2026 — Proof of Service Filed**

Approximately 30 minutes after service, Proof of Service was filed with the Court, officially starting Wells Fargo's response deadlines.

**May 6, 2026 — Fraud Claim Denial Letters Retrieved from P.O. Box (Not Date Mailed)**

After filing the lawsuit and serving Wells Fargo earlier that morning, Plaintiff checked her P.O. Box located next to the courthouse and discovered multiple previously mailed fraud-

claim denial letters. These letters were mailed by Wells Fargo before the lawsuit but were not received until May 6 because they were sent to an outdated P.O. Box instead of Plaintiff's updated residential address. Plaintiff had updated her address with Wells Fargo in 2025, and the reason Wells Fargo continued sending mail to the P.O. Box remains unclear.

**Issues identified:**

- Letters lacked explanation of investigative steps.
- Letters were mailed to an outdated P.O. Box despite Plaintiff updating her address in 2025.
- Raises concerns of Regulation E procedural violations and mailing inconsistencies.

### May 6, 2026 — Wells Fargo Requests "Copies of Checks" for a Cash Deposit

Among the letters (dated April 17) retrieved on May 6 was correspondence incorrectly requesting "copies of the front and back of the checks" for the disputed deposit. The November 26, 2025 transaction was a cash deposit consisting entirely of $100 bills, not a check deposit. This demonstrates misclassification of the transaction type and failure to review the correct ATM deposit records.

### May 6, 2026 — Wells Fargo Requests Receipt for ATM Deposit That Did Not Print

One of the letters retrieved on May 6 (dated April 2, 2026) requested a receipt for the missing ATM deposit. The ATM did not print a receipt due to the malfunction, making it impossible for Plaintiff to provide one. This further demonstrates procedural irregularities and reliance on template responses rather than evidence-based investigation.

### May 6, 2026 — Detective Young Follow-Up

Detective Michael Young confirmed that Wells Fargo still had not provided the ATM records required under the January 9 search warrant. Only ATM video had been received; essential ATM logs and reconciliation data remained missing.

### May 9, 2026 — OCC and Wells Fargo ECMO Letters Received (Correct Address)

Plaintiff received the OCC letter dated 5/1 confirming complaint reopening and the ECMO letter dated 5/4 acknowledging OCC involvement. Both were delivered to the correct address, confirming active federal oversight before and after filing.

**May 9, 2026 — Detective Confirms Wells Fargo Still Has Not Provided ATM Records**

- 10:09 AM: Plaintiff emailed Detective Young clarifying Wells Fargo's repeated denial of the deposit and explaining that ATM Operations—not the Fraud Department— holds the relevant records.
- Plaintiff advised that a subpoena could compel production.
- Detective Young responded the same day: "I still haven't heard from them and will be calling to check in and see where they are in getting me the information."

This confirms ongoing non-compliance more than five months after the warrant.

**May 11, 2026 — Detective Still Has Not Heard From Wells Fargo**

Detective Young confirmed he still had not received any ATM logs, reconciliation data, or follow-up communication from Wells Fargo. This demonstrates continued non-compliance with the January 9 search warrant even after the federal lawsuit was filed and after multiple law-enforcement follow-ups.

**May 14, 2026 — PACER Access Granted**

Plaintiff's PACER registration became active, enabling access to the federal docket. This allowed Plaintiff to monitor filings, review court orders, and prepare upcoming oppositions and discovery materials. This milestone marks Plaintiff's transition into full participation in federal litigation.

**May 16, 2026** — Plaintiff received two Wells Fargo letters at her residential address.
(1) A May 11, 2026 letter from Wells Fargo representative Amanda, stating that Wells Fargo would "no longer be providing a response" to Plaintiff regarding her concerns and asserting that Plaintiff's accounts were in good standing and that "there will be no collection process or attempts."
(2) A May 8, 2026 letter from Wells Fargo representative Amber, addressing Plaintiff's mortgage-system privacy request and asserting that Plaintiff's "August 2023" presence in the mortgage system was not part of any breach. This response omitted Plaintiff's documented presence in the Wells Fargo mortgage-marketing and application systems since 2018, including 2022 marketing emails and texts, thereby concealing her earlier system presence during the known 2022–2023 insider breach period.

## Summary

- State and federal regulators were actively reviewing Wells Fargo before the lawsuit.
- Wells Fargo repeatedly failed to comply with a judge-signed search warrant.
- Wells Fargo issued contradictory, misclassified, and improperly addressed correspondence.

- Wells Fargo requested "copies of checks" for a cash deposit, demonstrating misclassification.
- Wells Fargo requested a receipt for an ATM deposit where the ATM did not print a receipt.
- Law enforcement continued to receive no cooperation as late as May 11, 2026.
- Plaintiff gained PACER access on May 14, enabling review of the docket and court filings.
- Plaintiff experienced ongoing harm and procedural irregularities after filing suit.