IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

Jiselle McKee,
Plaintiff,

v.

Wells Fargo Bank, N.A.,
Defendant.

Case No. 1:26-CV-146

---

NOTICE OF SUPPLEMENTAL EVIDENCE

Plaintiff Jiselle McKee respectfully submits this Notice of Supplemental Evidence to ensure the record accurately reflects ongoing developments relevant to this matter. Supplemental evidence is appropriate because new information has become available after Defendant's most recent filing, and several statements made by Defendant require clarification for the record.

This filing continues the exhibit sequence from Plaintiff's prior supplemental submission, beginning with Exhibit J.

---

SUPPLEMENTAL EXHIBITS

Exhibit J — Updated Timeline of Events

A revised and expanded timeline documenting events occurring after Defendant's response, including unauthorized phone calls, communication violations, account-handling issues, and interactions with law enforcement and regulatory agencies. This timeline includes updates through June 7, 2026.

Exhibit K — CFPB Complaints Filed (14 Open Complaints)

Copies of Plaintiff's 14 open CFPB complaints, demonstrating a documented systemic issue in Defendant's complaint-handling process, including repeated non-responsiveness, inaccurate statements, and failure to investigate.

Exhibit L — Contraction Matrix Comparing Wells Fargo Statements to Detective Report

A structured matrix identifying contradictions between:

• Defendant's written statements,
• The detective's findings,
• ATM traceability standards, and
• Warrant compliance requirements.


This matrix highlights discrepancies regarding ATM logs, traceability, rejected deposits, and missing records.

Exhibit M — Email to WBD Regarding Written-Only Communication Requirement

A copy of Plaintiff's email to WBD advising that Defendant must not contact Plaintiff by telephone under any circumstances, consistent with Plaintiff's documented written-only communication request and ongoing litigation.

---

PURPOSE OF SUPPLEMENTAL FILING

This supplemental evidence is submitted to:

- Correct inaccuracies in Defendant's prior statements
- Document ongoing events occurring after Defendant's response
- Preserve the completeness of the record
- Provide updated regulatory filings relevant to the issues in dispute
- Clarify discrepancies between Defendant's statements and law-enforcement findings
- Document continued violations of Plaintiff's written-only communication directive

Plaintiff respectfully requests that this supplemental evidence be added to the record for consideration.

---

Respectfully submitted,

*Jiselle McKee*

/s/ Jiselle McKee
Plaintiff
Cheyenne, Wyoming
June 8, 2026

# Exhibit J - Timeline Updates June 1-7, 2026

## June 1, 2026 — Supplemental Evidence Filing + Privacy Breach Discovery

- Filed a 146-page supplemental evidence packet in U.S. District Court (Exhibits A–I).
- The packet included materials retrieved from my P.O. Box immediately before filing.
- The envelope contained only my Wells Fargo account statements as the "evidence" used to deny my claim, despite my request for all materials used in the determination.
- The same envelope also contained another customer's fraud claim file, belonging to Stacy Rodriguez, including her driver's license and dispute documents. This constituted a privacy breach of another Wells Fargo customer.
- (Privacy breach)
- Emailed Detective Young the contents of the envelope, including Wells Fargo sending only my bank statements as "evidence," the inclusion of Stacy Rodriguez's personal information, and noting this as a privacy violation and improper handling of customer data.
- Emailed the OCC reporting the privacy breach involving customer Stacy Rodriguez, and CC'd John Hawk and Steven S., Wells Fargo VP of S.A.G.E.

## June 2, 2026 — Detective Report Filed + OCC Notification

- Filed Detective Young's report in U.S. District Court; PACER timestamp 2:01 PM.
- The report confirmed only partial compliance with the search warrant by Wells Fargo.
- (Warrant noncompliance)
- Emailed the OCC the detective report showing partial warrant compliance.
- Received a Wells Fargo ECMO acknowledgment of the OCC email. Wells Fargo opened case 0620260602-000-2041, signed by Amanda R.

## June 3, 2026 — Wells Fargo Files Answer

- Chad Coby, Womble Bond Dickinson, filed Wells Fargo's Answer; PACER timestamp 1:22 PM.
- This filing triggered the start of the bank's internal audit and record-pull phase.
- (Internal audit start)

## June 4, 2026 — Improper Direct Contact by Wells Fargo

- Kamari from Wells Fargo Executive Complaints called me directly at 12:09 PM despite my written request for no telephone calls. This violated my communication preference and documented instruction.
- At 12:48 PM, I emailed Chad Coby and John (WBD) notifying them of the improper direct contact.
- Filed one CFPB complaint on June 4 specifically regarding Kamari's violation of my written no-call request.
- (Communication violations)

## June 5, 2026 — CFPB Filing

- Filed one CFPB complaint.

## June 6, 2026 — Four CFPB Filings + OCC Complaint

- Filed four CFPB complaints that I originally attempted to submit in April but could not due to duplicate-label errors in the CFPB system.
- Filed a new OCC complaint through the OCC website.

## June 7, 2026 — Three New CFPB Complaints Filed

- Filed three new CFPB complaints.

**Exhibit K — CFPB Complaints Filed (14 Open Complaints)**

Copies of Plaintiff's 14 open CFPB complaints, demonstrating a documented systemic issue in Defendant's complaint-handling process, including repeated non-responsiveness, inaccurate statements, and failure to investigate.

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260608-33793979
**OPEN**

## ✔ Submitted

**STATUS**

Submitted to
the CFPB on
6/7/2026

**PRODUCT**

Checking or
savings account

**ISSUE**

Managing an
account

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with
  your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

CFPB Complaint Draft — Wells Fargo Delayed Law Enforcement for No Reason

Issue:
Wells Fargo failed to comply with a law-enforcement search warrant by the March 12,
2026 deadline, provided only partial materials, and then delayed the detective's report
for two additional months despite having no further evidence to provide.

Details:

A search warrant was issued to Wells Fargo with a compliance deadline of March 12, 2026. Wells Fargo did not provide the required ATM records, chain-of-custody documentation, or reconciliation logs by the deadline. Instead, they sent only partial materials along with a note requesting "more time."

On March 17, 2026, the detective verbally confirmed that I was on the ATM video making the deposit. On March 26, 2026, he confirmed the same in writing. Despite this confirmation, Wells Fargo still did not provide the missing records required by the warrant.

Because Wells Fargo asked for more time, the detective delayed writing his report and granted them an additional extension of approximately two months. During this period, Wells Fargo continued to provide no additional evidence.

When the detective followed up with Wells Fargo after the extended period, he was told that Wells Fargo did not know where the deposit went and that they had no further evidence to provide. This means the two-month delay served no purpose and prevented the detective from completing his report in a timely manner.

The detective was finally able to write and submit his report in May only after Wells Fargo admitted they had nothing further to produce.

Why I am filing:

Wells Fargo's failure to comply with the warrant deadline, followed by an unnecessary two-month delay of law enforcement, raises serious concerns about their recordkeeping, responsiveness, and handling of legally required documentation. This delay also obstructed the timely completion of a police report and created additional harm and confusion.

I am requesting that the CFPB review Wells Fargo's failure to comply with the warrant deadline, their lack of required ATM records, and their unjustified delay in responding to law enforcement.

## ATTACHMENTS

Adobe Scan Mar
31, 2026.pdf (1.1
MB)

IMG_0132.png
(710.9 KB)

Full
Chronological
Timeline.docx
(20.2 KB)

View full complaint

## ✓ Sent to company

**STATUS**

Sent to company on 6/7/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

 **All complaints (.)**

# 260607-33784660
**OPEN**

✔ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/7/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

Multiple Issues Not Addressed in Wells Fargo's Batch Closure on 4/1

Wells Fargo's batch-closure response did not address any of the issues raised in my complaint regarding inappropriate victim-blaming statements, refusal to investigate the November 26 ATM deposit, refusal to investigate the Wells Fargo-opened receiving account used in the fraud, and the bank's broader failure to conduct a proper fraud investigation. These issues remain unresolved and continue to cause harm.

---

1. Victim-Blaming Statements Were Not Addressed

My complaint documented multiple inappropriate and unprofessional statements made by Wells Fargo representatives, including:

• "Don't beat yourself up too much" — stated by personal banker Brandon Jones
• "At least you put your cash in the ATM instead of handing it to a scammer" — stated by a fraud-line representative

These comments:

• placed blame on me as the victim
• minimized the seriousness of the fraud
• were inappropriate during an active investigation
• demonstrated a lack of training and professionalism

The batch-closure response did not acknowledge these statements, address their impact, or indicate any corrective action.

---

2. Failure to Investigate the November 26 ATM Deposit Was Not Addressed

My complaint documented that Wells Fargo refused to investigate the ATM deposit I made on November 26, even though the deposit was made into a Wells Fargo-owned ATM. The bank did not:

• review ATM video
• pull ATM logs
• examine machine totals or error logs
• review the deposit record
• include the deposit in any determination

The batch-closure response did not address why the bank refused to investigate the

deposit or why this critical evidence was ignored.

---

3. Failure to Investigate the Wells Fargo-Opened Receiving Account Was Not Addressed

Law enforcement confirmed that the stolen funds were transferred into an account opened at Wells Fargo, yet the bank:

• did not review the receiving account's activity
• did not freeze the account
• did not contact the account holder
• did not determine whether the account was part of a fraud pattern
• did not provide information to law enforcement
• did not include the receiving account in any determination

Representatives gave contradictory explanations about whether the account had been reviewed.
The batch-closure response did not address this omission or clarify what steps were taken.

---

4. Failure to Comply With a Judge-Signed Warrant Was Not Addressed

My complaint documented that law enforcement issued a valid warrant requesting:

• ATM footage
• ATM logs
• deposit information
• receiving-account details

Wells Fargo did not fulfill the warrant.
The batch-closure response did not address this failure or explain why required evidence was withheld.

---

5. Misrepresentation of Call-Center Staff as a "Fraud Department" Was Not Addressed

I documented that Wells Fargo repeatedly routed me to scripted call-center representatives who:

• had no investigative authority
• could not access internal fraud systems
• could not review ATM logs or account activity
• could not see or fulfill the warrant
• provided contradictory and inaccurate information

Despite this, they were repeatedly presented as the "fraud department."
The batch-closure response did not address this misrepresentation or its impact on the investigation.

---

6. Failure to Explain the Fraud Investigation Process Was Not Addressed

My complaint documented that Wells Fargo never explained:

• what steps their investigation includes
• what evidence they review
• what information I was expected to provide
• what timelines apply
• what rights I had
• what obligations the bank had under Regulation E

This lack of transparency prevented me from identifying early on that key evidence was being ignored.
The batch-closure response did not address this failure.

---

7. Impact of These Failures Was Not Addressed

I documented that these failures caused:

- delays
- confusion
- emotional distress
- repeated inaccurate determinations
- obstruction of law-enforcement efforts
- inability to recover stolen funds
- ongoing harm

The batch-closure response did not address these impacts or the bank's responsibility to correct them.

---

Conclusion

Because Wells Fargo's batch-closure response did not address the victim-blaming statements, the refusal to investigate the ATM deposit, the failure to investigate the Wells Fargo-opened receiving account, the failure to comply with a judge-signed warrant, the misrepresentation of call-center staff as a fraud department, or the lack of transparency regarding the investigation process, this complaint remains unresolved and requires a substantive, issue-specific response.

View full complaint ⊕

 Sent to company

STATUS

Sent to company on 6/7/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

‹ All complaints (.)

# 260604-33658096
OPEN

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/4/2026 | Mortgage | Applying for a mortgage or refinancing an existing mortgage |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

CFPB COMPLAINT — DATA HANDLING, POSSIBLE EXPOSURE, AND INCONSISTENT RESPONSES

1. Summary of Concerns

I am requesting CFPB review of Wells Fargo's handling of my personal information, their inconsistent statements to me and to law enforcement, and their incomplete responses regarding possible data exposure. I have documented downstream identity misuse, a scammer who spoofed a real Wells Fargo mortgage number, contradictory statements about a warrant, and an accidental disclosure of another customer's personal information.

---

⭐ 2. Long-Term Presence in Wells Fargo Mortgage Systems

- I have been in Wells Fargo's mortgage system since 2018.
- In 2022, I received a Wells Fargo mortgage promotional email, confirming my information was still active in their mortgage-related systems.
- This period overlaps with known insider-access issues involving Wells Fargo mortgage data.
- I was never notified of any data exposure.

---

⭐ 3. Downstream Identity Misuse

- In 2023, I received an IRS notice stating my SSN was used for employment without my knowledge.
- This occurred after years of my information being stored in Wells Fargo's mortgage systems.
- I am concerned this may be related to possible data mishandling.

---

⭐ 4. Scammer Knew My SSN and Spoofed a Real Wells Fargo Mortgage Number

On 11/26, I was contacted by a scammer who:

• knew I banked with Wells Fargo
• knew my SSN
• spoofed a real Wells Fargo mortgage department phone number

Wells Fargo told me "it sounds like spoofing" but did not acknowledge that the number belonged to their mortgage division, even though they would have known this internally.

This raises concerns about internal-level data access.

---

⭐ 5. Verified Deposit on 11/26 and Law Enforcement Findings

• On 11/26, I deposited cash into a Wells Fargo-owned ATM.
• I reported the deposit immediately.
• A detective later viewed the ATM video, confirmed I am visible making the deposit, and documented this in his report.
• The detective also documented partial compliance by Wells Fargo in responding to his warrant.

This contradicts Wells Fargo's later statements.

---

⭐ 6. Wells Fargo Denied the Warrant and Internal Reference Number

• The detective served a warrant on Wells Fargo and received an internal reference number from the bank.
• Wells Fargo later told me no warrant existed and no internal reference number existed, contradicting the detective's documentation.
• This raises concerns about recordkeeping accuracy and internal controls.

---

⭐ 7. Wells Fargo Asked the Detective a Question They Already Knew the Answer To

In March, Wells Fargo asked the detective:

"Did she deposit into a Wells Fargo-owned ATM?"

Wells Fargo already knew this since 11/26, because:

• I reported the ATM location
• their fraud department logged the ATM ID
• the ATM accepted the cash (which only occurs on WF-owned machines)

This inconsistency raises concerns about incomplete internal review.

---

⭐ 8. Misclassification as "Phishing"

Wells Fargo repeatedly classified the incident as "phishing."

I never used that term.

This classification does not match the facts:

• the scammer knew my SSN
• the scammer spoofed a real Wells Fargo mortgage number
• the scammer knew I had Wells Fargo accounts


This appears to minimize the seriousness of the incident and raises concerns about mischaracterization.

---

9. Privacy Center Provided Irrelevant Data Instead of Requested Records

I requested:

• access logs
• data-handling records
• information covering the 2022–2023 breach-window period


The Privacy Center instead sent:

• 12 months of marketing-preferences data,
• which did not include the period I asked about
• and did not address my long-term presence in their mortgage systems


This is a non-responsive disclosure and raises concerns about incomplete data responses.

---

10. Amber's Letter Ignored My 2018 and 2022 Mortgage-System Presence

A Wells Fargo representative (Amber) sent a letter stating:

• my August 2023 application was not part of the breach


This letter ignored:

• my 2018 mortgage-system presence
• my 2022 mortgage-system presence
• the 2022 promotional mortgage email
• the fact that my data was active during the breach window


This selective review raises concerns about omitted system history.

---

11. Wells Fargo Sent Me Another Customer's Personal Information

During this process, Wells Fargo sent me documents containing another customer's personal information (Stacey Rodriguez).

This raises concerns about:

• data-handling failures
• whether my information may have been mishandled similarly

---

**ATTACHMENTS**

IMG_0328.png
(673.9 KB)

IMG_0077.jpeg
(2.1 MB)

IMG_0323.png
(323.4 KB)

Privacy
Center.pdf
(133.3
KB)

IMG_0108.png
(495.2 KB)

IMG_0075.jpeg
(2.1 MB)

View full complaint ⊕

---

✓ Sent to company

**STATUS**

Sent to company on 6/4/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

---

**Privacy Act Statement**

OMB #3170-0011

**Note on user experience**

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

---

▓▓  An official website of the United States Government

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

**❮** All complaints (.)

# 260607-33784814
**OPEN**

## ✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/7/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

CFPB Complaint – Withdrawal Claim Misclassification and Improper Handling

Subject: Wells Fargo – Misclassification of Withdrawal Claim, Failure to Document Coercion, and Inaccurate Claim Closure Records

I am filing a complaint regarding Wells Fargo's handling of my withdrawal claim. The bank has repeatedly misrepresented the facts I provided, failed to document

coercion, and closed related claims with contradictory and inaccurate timestamps.

## 1. Misclassification of the Withdrawal Claim

When I reported the unauthorized withdrawal, I clearly stated that:

• I was coerced,
• I was under duress,
• I was actively on the phone with the scammer,
• And the scammer was directing my actions.

Despite this, Wells Fargo recorded the claim reason as "doesn't remember."
This is factually false and materially alters the nature of the claim. It misrepresents my report and undermines the investigation.

## 2. Related Deposit Claim Closed Improperly

The associated ATM deposit claim for $17,800 was closed without:

• Any notification to me,
• Any explanation,
• Providing the detective with the required ATM evidence,
• Or confirming the status of funds that are likely in a suspense account.

The bank marked this claim as closed on 4/1, yet my screenshot from 4/2 shows it still listed as "In progress."
This is a chronological impossibility and indicates either:

• A system error,
• A backdated closure,
• Or improper manual alteration of claim records.

## 3. No Required Notification

I received no closure notice, no determination letter, and no explanation for the status change.
This violates standard claim-handling requirements and consumer communication

obligations.

4. Request for CFPB Review

I am requesting that the CFPB review the following:

1. Why the withdrawal claim was misclassified despite my clear statements about coercion.
2. Why the related deposit claim was closed without notice and without providing evidence to law enforcement.
3. Why the system shows a closure date that contradicts my documented screenshot from the following day.
4. Whether Wells Fargo is altering or backdating claim statuses.
5. Whether the bank is complying with required timelines, documentation standards, and notification obligations.

I have screenshots documenting the inconsistencies and can provide them upon request.

Complainant: Jiselle
Bank: Wells Fargo Bank, N.A.
Issue: Misclassification of fraud claim, inaccurate system records, lack of required notification, and improper claim handling.

**ATTACHMENTS**

IMG_0130.png (342.6 KB)

IMG_0131.png (2.3 MB)

View full complaint ⊕

✔ Sent to company

**STATUS**

Sent to company on 6/7/2026

 Consumer Financial
Protection Bureau
**(https://www.consumerfinance.gov/)**

Start a new complaint

‹ All complaints (.)

# 260602-33558125
OPEN

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/2/2026 | Checking or savings account | Managing an account |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Subject: Missing ATM Deposit of $17,800 and Incomplete Fraud Investigation
Company: Wells Fargo Bank, N.A.
Product: Checking Account / ATM Deposit
Issue: Fraud investigation; missing deposit; incomplete records provided to law enforcement

---

What happened

On 11/26/2025, I attempted to deposit $18,000 in cash at the Wells Fargo ATM located at 1701 Capitol Avenue, Cheyenne, WY. The ATM repeatedly malfunctioned. Two of the $100 bills were rejected multiple times, so the actual amount deposited was $17,800.

The ATM screen reset to the welcome screen, I had to press "confirm" twice, and I was never given a receipt or confirmation. Immediately after leaving the ATM, I pulled over and called Wells Fargo because the deposit did not appear in my mobile app.

While I was on the phone reporting the issue, Wells Fargo closed my account ending in 0543 and opened a new account ending in 6510 without my request or authorization.

---

Wells Fargo denied receiving the deposit

I received two denial letters:

• 4/2/2026: "We are not able to verify we received the deposit of $17,800."
• 4/17/2026: "We have not been able to find a record of this transaction."

Both letters reference the correct deposit amount of $17,800, which matches what the ATM accepted.

---

Law enforcement obtained a search warrant — Wells Fargo did not provide complete records

The Laramie County Sheriff's Office obtained a search warrant on 1/9/2026 requiring Wells Fargo to provide:

• ATM and door surveillance video from both Capitol Ave and Pershing locations
• Complete transaction history for account 0543
• Information on the account the funds were transferred to

According to the detective's supplemental report:

• Wells Fargo did not provide the Pershing ATM video
• Wells Fargo did not provide a complete transaction file
• Wells Fargo did not provide any record of the $17,800 deposit or any withdrawal matching that amount
• The file they sent ("transactions.dat") was incomplete

The detective wrote:

"The information I received from Wells Fargo didn't show the $18,000 withdraw… only the balance transfer."

This confirms Wells Fargo did not provide the records needed to trace the missing deposit.

---

ATM video confirms I deposited cash

The detective reviewed the Capitol Ave ATM video. It shows:

• I arrived at 16:51
• I held my phone to the ATM while speaking with Wells Fargo
• I deposited cash at 16:53
• I attempted to reinsert two $100 bills multiple times (the $200 that was rejected)
• The ATM malfunctioned
• I left at 16:59

This contradicts Wells Fargo's claim that they cannot verify a deposit occurred.

---

Law enforcement could not continue because Wells Fargo's data was incomplete

The detective concluded:

"I didn't have any leads to pursue to see where her funds went."

The case was marked inactive, not because the issue was resolved, but because Wells Fargo failed to provide complete information under a search warrant.

I am writing to provide additional information regarding my complaint about Wells Fargo Bank, N.A., specifically related to the bank's handling of my missing $17,800 cash ATM deposit made on November 26, 2025.

Wells Fargo has repeatedly referred to this cash deposit as a "check deposit," which is factually incorrect. The deposit consisted of $17,800 in cash, all in $100 bills, and was made at a Wells Fargo branch ATM.

During the transaction, I was required to press confirm twice—first at $17,500, and again at $300. Immediately after the second confirmation, the ATM screen returned to the Welcome screen without

printing a receipt, displaying a confirmation message, or posting any record of the transaction to my account.

Despite the ATM malfunction and the absence of any receipt, Wells Fargo has repeatedly asked me to provide a nonexistent receipt and continues to classify the transaction as a "check deposit," which is not accurate and does not reflect the actual events.

Additionally, Wells Fargo mailed its most recent correspondence about this matter to my old PO Box, even though I updated my address with the bank in September 2025 to my current residential address. This raises concerns about the accuracy of Wells Fargo's customer records and its ability to maintain updated contact information, especially in the context of an active dispute.

These issues raise concerns about:

• the accuracy of Wells Fargo's internal records
• the bank's ability to properly classify and investigate ATM cash deposits
• whether a reasonable investigation under Regulation E was conducted
• whether Wells Fargo is maintaining accurate customer address information as required

I am writing to notify if two other serious issues from mail postmarked 5/22/2026:

1. Privacy Breach – Wells Fargo Sent Me Another Customer's Information
In the materials Wells Fargo stated were used to determine the denial of my Regulation E fraud claims, the bank included documents belonging to another Wells Fargo customer. These documents contained: Stacey Rodriguez

• another customer's driver's license
• another customer's fraud dispute form
• another customer's credit card transaction records

These documents have no connection to my account or my claims. Their inclusion indicates a significant privacy and data-handling failure.

2. Wells Fargo Provided No Investigative Evidence for My Fraud Claims
The same packet Wells Fargo represented as the "evidence" used to deny my claims contained only my account statements. Wells Fargo did not provide:

• ATM records
• electronic journal logs
• chain-of-custody documentation
• reconciliation reports
• surveillance logs
• internal investigation notes
• any evidence supporting its denial

This raises concerns about whether Wells Fargo conducted a reasonable investigation as required under the Electronic Fund Transfer Act and Regulation E.

I have filed these materials as supplemental evidence in my federal case so the Court has a complete record of what Wells Fargo provided. I am notifying the OCC because these issues appear to reflect serious compliance, privacy, and recordkeeping failures.

Please let me know if you need copies of the documents or any additional information.

**ATTACHMENTS**

| | | | | | | |
|---|---|---|---|---|---|---|
| IMG_0080.png (1.3 MB) | IMG_0075.jpeg (2.1 MB) | IMG_0077.jpeg (2.1 MB) | IMG_0092.jpeg (4.1 MB) | Adobe Scan Jun 2, 2026.pdf (2.2 MB) | Adobe Scan May 19, 2026 (2).pdf (1.4 | IN (3 |

MB)

View full complaint ⊕

✓ **Sent to company**

**STATUS**

Sent to company on 6/2/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

---

**Privacy Act Statement**

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

An official website of the United States Government



**cfpb** Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

‹ All complaints (.)

# 260604-33661205
**OPEN**

✔ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/4/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

CFPB Complaint — Misaddressed Mail, Incorrect Deposit Classification, Lack of Investigation, and Disclosure of Another Customer's Fraud File

Subject: Wells Fargo sent misaddressed mail, misclassified my $17,800 cash deposit as a check, failed to investigate, and disclosed another customer's fraud dispute and driver's license

---

⭐ 1. Wells Fargo Sent Mail to the Wrong Address After I Updated My Address

I updated my address with Wells Fargo in September 2025 to my current residential address.

Despite this, Wells Fargo sent multiple letters to my old PO Box in April 2026, including:

- a branch letter
- a check/non-fraud claims letter
- an ATM claims department letter

This raises concerns about recordkeeping accuracy and whether Wells Fargo is maintaining correct consumer information.

---

⭐ 2. Wells Fargo Misclassified My $17,800 Cash Deposit as a "Check"

Both the branch letter and the ATM claims department letter referred to my $17,800 cash deposit — which consisted entirely of $100 bills — as a check.

This is factually incorrect.

This misclassification indicates:

• Wells Fargo did not review the ATM deposit type
• Wells Fargo did not review ATM logs
• Wells Fargo did not review the ATM's cash-acceptance records
• Wells Fargo did not conduct any meaningful investigation

This raises concerns about failure to investigate and inaccurate account handling.

---

⭐ 3. Wells Fargo Did Not Provide Any Evidence Supporting Their Determination

When I requested the evidence Wells Fargo relied on for their determination, they mailed me:

• only my own bank account statements, which I already had
• no ATM logs
• no cash-handling records
• no video-retention logs
• no internal investigation notes
• no documentation explaining where the $17,800 went

This raises concerns about incomplete responses and whether Wells Fargo conducted any investigation at all.

---

⭐ 4. Wells Fargo Disclosed Another Customer's Fraud Dispute and Driver's License

In the same mailing, Wells Fargo included documents belonging to another customer, including:

• the customer's name (Stacey Rodriguez)
• her MGM fraud dispute
• her driver's license

This is a serious data-handling failure and raises concerns about:

• improper disclosure of personal information
• mishandling of sensitive documents
• whether my own information may have been mishandled similarly

This incident alone warrants regulatory review.

---

⭐ 5. Requested CFPB Review

I am requesting CFPB review of:

• Wells Fargo sending mail to the wrong address despite my updated address
• Wells Fargo misclassifying my $17,800 cash deposit as a check
• Wells Fargo's failure to provide any evidence supporting their determination
• Wells Fargo's failure to conduct a meaningful investigation
• Wells Fargo's disclosure of another customer's fraud dispute and driver's license
• Whether Wells Fargo is meeting its obligations for accurate recordkeeping, proper investigation, and protection of consumer data


I am not asking CFPB to intervene in my lawsuit.
I am reporting accuracy, data-handling, and procedural issues within CFPB's jurisdiction.

---

**ATTACHMENTS**

Adobe Scan Jun 2, 2026.pdf (2.2 MB)

IMG_0112.jpeg (3.5 MB)

IMG_0113.jpeg (3.9 MB)

IMG_0077.jpeg (2.1 MB)

IMG_5036.png (205 KB)


View full complaint ⊕


✓ Sent to company

**STATUS**

Sent to company on 6/4/2026


We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.


Privacy Act Statement

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

 Start a new complaint

❮ All complaints (.)

# 260604-33664811
OPEN

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/4/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

### YOUR COMPLAINT

Wells Fargo assigned three different dates to the same fraud claim. The Wells Fargo terminal backdated my fraud claims to March 31, even though I filed them on April 1 in the evening. The email Wells Fargo sent me at the time of filing shows email was sent on April 1 but they headed letter as April 2. These three conflicting dates demonstrate inaccurate recordkeeping and raise concerns about whether Wells Fargo properly logged, investigated, or tracked my fraud claims.

These are three different dates for the same event, and that is a recordkeeping failure.

A bank cannot:

- backdate a claim
- misdate a claim
- assign multiple dates
- create conflicting timelines
- send contradictory confirmations

This violates:

- Reg E timing requirements
- internal control standards

- recordkeeping obligations
- accuracy requirements
- audit trail requirements

**ATTACHMENTS**

IMG_0114.jpeg
(3.5 MB)

IMG_0316.png
(201.8 KB)

IMG_0116.png
(777.8 KB)

IMG_0117.png
(773.9 KB)

IMG_0115.jpeg
(3.3 MB)

View full complaint ⊕

✓ **Sent to company**

**STATUS**

Sent to company on 6/4/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

An official website of the United States Government

 **Consumer Financial Protection Bureau**

(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260604-33669286
**OPEN**

✓ Submitted

**STATUS**

Submitted to the CFPB on 6/4/2026

**PRODUCT**

Checking or savings account

**ISSUE**

Opening an account

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

CFPB Complaint — Violation of Written-Only Communication Request (Call on June 4, 2026 at 12:09 PM)

Summary of Issue:
Wells Fargo violated my documented written-only communication request by calling me on June 4, 2026 at 12:09 PM. I have repeatedly notified Wells Fargo in writing, including through a March 2026 CFPB complaint and emails. that I do not consent to

telephone contact and require written communication only due to ongoing issues and active litigation.

Details:

• In March 2026, I notified Wells Fargo in writing—through a CFPB complaint and follow-up emails—that I require no telephone calls and written communication only.
• Wells Fargo acknowledged this preference in prior communications.
• Despite this, on June 4, 2026 at 12:09 PM, a Wells Fargo representative named Kamari called me regarding my complaints.
• I immediately stated that I have a written-only communication request, that I am in active federal litigation with 24 causes of action, and that Wells Fargo should not be calling me.
• I ended the call to avoid undocumented communication and to preserve my rights.

Why This Matters:

• Wells Fargo's call violates my explicit written communication preference, which has been on record since March 2026.
• Phone calls during active litigation create risk of misrepresentation, lack of documentation, and inconsistent statements.
• Wells Fargo has previously engaged in contradictory statements, intimidation, and retaliatory conduct, making written-only communication essential for accuracy and accountability.
• This unauthorized call appears to be part of a broader pattern of ignoring written requests and attempting to shift communication into undocumented channels.

Requested CFPB Review:
I am requesting that the CFPB:

• Document this violation of my written-only communication request.
• Require Wells Fargo to comply with written-only communication going forward.
• Review whether this unauthorized call constitutes retaliation or improper contact during active litigation.
• Ensure that all future Wells Fargo communications occur in writing only, as previously requested and documented.

---

**ATTACHMENTS**

IMG_0119.jpeg (184.6 KB)

View full complaint ⊕

✓ Sent to company

**STATUS**

Sent to company on 6/4/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

 **Consumer Financial Protection Bureau**
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260606-33764524

**OPEN**

✔ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/6/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Complaint Regarding Inconsistent Timestamps on Fraud Claims

I am submitting this complaint to document a pattern of inconsistent and inaccurate timestamping by Wells Fargo regarding my fraud claims.

My two fraud claims were filed on April 1, 2026. However:

• In the Wells Fargo mobile app, both claims are shown as opened on March 31, 2026.
• The confirmation email Wells Fargo sent to me on April 1, 2026 is dated April 2, 2026.
• This means Wells Fargo is using three different dates for the same set of claims:•
March 31 (in-app claim timestamps)
• April 1 (actual filing date)
• April 2 (email letter date)

These discrepancies demonstrate that Wells Fargo cannot consistently or accurately timestamp fraud claims. Accurate timestamps are essential for Regulation E compliance, investigation timelines, and law enforcement coordination. When the bank's own systems and communications contradict each other, it undermines the integrity of the claims process and creates confusion about when the claims were actually filed and when the investigation period legally began.

Summary of the Issue:
Wells Fargo misled me into believing a fraud claim had been filed on November 26, 2025, when in reality only an internal "escalation" existed. This prevented the required Regulation E investigation from being initiated, delayed the claim for four months, and resulted in multiple premature and inaccurate Final Determinations. This is a procedural failure and a misrepresentation of the claims process.

Details:
On November 26, 2025, I reported fraud to Wells Fargo immediately after the incident. I was later instructed by the fraud department to go to my local branch in person when it reopened after Thanksgiving. I followed those instructions and reported the fraud in person at the Pershing Blvd branch on November 28, 2025. A branch employee, Brandon, gave me a business card with a "case number" written on the back. I was led to believe this was a fraud claim number. It was not. It was only an escalation.

Because Wells Fargo never opened the actual fraud claims, the bank failed to initiate any Regulation E investigation. No evidence was collected, no provisional credit was considered, and no investigation steps were taken. Despite this, Wells Fargo issued multiple Final Determinations over the next four months, all of which were based on incomplete or nonexistent investigations.

On Wednesday, March 2026, I discovered that the real fraud claims had never been

filed. I had to insist that Wells Fargo finally open the actual claims for the $18,000 duress withdrawal and the $17,800 ATM deposit. These claims should have been opened on November 26, 2025. The delay is a violation of Regulation E.

**ATTACHMENTS**

Adobe Scan Mar 31, 2026.pdf (1.1 MB)

IMG_0012.png (1 MB)

Adobe Scan Jun 2, 2026.pdf (2.2 MB)

Adobe Scan Dec 28, 2025.pdf (2.5 MB)

View full complaint ⊕

## ✔ Sent to company

**STATUS**

Sent to company on 6/6/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

**Privacy Act Statement**

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260606-33764685
**OPEN**

✔ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/6/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

CFPB Complaint – April 15 Call

I am writing to document my call on April 15, 2026 at approximately 4:01 PM regarding claim 2604010049978. During this call, the Wells Fargo representative (Jen) informed me that my claim for the $18,000 withdrawal was denied because it was "an in-branch withdrawal." This denial reason is not consistent with Regulation E requirements or CFPB guidance.

Regulation E does not allow a bank to deny a claim solely because the customer was physically present or because the withdrawal occurred inside a branch. The determining factor is whether the transaction was authorized, not where it occurred. A transaction is unauthorized when it is made under coercion, duress, manipulation, or coaching, even if the consumer is physically present, enters a PIN, or interacts with a teller. A consumer does not provide valid authorization when acting under threat, pressure, or instruction from a fraudster. CFPB interpretations make this clear: the bank must evaluate whether the transfer was voluntary and intentional, not simply whether it occurred in a branch.

The denial reason provided ("in-branch withdrawal") does not address the circumstances of coercion and lack of voluntariness that were reported. It also does not satisfy the bank's duty to conduct a reasonable investigation under Reg E §1005.11. Wells Fargo did not address the fact that I was on the phone with the fraudster, being coached, pressured, and misled into making the withdrawal, which law enforcement has already classified as fraud, not a "scam."

I am requesting that the CFPB require Wells Fargo to:

1. Reopen the claim,
2. Conduct a Reg E-compliant investigation,
3. Evaluate the transaction based on authorization and voluntariness, not location,
4. Provide documentation supporting their denial, including any internal investigation notes, and
5. Correct their improper use of "in-branch withdrawal" as a blanket denial reason.

I request that this complaint be added to my CFPB record as part of the ongoing timeline documenting procedural failures, improper denial reasons, and potential non-compliance by Wells Fargo.
CFPB Complaint – April 15 Call)

I am writing to document my call on April 15, 2026 at approximately 4:01 PM regarding claim 2604010049978. During this call, the Wells Fargo representative (Jen) informed me that my claim for the $18,000 withdrawal was denied because it was "an in-branch withdrawal." This denial reason is not consistent with Regulation E requirements or CFPB guidance.

Regulation E does not allow a bank to deny a claim solely because the customer was

physically present or because the withdrawal occurred inside a branch. The determining factor is whether the transaction was authorized, not where it occurred. A transaction is unauthorized when it is made under coercion, duress, manipulation, or coaching, even if the consumer is physically present, enters a PIN, or interacts with a teller. A consumer does not provide valid authorization when acting under threat, pressure, or instruction from a fraudster. CFPB interpretations make this clear: the bank must evaluate whether the transfer was voluntary and intentional, not simply whether it occurred in a branch.

The denial reason provided ("in-branch withdrawal") does not address the circumstances of coercion and lack of voluntariness that were reported. It also does not satisfy the bank's duty to conduct a reasonable investigation under Reg E §1005.11. Wells Fargo did not address the fact that I was on the phone with the fraudster, being coached, pressured, and misled into making the withdrawal, which law enforcement has already classified as fraud, not a "scam."

I am requesting that the CFPB require Wells Fargo to:

1. Reopen the claim,
2. Conduct a Reg E-compliant investigation,
3. Evaluate the transaction based on authorization and voluntariness, not location,
4. Provide documentation supporting their denial, including any internal investigation notes, and
5. Correct their improper use of "in-branch withdrawal" as a blanket denial reason.

I request that this complaint be added to my CFPB record as part of the ongoing timeline documenting procedural failures, improper denial reasons, and potential non-compliance by Wells Fargo.

View full complaint ⊕



## ✓ Sent to company

### STATUS

Sent to company on 6/6/2026

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260606-33764334
OPEN

## ✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/6/2026 | Checking or savings account | Managing an account |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

I am filing a complaint regarding Wells Fargo's handling of my ATM cash deposit and their closure of my fraud claim without providing the required evidence.

I made a cash deposit at a Wells Fargo ATM. The ATM accepted the cash, and I am on video making the deposit. The detective assigned to the case has confirmed that I am on the video. This video is the only part of the judge-signed search warrant that Wells Fargo has complied with. They have not provided any of the required accounting records, including the ATM electronic journal, cash balancing records, or chain-of-custody documentation. This places them in partial noncompliance with the warrant.

I called Wells Fargo again this morning at 4/6/26. 5:02 AM to report the issue and continue seeking resolution. A screenshot of that call is attached.

During my most recent conversation, the Wells Fargo representative told me they "couldn't find the money" and that the ATM reconciliation showed it "was not there." I explained that this is impossible because the ATM accepted the cash and therefore Wells Fargo had custody of the funds. They are required to maintain a chain of custody and show when and how the money left the ATM suspense account.

The representative then told me it was probably a scam and that the money must have gone into someone else's account. Law enforcement has already classified this as fraud in their report. Wells Fargo does not have the option to reclassify it as a "scam" to avoid responsibility.

Despite this, Wells Fargo closed my fraud claim without providing any of the required evidence. They have not shown when the funds allegedly left the account, nor have they provided any documentation proving it was a preventable loss. The timeline is critical because the deposit would have had to leave after 5:10 PM, which is when I first called to report the fraud.

Wells Fargo has not provided any evidence supporting their decision.

I am requesting that the CFPB require Wells Fargo to reopen the claim, provide the required accounting records, and comply with the investigative obligations for an ATM cash deposit loss.

I am filing this complaint to document additional issues with Wells Fargo's handling of my fraud claims, even though the CFPB system is currently not transmitting my complaints to the company. I need this on record for my timeline and evidence trail.

Wells Fargo denied my fraud claim stating they "cannot confirm I made the deposit." This contradicts the law-enforcement findings. Detective Young of the Cheyenne Police Department previously confirmed that I am visible on the branch surveillance video completing the deposit. However, when I spoke with a fraud representative (Brant) on 4/6/2026 at 5:47 PM, he stated that Wells Fargo has no record of receiving any information from law enforcement confirming that I am on the video. This indicates a breakdown in communication and potential non-compliance with the search warrant.

During the same call, I documented the following issues:

• I have never made a large cash withdrawal before.
• The withdrawal occurred the day before a holiday, which is a high-risk scenario requiring enhanced due diligence.
• The teller normalized an under-the-table cash payment instead of escalating the transaction.
• I had made a large deposit in September with the same teller for an asset sale, showing a pattern of legitimate activity.
• I was still on the phone with the scammer during the withdrawal. Under Regulation E, coerced withdrawals are considered unauthorized.
• Wells Fargo continues to refer to this as a "scam," which contradicts the law-enforcement classification of fraud.
• Wells Fargo has not complied with the search warrant beyond providing the video. Chain-of-custody records for the ATM deposit have not been produced.
• If the funds left the account after 5:10 PM on 11/26, when I reported the fraud, the loss was preventable, making the bank responsible under Reg E.
• Wells Fargo is responsible for the accounts it opens and maintains, and this account was used for fraud.
• I have experienced ongoing harm, including misclassification of income, rejection of contractor pay, and loss of sleep for nearly 4.5 months.


I am requesting that this complaint be logged in my CFPB record as part of the ongoing timeline of procedural failures, contradictory statements, and potential non-compliance by Wells Fargo. I understand the system may not transmit this complaint to the company, but I need it preserved in the CFPB system for documentation purposes.

Wells Fargo's denial letter also incorrectly referred to my cash deposit as a "check deposit." This is factually wrong and contradicts both the ATM behavior and the detective's findings. Misclassifying a cash deposit as a check deposit indicates that Wells Fargo did not conduct a proper investigation and did not review the ATM logs or cash-acceptance records. This error further undermines the validity of their claim decision.

### ATTACHMENTS

| IMG_0112.jpeg | Adobe | IMG_0113.jpeg | IMG_0116.png | IMG_0117.png | IMG_0316.png |
|---|---|---|---|---|---|
| (3.5 MB) | Scan Jun 2, 2026.pdf (2.2 MB) | (3.9 MB) | (777.8 KB) | (773.9 KB) | (201.8 KB) |

View full complaint ⊕

 **Sent to company**

STATUS

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

[ Start a new complaint ]

❮ All complaints (.)

# 260606-33763821
**OPEN**

✔ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/6/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

⭐ CFPB COMPLAINT — JISELLE McKEE

Subject: Missing Apple Wallet Records, Incomplete Data-Handling Disclosures, ATM Malfunction, Withheld Search-Warrant Records, and Failure to Reimburse $17,800 Cash Deposit

Bank: Wells Fargo Bank, N.A.

Incident Date: November 26, 2025
Amount: $17,800 cash deposit (ATM accepted $17,500 + $300)
Location: Wells Fargo ATM, 1701 Capitol Ave, Cheyenne, WY
Law Enforcement Case: Laramie County Sheriff's Office Case 2025-039665
(attached)
Status: Matter now in District Court

---

⭐ Summary of Complaint

I am requesting CFPB intervention because Wells Fargo:

• failed to reimburse a $17,800 cash deposit that their ATM accepted
• stated the deposit is "not traceable," which is not technically possible
• withheld Apple Wallet token records and other required data
• withheld search-warrant records from law enforcement
• provided incomplete and contradictory Privacy Center disclosures
• ignored my documented presence in their mortgage system since 2018
• ignored the fact that I was present in their mortgage system during the 2022–2023 insider breach
• only acknowledged an August 2023 application, despite earlier system presence
• previously shorted me on a deposit at the Pershing branch, making the scammer's FBI claim believable
• failed to provide access logs, breach logs, or mortgage-system presence logs
• failed to provide the required data breach disclosures under their own Privacy Center obligations

I have attached the full detective report.

---

⭐ 1. Missing Apple Wallet Token Records

The scammer instructed me to delete and reinstall the Wells Fargo app and log in with credentials he provided.
A card appeared in Apple Wallet, which I believed was mine.

Wells Fargo has not provided:

- Device Account Number (token)
- token provisioning logs
- device ID that added the card
- issuer approval logs
- token-to-card mapping
- Apple Pay transaction metadata

These records are required for any investigation involving Apple Wallet tokenization.

Without these logs, Wells Fargo cannot claim the deposit is "not traceable."

---

2. Wells Fargo's Statement That the Deposit Is "Not Traceable" Is Not Technically Possible

Wells Fargo sent me a letter stating the ATM deposit is "not traceable."

This is not possible because ATMs generate:

- internal transaction logs
- cash acceptance sensor data
- error codes
- cassette reconciliation records
- device token interaction logs
- timestamped event logs

The detective report confirms:

- the ATM accepted the cash
- the ATM did not print a receipt
- the ATM reset to the welcome screen
- the transaction did not complete

This is the classic pattern of an ATM incomplete transaction where the cash remains inside the machine.

Wells Fargo's "not traceable" statement contradicts ATM mechanics.

---

⭐ 3. Scammer Had Data Consistent With My Wells Fargo Mortgage Application

The scammer:

• spoofed the Wells Fargo Mortgage Department number
• had my full Social Security Number
• had my address
• had information consistent with my mortgage application history

This is significant because:

I was present in Wells Fargo's mortgage system in 2018 and again in 2022,

during the period of the 2022–2023 insider mortgage-data breach.

Wells Fargo has never acknowledged my earlier system presence.

Explore: Mortgage_system_activity_explanation.

---

⭐ 4. Wells Fargo Ignored My Documented Presence in Their Mortgage System Since 2018

Wells Fargo's Privacy Center:

• first sent me only 12 months of marketing preferences
• did not include any mortgage-system presence
• did not include access logs
• did not include historical system presence
• did not include breach-period data
• did not include my 2018 prequalification
• did not include the 2022 Wells Fargo mortgage email sent to me

Later, a Wells Fargo representative (Amber) stated only:

"Your August 2023 application was not part of the breach."

This ignores:

• my 2018 presence
• my 2022 presence
• the 2022–2023 insider breach period
• the fact that the scammer had mortgage-application-level data

This is a selective time-window review and an incomplete disclosure.

---

⭐ 5. Prior Pershing Branch Deposit Shortage Made the Scam Believable

I previously experienced a shortage on a large deposit at the Pershing branch. Because of this, when the scammer claimed:

"The Pershing branch is under FBI investigation."

…it was believable to me.

This prior incident is documented and relevant.

Explore: Bank_branch_prior_incident.

---

⭐ 6. Wells Fargo Withheld Search-Warrant Records From the Detective

The detective reported:

• Wells Fargo delayed compliance
• Wells Fargo provided incomplete records
• Wells Fargo did not provide the receiving account number
• Wells Fargo did not provide ATM error codes

- Wells Fargo did not provide token logs
- Wells Fargo did not provide full ATM logs
- Wells Fargo did not provide access logs

This prevented law enforcement from tracing the deposit.

Explore: Bank_incomplete_records_issue.

---

7. ATM Accepted the Cash, Then Malfunctioned

The ATM accepted:

- $17,500
- $300

Both times:

- the ATM required me to hit Confirm
- the ATM errored
- the ATM printed no receipt
- the ATM reset to the welcome screen

This is consistent with ATM error codes where the cash remains inside the machine.

The detective report confirms this.

---

8. What I Am Requesting

I request that the CFPB require Wells Fargo to:

1. Reimburse the full $17,800 that the ATM accepted.
2. Provide complete Apple Wallet token logs, including Device Account Number and provisioning data.

3. Provide complete ATM logs, including error codes and cassette reconciliation.

4. Provide complete mortgage-system presence logs from 2018–2023.

5. Provide complete breach-period disclosures for the 2022–2023 insider mortgage-data breach.

6. Provide complete access logs and historical system presence records.

7. Explain why they told me the deposit is "not traceable" when ATM logs must exist.

8. Explain why they withheld records from law enforcement.

9. Explain why they only acknowledged an August 2023 application and ignored my earlier system presence.

---

**ATTACHMENTS**

Privacy Center.pdf (133.3 KB)

IMG_0366.png (573.2 KB)

Adobe Scan Jun 2, 2026.pdf (2.2 MB)

IMG_0328.png (673.9 KB)

View full complaint ⊕

## ✓ Sent to company

**STATUS**

Sent to company on 6/6/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260607-33784558
OPEN

## ✔ Submitted

**STATUS**

Submitted to the CFPB on 6/7/2026

**PRODUCT**

Checking or savings account

**ISSUE**

Managing an account

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

CFPB Complaint – Attempt to Influence What Evidence I Submit to Regulators

Summary of Issue:
A Wells Fargo escalation manager (Steven) sent an email implying that information provided to law enforcement should be treated separately and not included in my CFPB complaints. This raises concerns about whether the bank is attempting to limit what evidence I provide to regulators, especially when the information from law

enforcement directly contradicts the bank's written denial.

Description of the Issue:
On April 2, 2026, Steven emailed me and stated that Wells Fargo treats the law-enforcement involvement as "separate." This was communicated immediately after I submitted multiple rebuttals documenting contradictions between Wells Fargo's statements to me and their statements to the investigating detective.

This timing and wording created the impression that I should not include law-enforcement information in my CFPB complaints, even though the detective's statements directly contradict Wells Fargo's denial letter and are relevant to whether a reasonable investigation occurred.

I am attaching Steven's email for reference.

Why This Is a Regulatory Concern:
Steven's email raises the following concerns:

1. Potential attempt to influence or limit the evidence I provide to the CFPB. Suggesting that law-enforcement information is "separate" may discourage consumers from submitting relevant evidence.
2. Law-enforcement information is directly relevant to the consumer investigation. The detective was told Wells Fargo did not know whether the ATM was theirs. The denial letter claims a thorough review. These statements cannot both be true.
3. The bank may be attempting to control the narrative presented to regulators. This undermines transparency and raises concerns about whether the bank is fully cooperating with the CFPB process.
4. The timing suggests the bank responded to my rebuttals by attempting to redirect what information I include.
This occurred immediately after I documented contradictions between Wells Fargo and law enforcement.

Impact:
This creates the appearance that Wells Fargo is attempting to influence or narrow the scope of evidence submitted to regulators. It also raises concerns about whether the bank is attempting to keep contradictory law-enforcement information out of the CFPB's review

ATTACHMENTS

IMG_0129.png (1.2 MB)

View full complaint ⊕

## ✓ Sent to company

**STATUS**

Sent to company on 6/7/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

---

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-

 **Consumer Financial Protection Bureau**
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260604-33660789
OPEN

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/4/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

CFPB Complaint — Contradictory Statements About Warrant Compliance and Missing $17,800 Deposit

Subject: Wells Fargo litigation counsel denied warrant noncompliance despite detective's documented partial compliance; bank still cannot account for my $17,800 cash deposit

---

## 1. Summary of Issue

I am requesting CFPB review of contradictory statements Wells Fargo has made regarding:

- their compliance with a law-enforcement search warrant
- their handling of my $17,800 cash deposit
- their prior classification of the deposit as "alleged"
- their inability to account for the funds

I am not asking CFPB to intervene in my lawsuit.
I am reporting accuracy, consistency, and compliance issues, which fall under CFPB oversight.

---

## 2. Wells Fargo Litigation Counsel Denied Warrant Noncompliance

Wells Fargo's litigation counsel recently filed a response in my lawsuit denying my cause of action related to search-warrant noncompliance.

However, the detective's written investigative report clearly documents:

- the warrant was served
- Wells Fargo issued an internal reference number
- Wells Fargo provided only partial compliance
- required items were not produced

This is a direct conflict between Wells Fargo's litigation statements and law-enforcement documentation.

This raises concerns about accuracy of Wells Fargo's representations and law-enforcement compliance.

---

## 3. Wells Fargo Previously Called My Deposit "Alleged" Despite Video Confirmation

Before litigation, Wells Fargo repeatedly referred to my $17,800 cash deposit as "alleged."

However:

• the detective viewed the ATM video
• the detective confirmed I am visible making the deposit
• the detective documented the deposit in his report

Wells Fargo has never denied that I attempted to deposit $17,800 in cash into their ATM.

This raises concerns about mischaracterization of verified facts.

---

4. Wells Fargo Cannot Account for the $17,800 Cash Deposit

Despite:

• my immediate report on 11/26
• the detective confirming the deposit
• the ATM accepting the cash
• Wells Fargo acknowledging the deposit attempt

Wells Fargo has not accounted for the $17,800.

They have not provided:

• ATM cash-handling logs
• video-retention logs
• internal investigation records
• chain-of-custody documentation
• any explanation of where the funds went

Because Wells Fargo cannot account for the deposit, I am requesting CFPB review of whether the bank is meeting its obligations under accurate account handling and error-resolution requirements.

---

5. Requested CFPB Review

I am requesting CFPB review of:

• Wells Fargo's denial of warrant noncompliance despite the detective's documented partial compliance
• Wells Fargo's contradictory statements regarding the warrant and internal reference number
• Wells Fargo's prior classification of my deposit as "alleged" despite video confirmation
• Wells Fargo's inability to account for the $17,800 cash deposit
• Whether Wells Fargo is providing accurate, complete, and truthful information to consumers and regulators

I am not asking CFPB to intervene in my lawsuit.
I am asking CFPB to review accuracy, consistency, and compliance issues within their jurisdiction.

**ATTACHMENTS**

IMG_0109.jpeg
(251.5 KB)

Adobe
Scan Jun
2,
2026.pdf
(2.2
MB)

IMG_0111.png
(1006.8 KB)

IMG_0110.png
(989.1 KB)

**View full complaint** ⊕

✔ Sent to company

**STATUS**

Sent to company on 6/4/2026

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260607-33782522
**OPEN**

✓ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/7/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

CFPB Complaint — Systemic Issue: Non-Responsive Executive Office Handling

Subject: Pattern of Non-Responsive, Template-Based Executive Office Responses (Systemic Issue)

I am submitting this complaint to document what appears to be a systemic issue within Wells Fargo's Executive Office regarding how consumer complaints are

handled. Over the past several months, I have submitted multiple complaints involving separate issues, each supported by detailed evidence, including law-enforcement documentation. Despite this, the Executive Office has repeatedly issued generic, boilerplate responses that do not address the specific facts or evidence provided.

This complaint is not about a single incident. It is about a pattern of non-responsive handling that prevents meaningful resolution and raises concerns about whether consumer complaints are being properly reviewed.

1. Pattern of Template Responses

Across numerous complaints, Wells Fargo's Executive Office has responded with nearly identical language, regardless of the issue raised. These responses:

• Do not reference the evidence submitted
• Do not address the specific questions asked
• Do not acknowledge contradictions in Wells Fargo's own records
• Do not address law-enforcement findings
• Close the complaint without resolving the underlying issue

This creates the appearance of a systemic template-based process rather than individualized review.

2. Failure to Address Submitted Evidence

In multiple complaints, I submitted detailed documentation, including:

• A detective report documenting missing ATM logs and an incomplete law-enforcement response
• Evidence of an ATM malfunction
• Evidence of missing or contradictory transaction records
• Evidence of reclassification and date discrepancies
• Evidence of incomplete or missing access-log disclosures

The Executive Office responses did not acknowledge or address any of these materials.

### 3. Inconsistent With CFPB Requirements for Substantive Responses

CFPB guidelines require banks to provide:

• A substantive response
• An explanation addressing the consumer's specific concerns
• Information about steps taken to investigate

Wells Fargo's Executive Office responses do not meet these standards. They appear to be pre-written templates that are reused regardless of the facts.

### 4. Systemic Issue, Not an Isolated Case

Because this pattern has occurred across many separate complaints involving different issues, it appears to be a system-level problem in how Wells Fargo handles CFPB-submitted complaints.

This pattern prevents consumers from receiving:

• Accurate information
• Meaningful review
• Resolution of documented issues

### 5. Requested Action

I am requesting that the CFPB review:

• Whether Wells Fargo's Executive Office is providing substantive, individualized responses
• Whether the bank is complying with CFPB requirements for complaint investigation
• Whether the repeated use of boilerplate templates constitutes a systemic non-responsiveness issue

I am not requesting any specific outcome regarding my underlying disputes in this complaint.
I am requesting oversight of the process Wells Fargo uses to respond to CFPB complaints.

View full complaint

✔ Sent to company

**STATUS**

Sent to company on 6/7/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question?

(855) 411-2372

TTY/TTD: (855) 729-2372

9 a.m. to 6 p.m. ET, Monday through Friday (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 260606-33749406
### OPEN

✔ ## Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 6/5/2026 | Checking or savings account | Managing an account |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or

- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or

- Let you know if we need more information to continue our work.

### YOUR COMPLAINT

Since November 26, 2025, Wells Fargo has withheld my funds from a cash deposit I made at one of their ATMs. It has now been more than seven months, and the bank has still not returned my money (178 one hundred dollar bills).

On November 26, I deposited cash into a Wells Fargo ATM. The ATM did not print a receipt, and the machine appeared to experience an error during the transaction and went to the welcome screen without posting or printing a receipt. I immediately

reported the issue to Wells Fargo and have repeatedly attempted to resolve this directly with the bank through hundreds of written complaints and emails, but they have not corrected the problem.

A Laramie County Sheriff's Office detective has now confirmed that I am on video making the deposit, and that the ATM accepted the cash. Despite this confirmation, Wells Fargo has stated that they "cannot account for the money."

The detective also informed me that Wells Fargo was only partially compliant with the judge-signed search warrant issued for the ATM records. The bank did not provide all required documentation, including materials needed to determine where my deposit went.

Wells Fargo continues to deny responsibility, has not provided the evidence needed to verify the deposit, and has still not returned my funds. It has now been over seven months since the deposit, and the issue remains unresolved.

Detective report attached.

## ATTACHMENTS

Adobe Scan Jun 2, 2026.pdf (2.2 MB)

View full complaint ⊕

 Sent to company

## STATUS

Sent to company on 6/5/2026

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

**Exhibit L — Contraction Matrix Comparing Wells Fargo Statements to Detective Report**

NEW CONTRADICTIONS — Detective Report (Filed June 2, 2026)

These contradictions arise directly from the contents of the Detective Young Supplemental Investigative Report.

1. WF denied a warrant existed

The detective report confirms a judge-signed warrant was granted on 1/9/2026, contradicting WF representatives who told Plaintiff and the CFPB that no warrant existed.

"On 1/9/2026, a search warrant was granted for Wells Fargo Bank..."
(Detective Report)

2. WF claimed the warrant reference number was invalid

WF told Plaintiff the internal reference number was "not valid," contradicting the detective report confirming the warrant was served and assigned internal reference 31797669.

"I received two files (31797669-2 9, 11 CHEYENNE... and 31797669-1 7-8 CHEYENNE MAIN)"
(Detective Report)

3. WF told CFPB no warrant was submitted to Fraud Dept

The detective report confirms WF received the warrant and produced partial records, contradicting WF's CFPB statements that no warrant was ever submitted.

"On 2/17/2026, I received a file... from Wells Fargo..."
(Detective Report)

4. WF claims they cooperate with law enforcement several times

The detective report states WF provided only partial compliance, contradicting WF's statements.

"The information I received from Wells Fargo didn't show the $18,000 withdraw…"

"The transactions.dat file appears incomplete"

"They were unable to provide video from the Pershing branch"
(Detective Report)


5. WF failed to provide required ATM logs

The detective report confirms WF did not provide ATM logs or deposit records required by the warrant.

The case was moved to inactive to due no leads because WF did not fully comply with search warrant.
(Detective Report)


6. WF claimed they needed ATM video to confirm I made deposit

WF told Plaintiff video was needed to confirm the deposit on 11/26/2025 and video exists of the deposit and yet WF continued to deny the deposit existed and did not return the cash deposit that I am on video making.


"I received two files… that contained the surveillance video…"
(Detective Report)


7. WF asked if the ATM WF-owned on March 2

WF asked the detective whether the ATM was WF-owned, contradicting the detective report confirming the ATM was at the Capitol Avenue WF branch.

"The exterior camera shows a partial view of the drive-up ATM... Capitol Ave location."
(Detective Report)

8. WF claimed Plaintiff never made the deposit

The detective report confirms video of Plaintiff depositing cash at 1653–1657 hours, contradicting WF's repeated statements that the deposit was "alleged" or "not traceable."

"At 1653 hours, McKee is seen... putting it in the ATM."
(Detective Report)

9. WF claimed the deposit was a check deposit

WF repeatedly misidentified the deposit as a check deposit, contradicting the detective report confirming cash was deposited.

"She is seen... with cash in her hand and putting it in the ATM."
(Detective Report)

10. WF claimed the ATM accepted no cash

WF told Plaintiff the ATM did not accept cash or had no record of cash, contradicting the detective report confirming multiple cash insertions.

"She tried the 2 $100 bills numerous times..."
(Detective Report)

11. WF claimed ledger entries cannot change

The detective report confirms ledger manipulation, including changed dates and changed transaction descriptions.

"The second page... showed the withdrawal... was dated 11/28/2025... previously listed as 11/26."
(Detective Report)


12. WF claimed the ATM deposit was never received

WF's letters to Plaintiff claimed they "could not verify" receiving the deposit, contradicting the detective report confirming video of the deposit.

"At 1653 hours... putting it in the ATM."
(Detective Report)


13. WF claimed no errors occurred

The detective report documents:

• missing $18,000 withdrawal record
• altered ledger entries
• incomplete warrant response
• misclassified transactions


The ATM did not give the option to print a receipt and went back to the welcome screen which is consistent with an ATM error.


All contradicting WF's "no error" position.


14. WF claimed the investigation was complete

The detective report confirms WF provided:

• incomplete transaction file
• missing ATM logs

- missing withdrawal record
- missing Pershing ATM video

Contradicting WF's claim of a "completed investigation."

15. WF claimed the Pershing ATM had no video

WF told the detective they could only retrieve Capitol Ave video, contradicting the warrant requiring both locations.

"They could only get the video for the Capitol Ave location."
(Detective Report)

16. WF claimed no identity-theft indicators existed

The detective report confirms:

WF closed my bank accounts on 11/26/2025 while I was seeking help and opened new ones.

**Exhibit M** — Email to WBD Regarding Written-Only Communication Requirement

A copy of Plaintiff's email to WBD advising that Defendant must not contact Plaintiff by telephone under any circumstances, consistent with Plaintiff's documented written-only communication request and ongoing litigation.

From: Jiselle McKee jiselle.cash@csuglobal.edu
Subject: Subject: Improper Direct Contact by Wells Fargo Representative (Case 1:26-cv-00146-SWS McKee v. Wells Fargo Bank NA)
Date: Jun 4, 2026 at 12:48:34 PM
To: chad.caby@wbd-us.com
Cc: John Hawk john.hawk@wbd-us.com

Hello,

I am writing to notify you that today, June 4, 2026 at 12:09 PM, a Wells Fargo representative named Kamari called me by telephone regarding my complaints.

As you are aware, I am in active litigation with Wells Fargo (Case No. 26-CV-146), and I have previously provided Wells Fargo with a written-only communication request, including through a March 2026 CFPB complaint and follow-up emails. Wells Fargo has acknowledged this request in prior communications.

This is not the first violation. In March 2026, a Wells Fargo employee (Brie, who also used the name "Brittany") called me despite my written request and after prior intimidation during a call witnessed by a third party.

Given the ongoing litigation and the documented history of intimidation, contradictory statements, and retaliation, I am requesting that you advise your client not to contact me by telephone under any circumstances. All communication should occur in writing only.

Thank you,

Jiselle McKee
7052 Rilley Road
Cheyenne WY 82009

Sent from my iPhone