IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



JISELLE McKEE,
Plaintiff,

v.

WELLS FARGO BANK, N.A.,
Defendant.

Case No. 1:26-cv-00146

## PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE AND FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES DUE TO CASE COMPLEXITY

## I. INTRODUCTION

Plaintiff respectfully moves this Court for an Order compelling Defendant Wells Fargo Bank, N.A. to participate in the Rule 26(f) conference and for leave to serve additional interrogatories due to the complexity of this case. Plaintiff initiated the Rule 26(f) process in good faith by requesting Defendant's availability on June 9, 2026. Defendant did not respond. Instead, two days later, Defendant filed a Motion to Compel Arbitration and Motion to Stay.

Because the Court has not stayed discovery, Defendant's lack of response has prevented the Rule 26(f) conference from occurring and has created a significant pre-discovery stall that blocks Plaintiff from beginning discovery. Plaintiff is fully prepared to proceed with discovery immediately after the Rule 26(f) conference. Court intervention is necessary.



## II. FACTUAL BACKGROUND

1. On June 9, 2026, Plaintiff emailed Defendant's counsel requesting available dates for the Rule 26(f) conference, as required by Fed. R. Civ. P. 26(f).
2. Defendant did not respond to Plaintiff's request and did not provide any availability.

3. On June 11, 2026, two days after Plaintiff's Rule 26(f) request, Defendant filed a Motion to Compel Arbitration and Motion to Stay.

4. The Court has not entered any order staying discovery.

5. Because Defendant has not responded to the Rule 26(f) request, the parties have not held the Rule 26(f) conference.

6. Plaintiff cannot serve Interrogatories, Requests for Production, or Requests for Admission until after the Rule 26(f) conference occurs.

7. Plaintiff is fully prepared to proceed with discovery immediately after the Rule 26(f) conference.

8. Defendant's non-response has therefore prevented Plaintiff from beginning discovery and has created a material pre-discovery stall.


## III. LEGAL STANDARD

### A. Rule 26(f) Requires the Parties to Confer "As Soon As Practicable"

Rule 26(f) imposes a mandatory duty on both parties to confer early in the case. A party cannot avoid the conference by ignoring a request for availability.

### B. Filing an MTC Does Not Automatically Stay Discovery

Only a court order can stay discovery. A pending MTC does not stay the case. A request for a stay does not stay the case.

Because the Court has not stayed discovery, Defendant remains obligated to participate in Rule 26(f).

### C. Rule 37 Authorizes a Motion to Compel When a Party Fails to Confer

A party's failure to respond to a Rule 26(f) request is grounds for a motion to compel under Rule 37(a).


## IV. ARGUMENT

### A. Plaintiff Initiated the Rule 26(f) Process in Good Faith

Plaintiff emailed Defendant's counsel on June 9, 2026 requesting available dates for the Rule 26(f) conference. Defendant did not respond.

B. Defendant's Silence Prevented the Rule 26(f) Conference From Occurring

Defendant did not refuse outright but simply did not respond. This silence prevented the parties from holding the Rule 26(f) conference and prevented Plaintiff from beginning discovery.

C. The Court Has Not Stayed Discovery, So Defendant Must Participate

Because no stay has been entered, Defendant's failure to respond violates Rule 26(f) and Rule 37(a).

D. Defendant's Conduct Has Created a Pre-Discovery Stall

Because the Rule 26(f) conference has not occurred, Plaintiff cannot serve any written discovery or begin the discovery process at all. This prejudices Plaintiff and halts the case.

E. Plaintiff Is Fully Prepared to Proceed With Discovery Immediately After the Rule 26(f) Conference

Plaintiff has drafted substantial portions of her discovery plan and is ready to serve written discovery immediately after the Rule 26(f) conference. Plaintiff's ability to proceed has been halted solely because Defendant has not responded to the Rule 26(f) request.

F. Plaintiff Requests Leave to Serve Additional Interrogatories Due to Case Complexity

Under Fed. R. Civ. P. 33(a)(1), a party may serve more than 25 interrogatories with leave of court. Plaintiff respectfully requests such leave. This case involves:

• multiple disputed factual narratives,
• overlapping fraud investigations,
• internal bank procedures,
• missing or incomplete records,
• law enforcement involvement,
• multiple account-level events, and
• complex financial data.

Because of this complexity, 25 interrogatories are insufficient for Plaintiff to obtain the information necessary to prepare her case. Plaintiff therefore requests leave to serve a reasonable number of additional interrogatories tailored to the issues in dispute.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Order Defendant to participate in the Rule 26(f) conference within seven (7) days.
2. Order Defendant to provide Rule 26(a)(1) initial disclosures within seven (7) days after the Rule 26(f) conference.
3. Grant Plaintiff leave to serve additional interrogatories beyond the limit of twenty-five (25) due to case complexity.
4. Extend Plaintiff's discovery deadlines until Defendant complies.
5. Award Plaintiff reasonable expenses under Rule 37(a)(5).
6. Grant any further relief the Court deems just and proper.

## VI. CONCLUSION

Defendant's failure to respond to Plaintiff's Rule 26(f) request and its filing of the MTC two days later has prevented the Rule 26(f) conference from occurring and has stalled the case. Because the Court has not stayed discovery, Plaintiff respectfully requests that the Court compel Defendant to participate in the Rule 26(f) conference, allow Plaintiff to proceed with discovery, and grant leave to serve additional interrogatories due to the complexity of this matter.

[PROPOSED] ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

JISELLE McKEE,
Plaintiff,

v.

WELLS FARGO BANK, N.A.,
Defendant.

Case No. 1:26-cv-00146

---

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE AND FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

Upon consideration of Plaintiff's Motion to Compel Rule 26(f) Conference and for Leave to Serve Additional Interrogatories, and for good cause shown, it is hereby ORDERED:

1. Defendant shall participate in the Rule 26(f) conference within seven (7) days of the date of this Order.
2. The parties shall exchange Rule 26(a)(1) initial disclosures within seven (7) days after the Rule 26(f) conference.
3. Plaintiff is granted leave to serve additional interrogatories beyond the limit of twenty-five (25), pursuant to Fed. R. Civ. P. 33(a)(1), due to the complexity of the issues in this case.
4. All discovery deadlines shall be extended as necessary to accommodate the completion of the Rule 26(f) conference and initial disclosures.
5. The Court may grant any further relief it deems just and proper.


IT IS SO ORDERED.

Dated: _____


**Hon. Scott P. Klosterman**

**U.S. Magistrate Judge**


CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I submitted the foregoing Motion to the Clerk of Court for filing. Upon electronic filing by the Clerk, the Court's CM/ECF system will automatically serve notice of the filing on all counsel of record.

*Jiselle McKee    6/18/2026*

Jiselle McKee
Plaintiff, Pro Se
7052 Rilley Road
Cheyenne, WY 82009
307-214-0841
jiselle.cash@csuglobal.edu