

**UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING**

JISELLE MCKEE,
Plaintiff,

v.
WELLS FARGO BANK, N.A.,
Defendant.

Case No. 1:26-cv-00146-SWS

---

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff Jiselle McKee respectfully moves for leave to file the attached Sur-Reply in response to Defendant's Reply in Support of Motion to Compel Arbitration and Stay Proceedings (Doc. 18). Good cause exists because Defendant's Reply raises new arguments, new factual assertions, new procedural objections, and introduces new evidence—including a 15-page "Exhibit B" accusing Plaintiff of Rule 11 violations—that were not presented in Defendant's Motion (Doc. 14).

A sur-reply is warranted where a reply brief raises new issues that the non-movant could not have addressed earlier. Defendant's Reply introduces:

• A new Rule 11 accusation
• A new procedural objection under Local Rule 7.1(c)
• New arguments regarding "authorized signer" status
• New arguments regarding judicial estoppel
• New arguments regarding scope of "dispute"
• New factual assertions regarding Plaintiff's education and credibility
• A new claim that Plaintiff "admitted" signing the arbitration agreement personally
• A new 15-page Exhibit B attacking Plaintiff's citations

These issues were not raised in the Motion and require a response to ensure a complete and accurate record.

Plaintiff's proposed Sur-Reply is attached hereto.

A true and correct copy of the new arguments raised in Defendant's Reply is attached as Exhibit A.

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Sur-Reply.

Respectfully submitted,
/s/ Jiselle McKee
Pro Se Plaintiff
Cheyenne, Wyoming
June 23, 2026

---

PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Plaintiff submits this Sur-Reply to address new arguments, new factual assertions, new procedural objections, and new evidence raised for the first time in Defendant's Reply (Doc. 18). Plaintiff could not have addressed these issues in her Opposition (Doc. 15) because they did not exist at the time of filing.

A detailed list of the new arguments appears in Exhibit A.

---

I. Defendant's Reply Raises New Arguments Not Contained in the Motion

Defendant's Motion (Doc. 14) relied solely on the 2014 guardian-capacity signature and the 2014/2025 account agreements. In contrast, Defendant's Reply introduces entirely new theories, including:

• Judicial estoppel based on Plaintiff's breach-of-contract claim
• Binding effect of "authorized signer" status
• A new procedural objection under Local Rule 7.1(c)
• A new assertion that Plaintiff "admitted" signing the arbitration agreement personally
• A new argument that Plaintiff's education level defeats unconscionability
• A new argument that all claims fall within the definition of "dispute"

None of these arguments appear in the Motion.
A sur-reply is therefore appropriate.

---

II. Defendant's Rule 11 Accusation Is Baseless and Requires a Response

Defendant's Reply asserts that Plaintiff's Opposition "misstates the law" and "violates Rule 11," and attaches a 15-page Exhibit B purporting to catalog "misleading citations."

This accusation is false, unsupported, and improper.

A. Plaintiff's citations are accurate and made in good faith

Defendant identifies no fabricated case, no fabricated quote, and no fabricated citation.
Defendant merely disagrees with Plaintiff's interpretation of controlling and persuasive authority.

A disagreement about interpretation is not a Rule 11 violation.

B. Rule 11 applies only to knowingly false statements

Plaintiff's Opposition:

• cites controlling Supreme Court precedent
• cites Tenth Circuit authority
• cites permissible persuasive authority
• accurately quotes the FAA and Wyoming law


Nothing in Plaintiff's Opposition is frivolous or misleading.

C. Defendant's accusation is itself improper

Courts routinely hold that baseless Rule 11 accusations against pro se litigants are improper and may warrant admonishment.

Defendant's accusation appears designed to intimidate Plaintiff and distract from the formation dispute.

The Court should disregard Defendant's Exhibit B entirely.

---

## III. Defendant Fails to Rebut the Four Independent Formation Defects

Defendant's Reply does not cure—and cannot cure—the four independent formation defects raised in Plaintiff's Opposition:

### 1. Guardian-capacity signature (2014)

Plaintiff signed only as parent and guardian, not personally.
Defendant cites no Wyoming authority holding that a guardian-capacity signature binds the guardian personally.

### 2. The minor account was closed

Even if the 2014 signature were valid (it is not), the minor account was closed.
A closed account's contract terminates with the account and cannot bind a customer to arbitration for:

• different accounts,
• later accounts,
• scammer-opened accounts, or
• replacement accounts opened without consent.


### 3. Scammer-opened "Jiselle Premier Checking" account

Defendant does not dispute that Plaintiff did not open this account.
A fraudulent account cannot create contractual obligations.

### 4. Replacement accounts opened on November 26, 2025

Defendant does not dispute that Plaintiff never signed or returned any agreement for the replacement accounts.

Under Granite Rock, First Options, and 9 U.S.C. § 4, these formation disputes require an evidentiary hearing.

---

IV. Defendant's Reply Does Not Address Plaintiff's Statutory Claims

Defendant does not address Plaintiff's claims under:

• EFTA
• FCRA
• GLBA
• Wyoming Consumer Protection Act
• Federal mortgage-data privacy laws


These claims arise from statute, not contract, and cannot be compelled to arbitration absent a valid agreement.

No such agreement exists.

---

V. Defendant Misstates the Scope of the Arbitration Clause

Defendant argues that the definition of "dispute" is broad enough to cover all claims.
This argument fails because:

• scope cannot be reached unless formation is established,
• fraudulent accounts cannot create contractual obligations,
• guardian-capacity signatures cannot bind personally,
• replacement accounts were never accepted,
• statutory claims arise independently of contract.


Scope is irrelevant until formation is proven.

---

VI. Conclusion

Because Defendant's Reply raises new arguments, introduces new evidence, and asserts a baseless Rule 11 accusation, Plaintiff respectfully requests that the Court:

1. Grant leave to file this Sur-Reply,
2. Reject Defendant's Rule 11 accusation,
3. Disregard Defendant's Exhibit B, and
4. Proceed to the mandatory evidentiary hearing under 9 U.S.C. § 4.

Respectfully submitted,

*Jiselle McKee*

/s/ Jiselle McKee
Pro Se Plaintiff
Cheyenne, Wyoming
Jiselle.cash@csuglobal.edu
June 23, 2026