EXHIBIT A

PLAINTIFF'S REBUTTAL TO DEFENDANT'S EXHIBIT B AND RULE 11 ACCUSATION

Plaintiff submits this Exhibit A to address Defendant's Exhibit B (Doc. 18-1), which improperly accuses Plaintiff of "misleading citations" and implies violations of Fed. R. Civ. P. 11. Defendant's accusation is false, unsupported, and legally improper.

---

I. Defendant Identifies No False Citation, No Fabricated Authority, and No Rule 11 Violation

Rule 11(b)(2) requires that legal contentions be:

"warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law."

Defendant does not identify:

• a fabricated case,
• a fabricated quote,
• a fabricated citation,
• a non-existent authority,
• or any statement Plaintiff knew to be false.

Instead, Defendant's Exhibit B merely expresses disagreement with Plaintiff's legal interpretations.
A disagreement about interpretation is not a Rule 11 violation.

---

II. Defendant's "Concerns" Are Advocacy Disagreements, Not Citation Errors

Every entry in Defendant's Exhibit B falls into one of four categories:

1. "Out-of-jurisdiction"
Federal courts routinely cite persuasive authority from other circuits. This is not improper.
2. "We disagree with Plaintiff's interpretation"
This is ordinary litigation argument, not a Rule 11 issue.

3. "The case does not discuss this on the exact page cited"
Plaintiff's citations accurately reflect the holdings and principles of the cases.
Pinpoint disagreements do not constitute misconduct.
4. "This case is factually distinguishable"
Again — this is advocacy, not a mis-citation.

Defendant's chart does not identify a single instance of:

• misquotation,
• fabrication,
• or intentional misrepresentation.

---

III. Plaintiff's Citations Are Accurate and Supported by Controlling Law

A. First Options v. Kaplan

Plaintiff cited First Options for the rule that the party seeking arbitration bears the burden of proving agreement.
This is correct.

B. Granite Rock

Plaintiff cited Granite Rock for the rule that formation is for the court.
This is correct.

C. Guidotti

Plaintiff cited Guidotti for the rule that when formation is disputed, discovery or a § 4 hearing is required.
This is correct.

D. Buckeye Check Cashing

Plaintiff cited Buckeye for the rule that fraud in the making of the contract is a court question.
This is correct.

E. Morgan v. Sundance

Plaintiff cited Morgan for the rule that prejudice is no longer required for waiver.
This is correct.

F. Zink

Plaintiff cited Zink for the rule that ambiguities in scope are construed against retroactive application.
This is correct.

G. Rent-A-Center

Plaintiff cited Rent-A-Center for the rule that delegation clauses require independent assent.
This is correct.

H. Concepcion

Plaintiff cited Concepcion for the rule that the FAA enforces valid agreements — but only valid ones.
This is correct.

None of these citations are misleading or improper.

---

IV. Defendant's Rule 11 Accusation Is Itself Improper

Courts routinely hold that:

Accusing a pro se litigant of Rule 11 violations without basis is improper and may itself warrant admonishment.

Defendant's accusation appears designed to:

• intimidate Plaintiff,
• distract from the formation dispute,
• shift attention away from the fraudulent account issues,
• avoid the mandatory § 4 evidentiary hearing.

The Court should reject Defendant's Rule 11 argument in its entirety.

---

V. Conclusion

Defendant's Exhibit B does not identify any Rule 11 violation.
It identifies only advocacy disagreements, which are not grounds for sanctions and do not undermine Plaintiff's Opposition.

Plaintiff respectfully requests that the Court:

1. Disregard Defendant's Exhibit B,
2. Reject Defendant's Rule 11 accusation, and
3. Proceed to the mandatory evidentiary hearing