Chad S. Caby (Wyo. Bar No. 7-5457)
**WOMBLE BOND DICKINSON (US) LLP**
1601 19th Street, Suite 1000
Denver, CO   80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Chad.Caby@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JISELLE MCKEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:26-cv-00146-SWS |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## WELLS FARGO BANK, N.A.'S MOTION FOR PROTECTIVE ORDER

Pursuant to FED. R. CIV. P. 26(c) and D.C.Wy.L.R. 37.1(d), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") requests a stay of all discovery, including initial disclosures as required by FED. R. CIV. P. 26(a)(1) and conferral as required by FED. R. CIV. P. 26(f) (the "Motion"), until the Court issues a ruling on Wells Fargo's pending Motion to Compel Arbitration and Stay Proceedings (DE 14, the "Motion to Compel Arbitration").

### CERTIFICATION

Undersigned counsel certifies that Wells Fargo conferred in good faith with pro se Plaintiff, Jiselle McKee ("McKee" or "Plaintiff"), regarding the relief sought in this Motion and that Plaintiff does not consent to the requested relief.

1

## INTRODUCTION

Plaintiff McKee, despite Wells Fargo's pending Motion to Compel Arbitration, seeks to proceed with extensive discovery. Through her emails and filings (including DE 12 and DE 17), she stated her intent to request at least the following discovery from Wells Fargo:

- A minimum of **637** requests for admission;

- Production of *over one hundred* categories of documents;

- At least thirteen depositions; and

- "[A]dditional interrogatories beyond the limit of twenty-five (25) due to case complexity." (DE 17 at 3.)

The discovery sought by Plaintiff is disproportionate, particularly given the pending Motion to Compel Arbitration. In the event the case is compelled to arbitration, Plaintiff's requested discovery would likely be superfluous. As such, pursuant to FED. R. CIV. P. 26(c) and in order to prevent undue burden and expense, Wells Fargo requests protection from discovery, including the discovery requested in Plaintiff's Motion to Compel Rule 26(f) Conference and for Leave to Serve Additional Interrogatories Due to Case Complexity (DE 17, "Motion to Compel Rule 26(f) Conference"), until the Court rules on the Motion to Compel Arbitration.

## ARGUMENT

"The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citing FED.R.CIV.P. 26(c)). Further, "It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir.

1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 165–66, 81 L. Ed. 153 (1936)).

"A court may issue a protective order upon a showing of good cause, with the party seeking protection bearing the burden of proof." *Tri Cnty. Tel. Association, Inc. v. Campbell*, No. 17-CV-089-F, 2018 WL 10399884, at *2 (D. Wyo. Apr. 17, 2018) (citing FED. R. CIV. P. 26(c) and *S.E.C. v. Goldstone*, 301 F.R.D. 593, 645 (D.N.M. 2014)). "The good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise." *Id.* (internal citations omitted).

And, until this Motion for Protective Order is ruled on, no discovery shall be permitted. The Local Rules state:

> The filing of a motion under any of these referenced Federal Rules of Civil Procedure [including FED. R. CIV. P. 26(c)] shall stay the discovery to which the motion is directed pending further order of the Court.

D.C.Wy.L.R. 37.1(d).

Wells Fargo filed a Motion to Compel Arbitration and Motion to Stay Proceedings (DE 14, "Motion to Compel Arbitration"). If granted, the litigation will be removed from the District Court and conducted pursuant to the American Arbitration Association's Consumer Arbitration Rules.[1] The parties' discovery obligations under the Consumer Arbitration Rules differ significantly from their obligations under the Federal Rules of Civil Procedures. For example, the AAA Consumer Rules do not require initial disclosures as set forth in FED. R. CIV. P. 26(a)(1), nor do they require a discovery conference as set forth in FED. R. CIV. P. 26(f). Typically, discovery in consumer arbitrations is more limited in the name of increased efficiency. *See Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*, 12 F.4th 1212, 1230 (10th Cir. 2021) (explaining "extensive discovery

---

[1] https://www.adr.org/media/yawntdvs/2025_consumer_arbitration_rules.pdf

3

could undermine much of the advantage of arbitration"); citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31, 111 S.Ct. 1647, 114 L.Ed. 2d 26 (1991) ("Although [discovery] procedures [in arbitration] might not be as extensive as in the federal courts, by agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." (internal quotation marks omitted)).

Here, despite the pending Motion to Compel Arbitration, Plaintiff insists on expeditiously pursuing discovery. After Wells Fargo filed the Motion to Compel Arbitration, Plaintiff filed her Motion to Compel Rule 26(f) Conference and for Leave to Serve Additional Interrogatories Due to Case Complexity. The motion requests an order requiring Wells Fargo to participate in a Rule 26(f) Conference within seven days. Critically, the discovery Plaintiff seeks in this lawsuit would either overlap with discovery in arbitration, or more likely would grossly exceed the discovery permitted in arbitration. *See Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, No. CIV.A. 11-2681-KHV, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012) ("There is potential for wasted resources if the previously conducted discovery is not allowed by the arbitrator.").

Through email, Plaintiff referred to this litigation as "a high volume discovery case" and stated that she intends to request the following discovery from Wells Fargo:

- At least **637** requests for admission;

- Production of over one hundred categories of documents;

- At least thirteen depositions, and

- "[A]dditional interrogatories beyond the default 25."

Sister courts within the Tenth Circuit have granted motions to stay discovery while motions to compel arbitration were pending, recognizing the importance of avoiding futile and overly burdensome discovery. *See e.g., Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp.

4

2d 1277, 1280 (D. Colo. 2004) ("[T]he interests of judicial economy would be advanced by staying discovery in this action pending a decision on Defendant's" motion to dismiss and compel arbitration.); *Max Software, Inc. v. Computer Assocs. Int'l, Inc.*, 364 F. Supp. 2d 1233, 1238 (D. Colo. 2005); *Q.R. by & through Doe v. Multi Media, LLC*, No. 25-1094-HLT-BGS, 2025 WL 2430541, at *5 (D. Kan. Aug. 22, 2025); *Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, No. CIV.A. 11-2681-KHV, 2012 WL 1253265, at *2–3 (D. Kan. Apr. 13, 2012) (noting that a stay may be appropriate if conducting discovery would be "wasteful and burdensome" and finding that "protecting the resources of the parties and the judiciary outweighs Plaintiffs' interest in beginning discovery before the resolution of Defendant's Motion to Dismiss or Stay and Compel Arbitration").

Based on Plaintiff's own statements regarding discovery requiring Wells Fargo to participate in discovery prior to a ruling on the Motion to Compel Arbitration would be extremely burdensome and costly. The requested discovery would likely not ultimately be permitted in arbitration, and regardless, Plaintiff can prove no burden caused by waiting to conduct discovery until the Court issues its ruling. As such, good cause exists for the entry of a protective order staying discovery until the Court rules on the pending Motion to Compel Arbitration. And until the Court rules on this Motion for Protective Order, all discovery shall be stayed pursuant to D.C.Wy.L.R. 37.1(d).

## CONCLUSION

For the reasons set forth above, Wells Fargo respectfully requests the Court to grant its Motion for Protective Order, staying discovery until the Court rules on Wells Fargo's Motion to Compel Arbitration.

5

Submitted this 24th day of June, 2026.

WOMBLE BOND DICKINSON US LLP

*/s/Chad S. Caby*
Chad S. Caby
(Wyo. Bar No. 7-5457)
1601 19th St., Suite 1000
Denver, CO  80202
Telephone: 303-628-9583
Email:  chad.caby@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 24, 2026, the foregoing **WELLS FARGO'S MOTION FOR PROECTIVE ORDER** and **PROPOSED ORDER** were electronically filed via CM/ECF and placed in the U.S. Mail, postage prepaid and address to the following:

Jiselle McKee
7052 Rilley Road
Cheyenne, WY 82009

*s/ Jennifer Eastin*
Of Womble Bond Dickinson (US) LLP

7