Chad S. Caby (Wyo. Bar No. 7-5457)
**WOMBLE BOND DICKINSON (US) LLP**
1601 19th Street, Suite 1000
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
Chad.Caby@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| JISELLE MCKEE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:26-cv-00146-SWS |

**WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully submits this Reply in further support of its Motion for Protective Order ("Motion").

## INTRODUCTION

Plaintiff's Opposition (DE 22) confirms the need for a protective order. Wells Fargo seeks a temporary stay of discovery obligations pending resolution of its Motion to Compel Arbitration. Rather than address that narrow request, Plaintiff confirms her intent to "pursue high-volume discovery" and further expand the scope of her proposed discovery requests. This proposed scope establishes good cause for a temporary stay and demonstrates why discovery should begin *after* the Court resolves the threshold question of arbitrability. Allowing

full merits discovery to proceed before resolving arbitrability would undermine the purpose of arbitration and defeat the efficiencies it is designed to provide.

## ARGUMENT

### I. The Motion Does Not Attempt to Avoid Wells Fargo's Discovery Obligations.

Plaintiff's Opposition suggests Wells Fargo is attempting to avoid discovery obligations altogether. That is incorrect. Wells Fargo seeks a limited procedural pause in discovery until the Court decides the pending Motion to Compel Arbitration. If arbitration is compelled, the case will proceed under materially different procedures, including a different discovery framework. Regardless, discovery will proceed in some form.

Courts routinely address arbitrability before requiring parties to engage in full discovery because arbitrability is a threshold issue that may dispose of, or fundamentally alter, the litigation. Staying discovery pending such a ruling promotes judicial economy and prevents unnecessary expense. *See Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, No. CIV.A. 11-2681-KHV, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012) ("There is potential for wasted resources if the previously conducted discovery is not allowed by the arbitrator.").

Plaintiff's Opposition does not dispute that arbitrability is currently before the Court. Nor does Plaintiff explain why merits discovery should proceed before that dispositive issue is resolved. Instead, Plaintiff attempts to transform a narrow sequencing motion into a broader dispute about the scope of discovery later in the case. That argument misses the point. The only issue is when discovery should proceed, not the ultimate scope of discovery.

### II. The Extraordinary Scope of Plaintiff's Proposed Discovery Establishes Good Cause for a Protective Order.

As Plaintiff notes, a party seeking a protective order must show good cause. *Robinson v. Rimex, Inc.*, No. 17-CV-166-NDF, 2019 WL 13260372, at *2 (D. Wyo. Jan. 30, 2019) ("In the

Tenth Circuit, the 'good cause' standard under Rule 26(c) is 'highly flexible, having been designed to accommodate all relevant interests as they arise.' *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (citing *United States v. Microsoft Corp*., 165 F.3d 952, 959 (D.C. Cir. 1999)). That standard is satisfied here. Plaintiff confirms that she "intends to pursue high-volume discovery" (Opposition at 5) and provides many additional categories of documents which she alleges are relevant to her claims, including "Evidence [Which] Is Held Across Multiple Separate Wells Fargo Departments." Opposition at 2. This admission confirms that requiring Wells Fargo to begin discovery now—before the Court decides whether the case belongs in arbitration—would impose a significant and unnecessary burden on Wells Fargo. *See e.g., Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("[T]he interests of judicial economy would be advanced by staying discovery in this action pending a decision on Defendant's" motion to dismiss and compel arbitration.); *Ocasek v. Hegglund*, 116 F.R.D. 154, 161 (D. Wyo. 1987) (granting motion for protective order in response to unduly burdensome and expensive discovery requests).

**III. Local Rules and Controlling Case Law Support a Stay Pending Arbitrability.**

Both the Local Rules and governing case law support Wells Fargo's request. First, D.C.Wy.L.R. 37.1(d) provides that the filing of a motion under Rule 26(c) stays the discovery to which the motion is directed pending further order of the Court. The Motion is directed at all discovery. The purpose of the rule is to prevent precisely what Plaintiff seeks—forcing parties to proceed with discovery while a motion seeking protection from that discovery is pending. Plaintiff's argument that there is "nothing to stay" (Opposition at 2) ignores initial obligations under Rule 26(a) and Rule 26(f), not to mention the written discovery which would undoubtedly follow. Without a stay, Wells Fargo would be compelled to begin these processes immediately, despite the pending arbitrability motion.

Second, courts within the Tenth Circuit recognize that staying discovery while a motion to compel arbitration is pending promotes efficiency and avoids unnecessary burden. As Wells Fargo previously demonstrated, courts stay discovery where proceeding would risk wasted effort and duplicative proceedings if arbitration is later compelled. Those same concerns are present here. If the Court compels arbitration, discovery may proceed in a materially different and likely more limited form. Requiring the parties to conduct broad discovery now, prior to a ruling on the Motion to Compel Arbitration, risks duplication, inefficiency, and significant expense.

**IV. A Temporary Stay is the Most Efficient and Equitable Course.**

The balance of equities strongly favors a stay of all discovery until the Court rules on the Motion to Compel Arbitration, because:

- A stay would have minimal impact on Plaintiff. Plaintiff identifies no concrete harm from waiting to begin discovery, and indeed, there is no danger of the destruction of evidence or any other harm.
- Requiring the parties to proceed with merits discovery would place a substantial and unnecessary burden on Wells Fargo. As discussed above, the proposed discovery sought from Wells Fargo would be expansive, costly, and potentially unnecessary.
- Judicial economy favors a stay. Resolving arbitrability prior to initiation of discovery may prevent the need for additional discovery-related motions. Based on the proposed scope of discovery outlined by Plaintiff, Wells Fargo may need to file additional motions to limit Plaintiff's requests.

## CONCLUSION

The threshold issue of arbitrability should be resolved before discovery begins. Because Wells Fargo seeks only a *temporary* stay to ensure efficient sequencing of the proceedings, and because Plaintiff's own statements establish the substantial burden of her proposed discovery to

Wells Fargo, good cause exists under Rule 26(c) for entry of a temporary stay. Accordingly, Wells Fargo respectfully requests that the Court grant its Motion for Protective Order and stay discovery pending resolution of the Motion to Compel Arbitration.

Submitted this 2nd day of July, 2026.

WOMBLE BOND DICKINSON US LLP

*/s/ Chad S. Caby*
Chad S. Caby
(Wyo. Bar No. 7-5457)
1601 19th St., Suite 1000
Denver, CO 80202
Telephone: 303-628-9583
Email: chad.caby@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 2, 2026, the foregoing **WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** was electronically filed via CM/ECF and placed in the U.S. Mail, postage prepaid and address to the following:

Jiselle McKee
7052 Rilley Road
Cheyenne, WY 82009

*s/ Chad S. Caby*
Of Womble Bond Dickinson (US) LLP