**IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING**

JISELLE MCKEE,
Plaintiff,

v.
WELLS FARGO BANK, N.A.,
Defendant.

Civil Case No. 1:26-cv-00146-SWS

---

PLAINTIFF'S CONSOLIDATED MOTION TO PRESERVE EVIDENCE

Plaintiff Jiselle McKee respectfully moves this Court for an order compelling Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to preserve all electronically stored information ("ESI"), records, logs, metadata, video, internal communications, and all other materials relevant to Plaintiff's fraud claims, ATM deposit, duress withdrawal, identity-theft indicators, account history, mortgage-data access, and Wells Fargo's handling of these matters. Wells Fargo has already altered relevant evidence after litigation commenced, and its extensive pre-litigation irregularities demonstrate a substantial, ongoing risk of spoliation.

---

I. INTRODUCTION

Wells Fargo removed Plaintiff's fraud claims from her online banking interface after this lawsuit was filed, eliminating access to claim history, denial reasons, closure dates, and documentation. This constitutes post-litigation alteration of evidence.

Additionally, Wells Fargo's pre-litigation conduct includes:

• Backdating claim submission dates
• Premature claim closures
• Recording false denial reasons
• Misclassifying a cash deposit as a check deposit
• Ledger manipulation

- Teller-level failures
- Missing branch lobby and parking-lot video
- Failure to comply with a judge-signed search warrant
- Failure to produce required ATM records
- Unauthorized mortgage-data access
- Misclassification of Plaintiff's income
- Removal of Plaintiff's access to closed accounts despite written request
- Mailing Plaintiff another customer's fraud-claim denial and private information
- Contradictory statements across sixteen categories
- Batch closures of CFPB complaints
- Missing Apple Wallet authentication data
- Missing ATM maintenance logs
- Missing ATM settlement records
- Missing teller-override logs
- Missing ECMO escalation records
- Missing SAGE system flags
- Missing Privacy Center access logs
- Missing Legal Department warrant-response logs
- Missing Executive Office escalation notes
- Missing mortgage-system access logs
- Missing internal messaging records (Teams/Slack)
- Missing call recordings
- Missing CRM notes
- Missing fraud-department escalation logs
- Missing ATM device-authentication logs
- Missing DPAN/tokenization records
- Missing account-opening records for the scammer-opened "Jiselle Premier Checking" account
- Missing account-closure and reopening records for November 26, 2025
- Missing ATM error-code logs
- Missing ATM exception reports
- Missing ATM balancing reports
- Missing ATM cash-handling chain-of-custody documentation

These failures demonstrate that Wells Fargo's recordkeeping practices cannot be relied upon without judicial intervention.

---

II. FACTUAL BASIS FOR PRESERVATION ORDER

A. Post-Litigation Removal of Fraud Claims

As of July 2026, Plaintiff's Wells Fargo mobile application displayed:

"Open (0)… Closed (0)… 'You don't have any open claims right now.'"

Both fraud claims — previously visible as closed — disappeared entirely after Plaintiff filed suit.

This constitutes post-litigation spoliation.

---

B. Pre-Litigation Irregularities Demonstrating Systemic Record Integrity Problems

1. Backdating of Fraud Claims

Wells Fargo recorded Plaintiff's April 1, 2026 submissions as March 31, 2026.

2. Premature Claim Closures

Wells Fargo closed claims within 24 hours, without investigation, during an active criminal investigation.

3. False Denial Reason

Wells Fargo recorded:

"Don't remember this transaction."

Despite Plaintiff repeatedly stating the withdrawal was made under duress.

4. Misclassification of Cash Deposit as Check Deposit

Wells Fargo repeatedly labeled the $17,800 cash ATM deposit as a check deposit.

5. Ledger Manipulation

The Sheriff's report confirms:

- Ledger entries changed
- Dates changed
- Descriptions changed
- Transfer labels changed

6. Teller-Level Failures

Teller Sarah:

- Reinforced scammer's script
- Failed to activate fraud protocols
- Failed to offer safer alternatives
- Processed a high-risk withdrawal without question

7. Missing Branch Lobby & Parking-Lot Video

Wells Fargo failed to produce:

- Lobby video
- Teller-lane video
- Parking-lot video

8. Search Warrant Noncompliance

Wells Fargo:

- Denied the warrant existed
- Denied its own reference number
- Produced only partial video
- Withheld required ATM records

9. Missing ATM Records

Missing:

- EJ logs

- Cassette totals
- Access logs
- Error codes
- Reconciliation reports
- Chain-of-custody documentation
- Apple Wallet authentication data
- ATM maintenance logs
- ATM settlement records

10. Unauthorized Mortgage-Data Access

Evidence shows:

- Mortgage marketing emails in 2022
- IRS SSN misuse notice in 2023
- Insider breach during same period
- Wells Fargo refuses to confirm access

11. Misclassification of Plaintiff's Income

Wells Fargo:

- Labeled Plaintiff "unemployed/on benefits"
- Misclassified contractor pay
- Caused deposit rejections

12. Removal of Access to Closed Accounts

Despite written request, Wells Fargo removed Plaintiff's access to closed accounts needed for tax records.

13. Mailing Plaintiff Another Customer's Fraud-Claim Denial

Wells Fargo mailed Plaintiff:

- Another customer's fraud-claim denial
- Another customer's private account information

14. Contradictory Statements Across Sixteen Categories

Contradictions include:

- Warrant existence
- ATM deposit existence
- Teller procedures
- Fraud-department statements
- Ledger entries
- Privacy statements
- Mortgage records
- Income classification
- ATM traceability
- Timeline accuracy
- Investigation completeness
- Escalation records
- CFPB responses
- Branch instructions
- Account nickname existence
- Internal record access

15. CFPB Batch Closures

Wells Fargo batch-closed:

- 43 complaints
- 38 complaints

16. Missing Apple Wallet Authentication Data

Missing:

- DPAN
- Tokenized card number
- Device ID
- Authentication logs

• ATM session linkage

17. Missing SAGE System Records

Missing:

• Account flags
• Automated decisioning logs
• Risk scores
• System-generated alerts

18. Missing ECMO Records

Missing:

• Executive escalation notes
• Complaint-handling logs
• Internal communications

19. Missing Legal Department Records

Missing:

• Warrant-response logs
• Subpoena logs
• Litigation-hold compliance records

20. Missing Internal Messaging Records

Missing:

• Teams
• Slack
• Internal chat logs

21. Missing Call Recordings

Missing:

- Fraud-department calls
- Executive Office calls
- Privacy Center calls

22. Missing CRM Notes

Missing:

- Customer-service notes
- Fraud-department notes
- Branch-level notes

23. Missing Account-Opening Records

Missing:

- Scammer-opened "Jiselle Premier Checking" account records
- November 26 account-closure records
- November 26 account-reopening records

24. Missing Teller-Override Logs

Missing:

- Override codes
- Teller-level approvals
- Teller-level flags

25. Missing ATM Error-Code Logs

Missing:

• Error codes
• Exception reports
• Balancing reports

---

III. LEGAL STANDARD

Federal courts have inherent authority to order preservation of evidence when:

1. The party controls relevant evidence;
2. There is a credible risk of destruction or alteration;
3. The evidence is essential to the litigation.

All factors are present here.

---

IV. REQUESTED PRESERVATION CATEGORIES

Plaintiff requests an order requiring Wells Fargo to preserve:

• Fraud claim records
• ATM records
• Ledger & account records
• Branch video
• Electronically stored information
• Internal communications
• Audit trails
• System-level change documentation
• Mortgage-system records
• Privacy-center records
• Income-misclassification records
• Records related to mailing another customer's fraud claim
• SAGE system records
• ECMO records
• Legal Department records
• Internal messaging records

- Call recordings
- CRM notes
- Teller-override logs
- ATM error-code logs
- Account-opening records
- Account-closure/reopening records

---

## V. PROPOSED ORDER

Plaintiff requests that the Court order Wells Fargo to:

1. Preserve all evidence listed above;
2. Suspend any routine deletion, overwriting, or modification of relevant ESI;
3. Preserve all audit trails and metadata;
4. Issue and confirm a litigation hold;
5. Refrain from altering Plaintiff's claim records in any way;
6. Preserve all logs showing removal of Plaintiff's claims post-litigation;
7. Preserve all ATM records required under federal law;
8. Preserve all mortgage-system access logs;
9. Preserve all privacy-center records;
10. Preserve all teller-level and branch-level video;
11. Preserve all internal communications related to Plaintiff's claims.

---

## VI. CONCLUSION

Wells Fargo has already removed Plaintiff's fraud claims after litigation began, and its extensive pre-litigation irregularities — including misclassification, ledger manipulation, warrant noncompliance, ATM-record withholding, contradictory statements, unauthorized data access, teller-level failures, and mailing Plaintiff another customer's confidential fraud-claim information — demonstrate a pattern of conduct that places the integrity of its records in serious doubt.

A preservation order is necessary to prevent further loss or alteration of evidence essential to this case.

---

NOTICE OF SERVICE

Plaintiff hereby gives notice that a true and correct copy of this Motion to Preserve Evidence will be served on Defendant's counsel of record via CM/ECF electronic filing, which automatically sends notice to all registered counsel, and via U.S. Mail to:

Chad S. Caby
Womble Bond Dickinson (US) LLP
1601 19th Street, Suite 1000
Denver, CO 80202
Chad.Caby@wbd-us.com

---

CERTIFICATE OF SERVICE

I certify that on July 16, 2026, I filed the foregoing Motion to Preserve Evidence with the Clerk of Court for the District of Wyoming. The CM/ECF system will automatically send notice of filing to all counsel of record. A copy was also mailed to Defendant's counsel at the address listed above.

Jiselle Mckee

/s/ Jiselle McKee
Jiselle McKee
7052 Rilley Road
Cheyenne, WY 82009
Jiselle.cash@csuglobal.edu
Plaintiff, Pro Se

Dated: July 16, 2026